# Exhibit 29

11/22/2021

# Task Force on Outside Activities

Final Report



Submitted to University of Florida President Kent Fuchs

**Introduction.**

On November 5, 2021, President Kent Fuchs announced to the university community the formation of a task force to "review UF's practice regarding requests for approval of outside activities involving potential conflicts of interest and conflicts of commitment." He continued, "In particular, the task force will make a recommendation to me on how UF should respond when employees request approval to serve as expert witnesses in litigation in which their employer, the state of Florida, is a party. I'm asking the task force to provide me with a preliminary recommendation by Monday, November 29."

In the same memo, he announced the members of the task force:

- Joe Glover – Provost and Chief Academic Officer, Task Force Chair
- Katie Vogel Anderson – Clinical Associate Professor, College of Pharmacy (former Faculty Senate Chair)
- Hub Brown – Dean, College of Journalism and Communications
- Clay Calvert – Professor of Law and Professor of Journalism and Communications, Brechner Eminent Scholar and Director, Marion B. Brechner First Amendment Project
- Terra DuBois – Chief Compliance, Ethics & Privacy Officer, UF
- John Kraft – Professor and Susan Cameron Chair of International Business, Warrington College of Business
- Laura Rosenbury – Dean, Levin College of Law

To preserve the historical record, we note that in the same November 5 memo, President Fuchs also announced: "Without prejudice regarding the task force recommendations, I have also asked UF's Conflicts of Interest Office to reverse the decisions on recent requests by UF employees to serve as expert witnesses in litigation in which the state of Florida is a party and to approve the requests regardless of person compensation, assuming the activity is on their own time without using university resources."

**The Task Force Charge.**

The Task Force understood its charge to recommend "how UF should respond when employees request approval to serve as expert witnesses in litigation in which their employer, the state of Florida, is a party." Task Force members have focused considerable attention and effort on this charge. In general, the recommendations contained in this report are narrowly constructed to address the charge as stated. There are some recommendations that stray beyond the charge, but these arose from recommendations developed to address the charge that seem to have more general applicability.

In the course of their work, Task Force members became aware that some members of the university community believe the Task Force was charged with investigating the circumstances that led to its formation. At no time was this Task Force asked to do any sort of investigation.

When a faculty member wishes to serve as an expert witness in litigation in which their employer, the State of Florida, is a party, the faculty member is required to disclose that activity to the university. The disclosure in the UFOLIO system initiates an internal analysis to determine whether the activity poses a conflict of interest. The Task Force asked two questions about this analysis. First, does the university policy that underlies and informs this analysis need revision? Thanks largely to the participation of two legal scholars on the Task Force, we were able to have a nuanced discussion of First Amendment

principles and how they can and should apply in this context.  The Policy Recommendations section below contains the fruits of that discussion.  There was unanimous agreement among the members of the Task Force to forward these recommendations.

The second question the Task Force asked is the following.  Does the university <u>process</u> that underlies and informs the analysis need revision?  The Process Recommendations section below contains several suggestions for improving the transparency of the process, faculty participation in the process, and the opportunity to appeal decisions.  There was unanimous agreement among the members of the Task Force to make these recommendations.

**Policy Recommendations.**

The Task Force recommends adopting a policy that does the following:

- Publicly affirms the academic freedom of faculty when performing their duties as teachers and scholars;

- Publicly affirms the free speech rights of faculty and staff to comment on matters of public concern set forth by the First Amendment to the U.S. Constitution and Article I, Section 4 of the Florida Constitution;

- Clarifies that such comments, including those to the media, are not reportable as outside activities when made by faculty and staff in their capacities as individual citizens and not on behalf of another person or entity;

- Emphasizes that comments on matters of public concern become reportable outside activities, subject to university review for potential conflicts of interest or conflicts of commitment, as defined in UF policy and the Collective Bargaining Agreement between the UF Board of Trustees and the United Faculty of Florida, when faculty and staff seek to testify as expert witnesses on behalf of a party in litigation;

