UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHARON WRIGHT AUSTIN, *et al.*,

    *Plaintiffs*,

v.

UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES, *et al.*,

    *Defendants*.

Case No.: 1:21-cv-00184-MW-GRJ

## SECOND DECLARATION OF RYAN FULLER

I am Ryan Fuller, Associate Vice President and Deputy General Counsel, University of Florida ("UF").

1. Attached hereto as Exhibit 1 is a true and correct copy of UF's current policy on Conflicts of Commitment and Conflicts of Interest. In early December, the policy was revised to include, in footnote 1, the proviso that "[t]his Policy is subject to the recommendations of the UF Task Force on Outside Activities that were approved by President Fuchs on November 23, 2021."

2. The policy on Outside Activity and Conflict of Interest in Article 26 of the Collective Bargaining Agreement between the University of Florida Board of Trustees and the United Faculty of Florida, 2021-2024, is being and will be applied the same way. The Task Force recommendations approved by President Fuchs now

govern the application of the Article 26 policy.

3. Attached hereto as Exhibit 2 is a chain of emails exchanged in July 2020 between Dean Laura Ann Rosenbury of the UF Levin College of Law and certain faculty members, including Professor Kenneth B. Nunn. The emails concern, among other things, the *amicus* brief that Professor Nunn wished to join at that time. By email dated July 12, 2020, Dean Rosenbury advised Professor Nunn that she had confirmed that UF "will approve this activity" and that the brief may include his UF affiliation provided that it also indicates his "law school or university affiliation is included for identification purposes only."

4. The guidance given by Dean Rosenbury to Professor Nunn was then, and continues to be, UF's policy. When a UF faculty member receives approval to join an *amicus* brief, the brief may identify that person as a University of Florida faculty member, and include his or her title, so long as the *amicus* brief also indicates that the affiliation is provided for purposes of identification only.

5. The same day that Dean Rosenbury emailed Professor Nunn, July 12, 2020, UF approved through the UFOLIO system the outside activity requests submitted by Professor Nunn and by Professor Teresa J. Reid. True and correct copies of the approval notices are attached hereto as Exhibits 3 and 4. The approval notices confirmed that the *amicus* brief could identify Professor Nunn and Professor Reid as UF professors. In comments written by Dean Rosenbury, both approval

notices state: "Please ensure that the amicus brief clearly indicates that any law school or university affiliation is included for identification purposes only."

6. Plaintiffs have submitted the email chain discussed above in paragraph 3 as an exhibit, but that exhibit omits the last two emails between Dean Rosenbury and Professor Nunn, including the one in which the Dean informed Professor Nunn that the *amicus* brief may include his UF affiliation. *See* Doc. 31-4.

7. None of the Plaintiffs in this case has a pending request for approval of an outside activity.

8. On November 5, 2021, UF approved three outside activity requests submitted by Plaintiff Goldhagen on August 11 (two requests) and September 27, 2021, and previously denied by UF. Each approval stated that the previous decision was "reversed per President Fuchs' directive on November 5, 2021." Each request involved a request to perform legal consulting.

9. On November 16, 2021, Plaintiff Goldhagen submitted a new outside activity request through the UFOLIO system. UF approved the request on November 23, 2021. The request involved a request to perform voluntary service as the head of an organization that addresses pediatrics issues.

10. On December 7, 2021, Plaintiff McDonald submitted a new outside activity request through the UFOLIO system. On December 8 and December 10, 2021, UF approved the request. The request involved a request to perform legal

3

consulting for which Professor McDonald would be compensated.

11. Attached as Exhibit 5 is a true and correct copy of the Brief of Appellees Dr. Hoover and Texas Faculty Association in *Hoover v. Morales*, No. 97-50734 (5th Cir.) as found on Westlaw.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on December 17, 2021.

*Ryan Fuller*
Ryan Fuller