# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHARON WRIGHT AUSTIN, MICHAEL     :
MCDONALD, AND DANIEL A. SMITH,     :
JEFFREY GOLDHAGEN, TERESA J. REID,     :
and KENNETH B. NUNN,     :       1:21-cv-00184-MW-GRJ
    :
          Plaintiffs,     :
    :
     v.     :
    :
UNIVERSITY OF FLORIDA BOARD OF     :
TRUSTEES, the public body corporate acting for   :
and behalf of the University of Florida, W. KENT   :
FUCHS, in his official capacity as President of the   :
University of Florida, JOSEPH GLOVER, in his     :
official capacity as Provost of the University of     :
Florida, and LAURA ROSENBURY, in her     :
official capacity as Dean of the Fredric G. Levin     :
College of Law,     :
    :
          Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## SECOND DECLARATION OF JEFFREY GOLDHAGEN

I, Jeffrey Goldhagen, hereby declare and state as follows:

1.      I submit this declaration to respond to Defendants' repeated

assertion, in both their briefing and argument before this Court, that the

denial of my requests to participate in litigation challenging the ban on mask mandates in schools had no impact on me.[1]

2.    I have been a proud member of the University of Florida (the "University") faculty for nearly thirty years.  For most of that time, the University steadfastly encouraged and supported me and other faculty members in promoting public health measures worldwide.  That is, after all, part of the University College of Medicine's stated mission to "provide leadership to the state of Florida, the nation and the world in efforts to promote health[.]"[2]

3.    In denying my requests to participate in litigation on an issue that is fundamental to pediatric health simply because it was adverse to the State's political interests, Defendants made it painfully clear to me that I could no longer count on the University to partner with me in advocating for children's health and wellbeing.  Rather than leading the State in public health matters, the University was clearly more interested in following partisan political winds to protect its funding.

4.    Therefore, after receiving the denials, I began to take steps to secure part-time employment independent of the University at another

---

[1]      Pls' Br. in Opp. to Mot. for Prelim Injunction, ECF No. 43, at 6; Jan. 7, 2022 Hearing, Tr. 83:23-84:5.

[2]      *About*, UNIV. OF FLA. COLLEGE OF MED., https://med.ufl.edu/about/.

institution where I knew that I would be free to continue my advocacy work without fear of censorship or discipline. I am currently finalizing negotiations for my employment. If I accept the position, I plan to continue my employment with the University on a part-time basis to focus on my clinical work.

5.     Nevertheless, as long as the University retains discretion to decide which viewpoints it will allow its faculty to express in public fora, I believe that I am at risk of having my speech suppressed. I expect that if I continue to follow my conscience and speak despite the University's prohibitions, I will face professional consequences that may include termination of my decades-long employment with the University.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and accurate.

Executed on January 13, 2022.

Jeffrey Goldhagen, M.D.