**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHARON WRIGHT AUSTIN, MICHAEL          :
MCDONALD, DANIEL A. SMITH, JEFFREY     :
GOLDHAGEN, TERESA J. REID, and         :
KENNETH B. NUNN,                       :          1:21-cv-00184-MW-GRJ
                                       :
            Plaintiffs,                :
                                       :
      v.                               :
                                       :
UNIVERSITY OF FLORIDA BOARD OF         :
TRUSTEES, the public body corporate acting for :
and on behalf of the University of Florida; W. :
KENT FUCHS, in his official capacity as :
President of the University of Florida; JOSEPH :
GLOVER, in his official capacity as Provost of :
the University of Florida; and LAURA   :
ROSENBURY, in her official capacity as Dean of :
the Fredric G. Levin College of Law,   :
                                       :
            Defendants.                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## JOINT REPORT OF RULE 26(f) CONFERENCE

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Order

(ECF No. 25), the Parties submit the following report of their case management

conference.

1.      **Meeting of the Parties:**  The following counsel for the Parties

participated in the Rule 26(f) conference by telephone on January 3, 2022:

a. David O'Neil, Morgan Davis, Jaime Freilich-Fried, Samuel Rosh, Soren Schwab, Alexandra Swain, Katharine Witteman, Paul Donnelly, and Conor Flynn representing Plaintiffs Sharon Wright Austin, Michael McDonald, Daniel A. Smith, Jeffrey Goldhagen, Teresa J. Reid, and Kenneth B. Nunn (collectively, "Plaintiffs").

b. H. Christopher Bartolomucci, Ryan Fuller, and Shayne Ashley Thomas, representing Defendants the University of Florida Board of Trustees; W. Kent Fuchs, in his official capacity as President of the University of Florida; Joseph Glover, in his official capacity as Provost of the University of Florida; and Laura Rosenbury, in her official capacity as Dean of the Fredric G. Levin College of Law (collectively, "Defendants").

2. **Initial Disclosures:** The Parties stipulate that they will complete the initial disclosures required by Rule 26(a)(1) no later than fourteen (14) days from the Rule 26(f) conference conducted on January 3, 2022. Accordingly, the Parties agree to exchange the disclosures by or on January 18, 2022 (the day before being a federal holiday).

3. **Discovery Plan:** The Parties propose the following discovery plan.

a. **Subject of discovery:**

1.    **Plaintiffs:**  Plaintiffs anticipate that discovery will be

needed on at least the following subjects:  the creation

implementation, and interpretation of the University of

Florida's Conflicts of Interest and Conflicts of

Commitment Policy (the "Policy") and any amendments

thereto; the University of Florida's responses to

Plaintiffs' UFOLIO requests; the University of Florida's

responses to UFOLIO requests relating to litigation in

which the State of Florida or any of its agencies or

employees was named a defendant; the President's Task

Force on Outside Activities, including its formation,

communication with members or potential members, the

scope of its review of the Policy, its meetings, and its

recommendations; and the University of Florida's

messaging and/or issuing of public statements concerning

the Policy.

2.    **Defendants:**  Defendants require discovery on the

following subjects, among others: Plaintiffs' compliance

or non-compliance with the University of Florida's

Policy on Conflicts of Commitment and Conflicts of

Interest; Plaintiffs' compliance or non-compliance with Article 26 and Article 28 of the Collective Bargaining Agreement; Plaintiffs' outside activities, including the disclosure or non-disclosure of their outside activities to the University of Florida, and including the performance of outside activities before the submission of outside activity requests and the performance of outside activities after outside activity requests were denied; and Plaintiffs' outside activity requests, including the timeliness or untimeliness of their requests.

b. **Dates for commencing and completing discovery, including discovery commenced or completed before other discovery:** Per the December 2, 2021 Initial Scheduling Order (ECF 25), the Parties were instructed to begin discovery immediately. Pursuant to that Order, the due date of any discovery requested shall not be later than April 1, 2022. The Parties agree that this requirement applies to all forms of written discovery requests but that fact witness depositions may be taken until the close of fact discovery so long as depositions are timely noticed. The Parties agree that it would be useful to conduct discovery in phases. They propose that

all fact discovery shall be completed by June 1, 2022, and that

expert discovery, if any, shall be completed by August 1, 2022.

