UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHARON WRIGHT AUSTIN, *et al.*,

    *Plaintiffs*,

v.

UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, *et al.*,

    *Defendants*.

Case No.: 1:21-cv-00184-MW-GRJ

**DEFENDANTS' INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Defendants hereby provide the following initial disclosures.

**I.   Individuals Likely to Have Discoverable Information**

The following individuals are likely to have discoverable information that Defendants may use to support their claims or defenses unless solely for impeachment:

A. Sharon Wright Austin (Debevoise & Plimpton LLP, 801 Pennsylvania Ave., NW, Suite 500, Washington, DC 20004; (202) 383-8000): Ms. Austin is likely to have knowledge about her claims in this action.

B. Michael McDonald (Debevoise & Plimpton LLP, 801 Pennsylvania Ave., NW, Suite 500, Washington, DC 20004; (202) 383-8000): Mr. McDonald is likely to have knowledge about his claims in this action.

C. Daniel Smith (Debevoise & Plimpton LLP, 801 Pennsylvania Ave., NW, Suite 500, Washington, DC 20004; (202) 383-8000): Mr. Smith is likely to have knowledge about his claims in this action.

D. Jeffrey Goldhagen (Debevoise & Plimpton LLP, 801 Pennsylvania Ave., NW, Suite 500, Washington, DC 20004; (202) 383-8000): Mr. Goldhagen is likely to have knowledge about his claims in this action.

E. Teresa Reid (Debevoise & Plimpton LLP, 801 Pennsylvania Ave., NW, Suite 500, Washington, DC 20004; (202) 383-8000): Ms. Reid is likely to have knowledge about her claims in this action.

F. Kenneth Nunn (Debevoise & Plimpton LLP, 801 Pennsylvania Ave., NW, Suite 500, Washington, DC 20004; (202) 383-8000): Mr. Nunn is likely to have knowledge about his claims in this action.

G. Kent Fuchs:  Mr. Fuchs is likely to have knowledge about the "University Statement on Academic Freedom and Free Speech" (Oct. 30, 2021); the "Message From President Fuchs and Provost Glover" (Nov. 1, 2021); the "Message From President Fuchs - Outside Activities by UF Employees Involving Litigation in Which the State of Florida Is a Party" (Nov. 5, 2021); the Final Report of the Task Force on Outside Activities (Nov. 22, 2021); the Special Report on Comprehensive Standards 4.2.f (External Influence) and 6.4 (Academic Freedom) (Nov. 23, 2021); and "UF Affirms No External Influence in Faculty Expert Testimony Decisions; President Also Accepts Recommendations From Conflicts of Interest Task Force" (Nov. 23, 2021).

H. Joseph Glover:  Mr. Glover is likely to have knowledge about the "University Statement on Academic Freedom and Free Speech" (Oct. 30, 2021); the "Message From President Fuchs and Provost Glover" (Nov. 1, 2021); the "Message From President Fuchs - Outside Activities by UF Employees Involving Litigation in Which the State of Florida Is a Party" (Nov. 5, 2021); the Final Report of the Task Force on Outside Activities (Nov. 22, 2021); and "UF Affirms No External Influence in Faculty Expert Testimony Decisions; President Also Accepts Recommendations From Conflicts of Interest Task Force" (Nov. 23, 2021).

I. Laura Rosenbury:  Ms. Rosenbury is likely to have knowledge about the approval of Ms. Reid's and Mr. Nunn's outside activity requests in July 2020; her exchange of emails with Mr. Nunn in July 2020; and the Final Report of the Task Force on Outside Activities (Nov. 22, 2021).

J. Morteza "Mori" Hosseini:  Mr. Hosseini is likely to have knowledge about a statement he made at the University of Florida Board of Trustees meeting on December 3, 2021.

K. Gary Wimsett:  Mr. Wimsett is likely to have knowledge about decisions made on Plaintiffs' outside activity requests.

Unless otherwise indicated, the individuals listed above may be contacted through undersigned counsel for Defendants.

**II.     Categories of Documents That Defendants May Use**

The following categories of documents, electronically stored information ("ESI"), and tangible things in the possession, custody, or control of the University of Florida may be used by Defendants to support their claims or defenses unless solely for impeachment:

A. Collective Bargaining Agreement between the University of Florida Board of Trustees and the United Faculty of Florida (2021-2024).

B. University of Florida Regulation 1.011, and other university regulations.

C. University of Florida Policy on Conflicts of Commitment and Interest, and other university policies.

D. "University Statement on Academic Freedom and Free Speech" (Oct. 30, 2021).

E. "Message From President Fuchs and Provost Glover" (Nov. 1, 2021).

F. "Message From President Fuchs - Outside Activities by UF Employees Involving Litigation in Which the State of Florida Is a Party" (Nov. 5, 2021).

G. Final Report of the Task Force on Outside Activities (Nov. 22, 2021).

H. Special Report on Comprehensive Standards 4.2.f (External Influence) and 6.4 (Academic Freedom) (Nov. 23, 2021).

I. "UF Affirms No External Influence in Faculty Expert Testimony Decisions; President Also Accepts Recommendations From Conflicts of Interest Task Force" (Nov. 23, 2021).

J. UFOLIO records relating to Plaintiffs' outside activity requests.

K. *Amicus* briefs joined, signed, or authored by Plaintiffs.

L. Expert witness disclosures, reports, affidavits, or declarations prepared, signed, or submitted by Plaintiffs.

M. Transcripts of depositions in which Plaintiffs were deposed.

N. E-mails, memoranda, and other documents or ESI relating to categories A through M.

### III. Computation of Damages

Defendants have not claimed or computed any damages.

### IV. Insurance Agreements

Because Plaintiffs do not seek any monetary damages, Rule 26(a)(1)(A)(iv) does not apply.

* * *

The foregoing disclosures are based on information presently known and reasonably available to Defendants. Defendants reserve the right to amend and/or supplement these Initial Disclosures based on their ongoing investigation and discovery.

In providing these disclosures, Defendants are not representing that they have identified all documents, ESI, and tangible things that may be relevant in this action or every witness who may possess relevant knowledge. Defendants reserve their right to object on any proper ground to any discovery request notwithstanding that a request relates to a disclosure provided in these Initial Disclosures. These Initial Disclosures are not an admission by Defendants regarding the relevance or admissibility of any information, documents, ESI, or tangible things disclosed herein. In providing these disclosures, Defendants do not waive any applicable privilege or protection, including the attorney-client privilege and the work product doctrine.

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci
Brian J. Field
Kenneth A. Klukowski
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com
bfield@schaerr-jaffe.com
kklukowski@schaerr-jaffe.com

Dated: January 18, 2022                    *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2022, I caused the foregoing Initial Disclosures to be served by electronic mail on the following counsel for Plaintiffs:

David A. O'Neil
Debevoise & Plimpton LLP
801 Pennsylvania Avenue, N.W., Suite 500
Washington, D.C. 20004
daoneil@debevoise.com

Morgan A. Davis
Jaime Freilich-Fried
Samuel Rosh
Soren Schwab
Katherine Witteman
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
mdavis@debevoise.com
jmfried@debevoise.com
sjrosh@debevoise.com
sschwab@debevoise.com
kwitteman@debevoise.com

Alexandra P. Swain
Debevoise & Plimpton LLP
650 California Street
San Francisco, CA 94108
apswain@debevoise.com

Paul Donnelly
Laura Gross
Conor P. Flynn
Donnelly + Gross LLP
2421 NW 41st Street, Suite A-1
Gainesville, FL 32606
laura@donnellygross.com
paul@donnellygross.com
conor@donnellygross.com

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci
