# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

SHARON WRIGHT AUSTIN, *et al.*,

   *Plaintiffs*,

  v.

UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES, *et al.*,

   *Defendants*.

Case No.: 1:21-cv-00184-MW-GRJ

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants University of Florida Board of Trustees, W. Kent Fuchs, in his official capacity as President of the University of Florida, Joseph Glover, in his official capacity as Provost of the University of Florida, and Laura Rosenbury, in her official capacity as Dean of the Frederic G. Levin College of Law (collectively, "Defendants"), hereby respond to the Plaintiffs' Amended Complaint as follows:

## RESPONSES TO NUMBERED PARAGRAPHS

Defendants respond below to the separately numbered paragraphs and prayer for relief contained in the Amended Complaint. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents;

however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendants answer as follows:

## NATURE OF THE CASE[1]

1.      As to the first sentence of this paragraph, Defendants admit that the University of Florida is a public research institution and admit that the stated mission is a mission of the University, but Defendants deny that the stated mission is the University's only mission.  Defendants deny the allegations contained in the second sentence of this paragraph.

2.       Defendants admit the allegations contained in the first sentence of this paragraph but deny that all Plaintiffs sought permission before participating in litigation.  Defendants deny the allegations contained in the second sentence of this paragraph.

3.      This paragraph contains Plaintiffs' conception of their jobs as public university professors, not allegations of fact, to which no response is required.  To the extent that a response is required, Defendants lack sufficient knowledge and

---

[1] For ease of reference, Defendants refer to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

information with which to form a belief as to the truth of Plaintiffs' conception of their jobs.

4.    This paragraph contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny these allegations.

5.    Defendants deny the allegations contained in the first sentence of this paragraph.  With respect to the allegations contained in the second sentence of this paragraph, Defendants admit that the University approved Plaintiffs' requests, but deny the remaining allegations contained in this sentence.  Defendants deny the allegations contained in the third sentence of this paragraph.

6.    Deny.

## PARTIES

7.    Defendants admit the allegations contained in the first two sentences of this paragraph.  Defendants further admit that Plaintiff Austin was the Director of the University of Florida's African American Studies Program.  Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the remaining allegations contained in this paragraph.

8.    Defendants admit the allegations contained in the first two sentences of this paragraph.  Defendants lack sufficient knowledge and information with which

to form a belief as to the truth of the remaining allegations contained in this paragraph.

9.     Defendants admit the allegations contained in the first two sentences of this paragraph.  Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the remaining allegations contained in this paragraph.

10.     Defendants admit the allegations contained in the first two sentences of this paragraph.  Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the remaining allegations contained in this paragraph.

11.     Defendants admit the allegations contained in the first two sentences of this paragraph.  Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the remaining allegations contained in this paragraph.

12.     Defendants admit the allegations contained in the first three sentences of this paragraph. Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the remaining allegations contained in this paragraph.

13.     Defendants admit the allegations contained in this paragraph, but for those policy decisions the Board of Trustees has delegated to the University Administration.

14.     Admit.

15.     Defendants deny that Defendant Glover is primarily responsible for "developing and improving research activities" or "implementing the University's Affirmative Action/Equal Employment Opportunity Program." Defendants admit to the remaining allegations and further respond that Defendant Glover shares primary responsibility for "establishing the University's policy with respect to employment" of academic faculty with the University Vice President for Human Resources.

16.     Defendants admit that Defendant Rosenbury is the Dean of the Law School, that she reviews and may approve or disapprove outside activity requests submitted by Law School professors, and that she has been sued only in her official capacity.  Defendants deny that Defendant Rosenbury is tasked with enforcing the University's policy as it applies to Law School professors.

**JURISDICTION AND VENUE**

17.     This paragraph contains Plaintiffs' characterization of their action, not allegations of fact, to which no response is required.

18.     Defendants deny that this Court subject matter jurisdiction.

19.     To the extent that the Court has subject matter jurisdiction over this action, Defendants admit that the Court has personal jurisdiction over Defendants.