- Establishes a strong presumption that the university will approve faculty or staff requests to testify as expert witnesses, in their capacities as private citizens, in all litigation in which the State of Florida is a party, regardless of the viewpoint of the faculty or staff member's testimony and regardless of whether the faculty or staff member is compensated for such testimony.  This presumption is particularly important in cases that challenge the constitutionality, legality, or application of a Florida law;

- Imposes a heavy burden on the university to overcome the strong presumption set forth above, such that requests to serve as expert witnesses in litigation in which the State of Florida is a

party may be denied only when clear and convincing evidence establishes that such testimony would conflict with an important and particularized interest of the university, which the university must set forth and explain in writing.  A general assertion that such testimony is a conflict of interest is insufficient to rebut the strong presumption in favor of such testimony. Additionally, an undifferentiated fear or apprehension of harm resulting from a conflict is insufficient to rebut the strong presumption in favor of such testimony; and

- Preserves the university's ability to deny requests to serve as expert witnesses when those requests, along with other outside activities, would cumulatively amount to a conflict of commitment.

**Process Recommendations.**

The Task Force recommends the following steps to increase transparency in the decision-making process and to include faculty perspectives.

- Create a Provost's Advisory Committee charged with reviewing proposed denials of requests to serve as expert witnesses in litigation in which the State of Florida is a party, as well as any other proposed denials submitted at the discretion of the COI Program staff.  The Committee will provide a documented recommendation to the Provost, who will make the final determination.
  (While the university COI review process may be further served by *requiring* the Provost's Advisory Committee to review *all* proposed denials of outside activity disclosures, consideration of that expanded scope is beyond the task force's charge and is not necessary to implement the proposed policy revisions within the scope of the task force's charge.)
    - **Standing vs. ad hoc committee** – The task force recommends that a standing committee be created, as it provides stability through regular meetings, consistent membership with voting rights, and established structure.
    - **Composition** – The task force recommends a balanced committee including both faculty and UF administrators from across the university enterprise. Faculty members shall be nominated by the Faculty Senate and appointed by the Provost. Administrators shall be appointed by the President.  In making the appointments, the President, the Provost, and the Faculty Senate shall seek to ensure a diversity of voices drawn from among the tenured and non-tenured ranks of the faculty, including representation from UF Health, IFAS, and E&G units.
    - **Terms** – Faculty committee members shall serve three-year terms with staggered term expiration dates. Administrative committee members shall serve in an ex officio capacity.
    - **Scope** – The task force recommends the committee be charged with reviewing proposed denials of requests to serve as expert witnesses in litigation in which the State of Florida is a party, as well as any other proposed denials submitted at the discretion of the COI Program staff.  The committee will provide a documented recommendation to the Provost, who will make the final determination.

- o **Required Consultations** - The Dean of each college shall designate a faculty representative to serve as a dedicated COI consultant. In reviewing matters before it, the Provost's Advisory Committee must confer with the COI consultant representing the requester's college.
- o **Staff** – The task force recommends the committee be staffed by representatives from the COI Program office.

- **Appeal Process.** Revise the COI regulation and policies to include an appeal process for all denials of requests to engage in an outside activity. The task force offers the following appeal process as an example:
  - o Within 30 calendar days of a denial of any request to engage in an outside activity, the requester may appeal in writing to an appeals panel. Such a panel may include the Faculty Senate Chair, Provost, Senior Vice President for Health Affairs, Senior Vice President for IFAS, and the Vice President for Research.
  - o The panel's decision will be final and may be grieved in accordance with an applicable grievance procedure.

- Revise the operating procedures of the COI Program office to increase transparency in its process. Specifically, the COI Program should:
  - o Revise procedures to include a requirement that all consultations with university subject matter experts that significantly contribute to the COI Program office's determination about an outside activities disclosure are documented within the UFOLIO system.
  - o Require that all disapprovals of disclosures reviewed by supervisors, the COI Program, and ancillary reviewers, include specific reasoning for the disapproval with sufficient detail.