c. **Maximum number of interrogatories by each party to another party, and the date the answers are due:** The Parties agree that the number of interrogatories and date for answers shall be governed by Fed. R. Civ. P. 33.

d. **Maximum number of requests for admissions, and the date the responses are due:** The Parties agree that the number of requests for admissions and date for responses shall be governed by Fed. R. Civ. P. 36.

e. **Maximum number of depositions by each party, and duration limits of depositions in hours:** The Parties agree that the maximum number of depositions shall be seven per side and that the duration of depositions shall be governed by Fed. R. Civ. P. 30(d). In addition, any expert witness may be deposed and shall not count toward the seven-deposition limit. The Parties reserve their rights to seek leave to depose additional non-party witnesses.

f. **Dates for exchanging reports of expert witnesses:** By no later than June 1, 2022, the Parties will disclose whether they intend to call any expert witnesses. If neither Party discloses an intent to

call expert witnesses, the Parties agree that all discovery shall

conclude by June 1, 2022, as provided in Part 3(b).  If either Party

discloses an intent to call expert witnesses, the Parties agree that

the deadline for expert reports shall be June 10, 2022, to allow for

expert witnesses to incorporate materials obtained during fact

discovery in their reports, and that the deadline for rebuttal reports

intended to solely rebut or contradict evidence by an expert called

by another party shall be July 1, 2022.

g.  **Dates for Supplementation under Rule 26(e):**  The Parties agree

to inform opposing parties within 15 days of learning that a

disclosure is incomplete or incorrect if the additional or corrective

information has not otherwise been made known to the other

parties during the discovery process or in writing.

4.  **Other Items:**

a.  **Scheduling order conference:**  The Parties do not request a

scheduling conference.

b.  **Requested dates for pretrial conference:**  The Parties request a

pretrial conference two weeks before the start of trial.

c.  **Deadline to amend pleadings or join parties:**  Federal Rule of

Civil Procedure 15 applies.  Plaintiffs, having already amended

their Complaint, may amend their pleading again with Defendants' written consent or the Court's leave, pursuant to Rule 15(a)(2).

d. **Final dates to file dispositive motions:** Per the December 2, 2021 Initial Scheduling Order (ECF 25), the final date to file dispositive motions shall be no later than 21 days after the close of discovery. Therefore, dispositive motions shall be due on June 22, 2022, if no Party discloses by June 1, 2022, an intent to call an expert witness; otherwise, dispositive motions shall be due on August 22, 2022. The Parties agree that they may move, separately or jointly, for leave of court to extend the time to file dispositive motions to a date no later than 75 days before the trial date.

e. **Prospects for settlement:** The Parties are amenable to discussing settlement, although at this time they view settlement as unlikely.

f. **Identify any alternative dispute resolution procedure that may enhance prospects for settlement:** The Parties are amenable to alternative dispute resolution or another procedure that may enhance the prospects for settlement, although at this time they view settlement as unlikely.

g. **Final dates for submitting motions in limine, Rule 26(a)(3) witness and exhibit lists, and designations of deposition**

**testimony:**  The Parties have agreed that motions in limine, Rule 26(a)(3) witness and exhibit lists, and deposition designations shall be submitted 30 days before trial.  Counter deposition designations shall be submitted five (5) business days after the other party's service of designated deposition testimony.

h. **Suggested trial date and estimate of trial length:**  The Parties estimate that the case will be ready for trial by November 7, 2022. The Parties estimate that 2-3 business days will be necessary for trial.

i. **Pretrial Stipulation:**  The Parties agree that the Joint Pretrial Stipulation shall be due one week before the Final Pretrial Conference.

5. **Conference Regarding Magistrate Judge Jurisdiction:**  Per this Court's Order (ECF 25), the Parties have conferred regarding their willingness to consent to Magistrate Judge jurisdiction.

6. **Nature and Basis of All Claims and Defenses, and Good Faith Attempt to Identify the Principal Factual and Legal Issues in Dispute:**

a. **Plaintiffs:**  Plaintiffs challenge the University's policy on conflicts of interest (the "Policy") because it violated and continues to

violate Plaintiffs' First Amendment rights.  It is facially overbroad, imposes an unlawful prior restraint on Plaintiffs' speech, and affords the University unbridled discretion to discriminate against Plaintiffs on the basis of the viewpoint.  The Policy's overbreadth and the potential consequences of violating the Policy chill Plaintiffs' speech on matters of great public concern.

b. **Defendants:**  Defendants have not yet filed their Answer and Defenses.  Defendants contend that Plaintiffs' First Amendment challenge and arguments lack merit, and that the Court lacks subject matter jurisdiction based on the Article III doctrines of mootness, standing, and ripeness.