20.     To the extent that the Court has subject matter jurisdiction over this action, Defendants admit that venue is proper in this Court.

21.     This paragraph contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  Defendants deny that Plaintiffs are entitled to any declaratory or injunctive relief.

## FACTUAL BACKGROUND

22.     Defendants admit that the University has a policy on "Conflicts of Commitment and Conflicts of Interest."  Defendants further respond that University Regulation 1.011 addresses "Disclosure and Regulation of Outside Activities and Financial Interests."  Defendants further respond that Article 26 of the Collective Bargaining Agreement between the University of Florida Board of Trustees and the United Faculty of Florida, 2021-2024, addresses "Outside Activity and Conflict of Interest."  Defendants further respond that the foregoing policy, regulation, and article speak for themselves.  Defendants admit that faculty members are required to obtain permission before engaging in certain outside activities or activities that would constitute a conflict of commitment or conflict of interest.

23.     This paragraph contains Plaintiffs' quotations and characterization of the Policy, not allegations of fact, to which no response is required.  To the extent a

response is deemed necessary, Defendants deny Plaintiffs' characterization.  By way of further response, Defendants refer the Court to the cited Policy for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

24.     This paragraph contains Plaintiffs' quotations and characterization of the Policy, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization.  By way of further response, Defendants refer the Court to the cited Policy for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

25.     This paragraph contains Plaintiffs' quotations and characterization of the Policy, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization.  By way of further response, Defendants refer the Court to the cited Policy for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

26.     Admit.

27.     This paragraph contains Plaintiffs' quotation and characterization of the cited correspondence, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization.  By way of further response, Defendants refer the Court to the cited correspondence for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

28.    Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in the first and third sentences of this paragraph.    The second sentence contains Plaintiffs' characterization of the cited civil action, not allegations of fact, to which no response is required.  By way of further response, Defendants refer the Court to the cited civil action for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

29.    Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

30.    Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

31.    Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

32.    This paragraph contains Plaintiffs' quotation and characterization of the cited correspondence, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization.  By way of further response, Defendants refer the Court to the cited correspondence for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

33.     This paragraph contains Plaintiffs' quotation and characterization of the cited correspondence, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization.  By way of further response, Defendants refer the Court to the cited correspondence for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

34.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the first sentence of this paragraph.  The remainder of this paragraph contains Plaintiffs' quotation and characterization of the cited correspondence, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization.  By way of further response, Defendants  refer the Court to the cited correspondence for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

35.     This paragraph contains Plaintiffs' quotation and characterization of the cited correspondence, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization.  By way of further response, Defendants refer the Court to the cited correspondence for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

36.     This paragraph contains Plaintiffs' quotation and characterization of the cited correspondence, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization. By way of further response, Defendants refer the Court to the cited correspondence for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

37.     Defendants admit that Plaintiff Nunn's UFOLIO request was approved on or about July 14, 2020, but deny that the approval was unconditional. Defendants further respond that Defendant Rosenbury in her Level 1 approval note wrote: "I approve this activity so long as you participate solely in your individual capacity. You may not participate in your capacity as an employee of the University of Florida or on behalf of the Levin College of Law or the University of Florida. Please ensure that the amicus brief clearly indicates that any law school or university affiliation is included for identification purposes only. Thank you!"

38.     Defendants admit that Plaintiff Reid submitted a UFOLIO request and that the request was approved with conditions. Defendants further respond that Defendant Rosenbury in her approval note wrote: "I assume this request is to sign on to an amicus brief being submitted by law professors on behalf of the parties suing the state in this litigation. If that is correct, I approve this activity so long as you participate solely in your individual capacity. You may not participate in your

10

capacity as an employee of the University of Florida or on behalf of the Levin College of Law or the University of Florida.  Please ensure that the amicus brief clearly indicates that any law school or university affiliation is included for identification purposes only."  Defendants further respond that a different approval note authored by a different reviewer stated, in part, as follows: "Personal Capacity: You must participate in this outside relationship in your individual capacity only. You are not permitted to use any UF marks, logos or other identifiers in your outside activity/interest, and you shall not otherwise imply or suggest any official affiliation with UF."