7. **Electronic Discovery:**

Each Party is likely to request or produce information from electronic or computer-based media limited to data reasonably available to the Parties in the ordinary course of business.  The Parties agree to take reasonable measures to preserve potentially discoverable data from alteration or destruction.

The parties will meet and confer on the appropriate format of production of electronic data in advance of production.

Electronic data will be produced via email in a password-protected folder sent via email or otherwise via secure file transfer.  To the extent ESI is requested

or produced during the course of this litigation, it shall be limited to data reasonably available to the parties in the ordinary course of business.  The Parties will work to narrow the issues related to ESI, including the preparation of necessary confidentiality agreements, if any.  The Parties reserve the right to object to the authenticity of individual documents to the extent a Party deems the authenticity of that document at issue.

**Privilege Log:**  The Parties agree that whenever a claim of privilege or work product is asserted, it shall be supported by a privilege log as described in Rule 26(b)(5)(A)(i) and (ii) of the Federal Rules of Civil Procedure.  In the case of answers to interrogatories and productions of documents, the privilege log shall be produced within ten (10) days after the answers to interrogatories are served or documents are produced.  The Parties have agreed that privileged documents created after the Complaint in this action was filed on November 5, 2021 will not need to be logged in the privilege log.

8.   **Inadvertent Disclosure:**  Any inadvertent inclusion of privileged material in any disclosure or discovery response shall not result in a waiver of any associated privilege nor result in a subject matter waiver of any kind.  A Party who receives information which appears to be privileged shall immediately inform he producing party and shall, upon request (1) immediately return all inadvertently produced information; and (2) destroy all copies or versions of the information.

9.    **Confidentiality Agreements:**  The Parties do not anticipate a

confidentiality agreement at this time.

10.    **Jury/Nonjury Trial:**  This will be a nonjury trial.

Respectfully submitted this 18th day of January 2022,


/s/ David A. O'Neil
DAVID A. O'NEIL (*pro hac vice*)
Debevoise & Plimpton LLP
801 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com


MORGAN A. DAVIS (*pro hac vice*)
JAIME FREILICH-FRIED (*pro hac vice*)
SAMUEL ROSH (*pro hac vice*)
SOREN SCHWAB (*pro hac vice*)
KATHARINE WITTEMAN (*pro hac vice*)
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
mdavis@debevoise.com
jmfried@debevoise.com
sjrosh@debevoise.com
sschwab@debevoise.com
kwitteman@debevoise.com

PAUL DONNELLY
Florida Bar No. 813613
LAURA GROSS
Florida Bar No. 858242
CONOR P. FLYNN
Florida Bar No. 1010091
Donnelly + Gross LLP
2421 NW 41st Street, Suite A-1
Gainesville, FL 32606
(352) 374-4001
paul@donnellygross.com
laura@donnellygross.com
conor@donnellygross.com


ALEXANDRA P. SWAIN (*pro hac vice*)
Debevoise & Plimpton LLP
650 California Street
San Francisco, CA 94108
(415) 738-5700
apswain@debevoise.com


*Counsel for Plaintiffs Sharon Wright Austin, Michael McDonald, Daniel A. Smith, Jeffrey Goldhagen, Teresa J. Reid, and Kenneth B. Nunn*

/s/ H. Christopher Bartolomucci
H. CHRISTOPHER BARTOLOMUCCI
BRIAN J. FIELD (*pro hac vice*)
KENNETH A. KLUKOWSKI
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, D.C. 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com
bfield@schaerr-jaffe.com
kklukowski@schaerr-jaffe.com

AMY MEYERS HASS
RYAN FULLER
SHAYNE ASHLEY
THOMAS
UNIVERSITY OF FLORIDA
OFFICE OF GENERAL
COUNSEL
123 Tigert Hall, P.O. Box
113125
Gainesville, Florida 32611
(352) 392-1358
amhass@ufl.edu
ryanf@ufl.edu
sthomas777@ufl.edu

*Counsel for Defendants*