39.    Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph. Defendants further respond that the amicus brief speaks for itself.

40.    Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

41.    Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

42.    Defendants admit that Governor DeSantis signed the cited Executive Order on or about July 30, 2021.  The remainder of this paragraph contains Plaintiffs' characterization of the referenced Executive Order, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants

deny Plaintiffs' characterization, and refer the Court to the cited Executive Order for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

43.    This paragraph contains Plaintiffs' characterization of the referenced civil action, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization, and refer the Court to the cited civil action for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

44.    Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

45.    Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

46.    Defendants admit that on or about August 11, 2021, Professor Goldhagen submitted a request through UFOLIO to serve as an expert witness in the *McCarthy* case.  Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegation that Professor Goldhagen submitted this request "[i]n accordance with the Policy[.]"

47.    Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

48.    Defendants admit that the request was initially denied.  Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegation that Professor Goldhagen was "astonished."  The remainder of this paragraph contains Plaintiffs' quotation and characterization of the cited correspondence, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization and refer the Court to the cited correspondence for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

49.    This paragraph contains Plaintiffs' quotation and characterization of the cited correspondence, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization and refer the Court to the cited correspondence for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

50.    Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

51.    Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

52.    Defendants admit that Governor DeSantis signed the referenced legislation on or about May 6, 2021.  The remainder of this paragraph contains Plaintiffs' quotation and characterization of the cited legislation, not allegations of

fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization and refer the Court to the cited legislation for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

53.     This paragraph contains Plaintiffs' quotation and characterization of the cited civil action, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization and refer the Court to the cited civil action for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

54.     Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

55.     Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

56.     Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

57.     Defendants admit that the University approved prior outside activity requests submitted by Plaintiffs Smith and McDonald.  To the extent that this paragraph contains Plaintiffs' quotation and characterization of Plaintiff Smith's annual performance reviews, not allegations of fact, no response is required.

58.     Defendants admit that these Plaintiffs submitted UFOLIO requests but deny that these Plaintiffs' requests complied with University policy or that these Plaintiffs' timely disclosed their engagement as expert witnesses.

59.     Deny.

60.     Defendants admit that the University sent the cited communications to Plaintiff Smith.  The remainder of this paragraph contains Plaintiffs' characterization of the cited correspondence, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization and refer the Court to the cited correspondence for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

61.     Defendants admit that the University sent the cited communication to Plaintiff McDonald.   The remainder of this paragraph contains Plaintiffs' characterization of the cited correspondence, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization and refer the Court to the cited correspondence for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

62.     Defendants   admit   that   the   University   received   the   cited correspondence.  The remainder of this paragraph contains Plaintiffs' quotation and characterization of the cited correspondence, not allegations of fact, to which no

15

response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization and refer the Court to the cited correspondence for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

63.     Defendants admit that the University sent the cited communication to Plaintiff Austin.   The remainder of this paragraph contains Plaintiffs' characterization of the cited correspondence, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization and refer the Court to the cited correspondence for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

64.     Admit.

65.     Defendants   admit   that   the   University   received   the   cited correspondence.  The remainder of this contains Plaintiffs' characterization of the cited correspondence, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization and refer the Court to the cited correspondence for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

66.     Defendants admit that the University posted the referenced statement on October 30, 2021.  The remainder of this paragraph contains Plaintiffs' quotation

and characterization of the cited University announcement, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization and refer the Court to the cited announcement for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

67.    Defendants admit that the University received the referenced correspondence. The remainder of this paragraph contains Plaintiffs' quotation and characterization of the cited correspondence, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization and refer the Court to the cited correspondence for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

68.    This paragraph contains Plaintiffs' quotation and characterization of the cited University announcement, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization and refer the Court to the cited announcement for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

69.    Deny.

70.    Deny.

71.   Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

72.   Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

73.   This paragraph contains Plaintiffs' quotation and characterization of an undated letter and a statement, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization and refer the Court to the cited  letter and statement for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

74.   Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in the first sentence of this paragraph.  Defendants admit that the University received the letter cited in the second sentence of this paragraph.  The remainder of this paragraph contains Plaintiffs' characterization of that letter and an alleged presentation, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization and refer the Court to the cited statements for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

75.   Defendants admit that the University received a letter from the Southern Association of Colleges and Schools, the University's accreditor, dated

November 2, 2021.   Defendants further respond that that letter speaks for itself. Defendants further respond that on or about November 23, 2021, the University responded to the letter.   Defendants otherwise deny the allegations contained in this paragraph.

76.   Defendants admit that the University approved the cited UFOLIO requests.   Defendants deny the remaining allegations contained in this paragraph.

77.   Admit.

78.   Defendants deny the first sentence of this paragraph.   Defendants state that on November 23, 2021, the University revised its policy.   Defendants further state that this paragraph contains Plaintiffs' quotation and characterization of the cited statements, not allegations of fact, to which no response is required.   To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization and refer the Court to the cited statements for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

79.   Deny.   Defendants further respond that the Task Force provided its Final Report with the Task Force's recommendations to President Fuchs on November 22, 2021, and that President Fuchs accepted the Task Force's recommendations the next day, November 23, 2021.

80.   Deny.   Defendants further respond that the members of the Task Force were Joe Glover, Provost and Chief Academic Officer; Katie Vogel Anderson,

Clinical Associate Professor at the College of Pharmacy; Hub Brown, Dean of the College of Journalism and Communications; Clay Calvert, Professor of Law and Professor of Journalism and Communications; Terra DuBois, Chief Compliance, Ethics & Privacy Officer; John Kraft, Professor and Susan Cameron Chair of International Business at the Warrington College of Business; and Laura Rosenbury, Dean of the Levin College of Law.

81.   Defendants deny the allegations contained in the first sentence of this paragraph.  Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the remaining allegations contained in this paragraph.

82.   Defendants deny the allegations contained in the first sentence of this paragraph.  Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the remaining allegations contained in this paragraph.

83.   Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

84.   Deny.  Defendants further respond that some of the Plaintiffs have accepted expert engagements without first receiving the University's permission.

85.   Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the allegations contained in this paragraph.

86.     This paragraph contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny these allegations.

## FIRST CLAIM FOR RELIEF
## FIRST AMENDMENT
## U.S. Const. amends. I, XIV; 42 U.S.C. § 1983
## (Against All Defendants)

87.     Defendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

88.     The First and Fourteenth Amendments speak for themselves.

89.     42 U.S.C. § 1983 speaks for itself.

90.     Deny.

91.     Deny.

92.     Deny.

93.     Deny.

94.     Deny.

95.     Deny.

The remaining portions of the Amended Complaint contain Plaintiffs' request for relief, not allegations of fact, to which no response is required.  By way of further response, Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## DEFENSES

Defendants raise the following defenses to the Amended Complaint. In asserting these defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiffs.

1.    Plaintiffs fail to state a claim upon which relief may be granted.

2.    The Court lacks jurisdiction under Article III of the U.S. Constitution to grant any relief to Plaintiffs.

3.    Plaintiffs' claims are moot.

4.    Plaintiffs' claims are not ripe.

5.    Plaintiffs lack standing.

6.    Plaintiffs' claims are barred by provisions of the applicable collective bargaining agreement.

7.    Plaintiffs failed to grieve and arbitrate their claims.

8.    Plaintiffs' First Amendment claims have been waived or forfeited.

9.    Plaintiffs have unclean hands and thus are not entitled to equitable relief, including injunctive relief.

Respectfully submitted,

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci
Brian J. Field*
Kenneth A. Klukowski
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com
bfield@schaerr-jaffe.com
kklukowski@schaerr-jaffe.com
*Admitted *pro hac vice*

*Counsel for Defendants*

Dated:  February 1, 2022