IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHARON WRIGHT AUSTIN,
et al.,

        Plaintiffs,

v.                                               Case No.: 1:21cv184-MW/GRJ

UNIVERSITY OF FLORIDA BOARD
OF TRUSTEES, et al.,

        Defendants.

_____/

## ERWIN ROSENBERG'S MOTION FOR PERMISSIVE INTERVENTION

Rule 24 (b) says "(b) Permissive Intervention.  (1) In General. On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."

The Amended Complaint D.E. 19 ¶, 19 says "This Court has personal jurisdiction over Defendants, who are sued in their official capacities **as officers of the State of Florida or its political subdivisions.**" (emphasis added).  As such, the real party in interest is the State of Florida.  See <u>Hafer v. Melo</u>, 502 US 21, 25 (1991)("Suits against state officials in their official capacity therefore should be treated as suits against the State.)

The Amended Complaint alleges in ¶, 91 that "Defendants also violated Plaintiffs' rights under the First Amendment by restricting Plaintiffs from participating in litigation on

1

the basis of their viewpoint and by imposing a prior restraint on their speech, namely by requiring the University's permission to participate in litigation against the State. "

ERWIN ROSENBERG lives in Miami-Dade County, Florida and is interested in practicing law in the Florida State courts; however, he received a suspension, disbarment, permanent disbarment and related order prohibiting his pro se filings with the Supreme Court of Florida.

As in the allegations of the Amended Complaint, the State of Florida violates ERWIN ROSENBERG's rights under the First Amendment by asserting an authority from or relating to article V, section 15 of the Florida Constitution which imposes a prior restraint on his speech, namely by asserting the right to admit, suspend and/or disbar a lawyer and/or prevent a person from filing pro se with the Supreme Court of Florida. The licensing scheme vests unbridled discretion in the decisionmaker. The implicit or explicit regulation is overbroad. The scheme creates a risk of delay. Every application of the law creates an impermissible risk of suppression of ideas. Even assuming that the State's interest does justify requiring persons who wish to practice law to obtain a license before practicing law, the law fails to provide that the licensor will, within a specified brief period, either issue a license or go to neutral court for a judicial determination that the censorship complies with the First Amendment.or after issuing a suspension, disbarment or prohibition on pro se filings will, within a specified brief period,, go to a neutral court for a judicial determination that the censorship complies

with the First Amendment.

Lawyering speech is protected by the First Amendment.  See also <u>Nifla v. Becerra</u>, 138 S. Ct. 2361, 2373 (2018)("Longstanding torts for professional malpractice, for example, "fall within the traditional purview of state regulation of professional conduct." <u>*NAACP v. Button*, 371 U.S. 415, 438, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963)</u>; but cf. id., at 439, <u>83 S.Ct. 328</u> ("[A] State may not, under the guise of prohibiting professional misconduct, ignore constitutional rights"). " ).

This Court has issued a Preliminary Injunction in favor fo Plaintiffs.  See D.E. 65.

Erwin Rosenberg is not seeking from this Court an order reversing or vacating the Supreme Court of Florida's disciplinary orders against him.  Rather, he is making a general constitutional attack on the authority from or relating to article V, section 15 of the Florida Constitution which imposes a prior restraint on his speech, namely by asserting the right to admit, suspend and/or disbar a lawyer and/or prevent a person from filing pro se with the Supreme Court of Florida clerk  .See <u>District of Columbia Court of Appeals v. Feldman</u>, 460 US 462, 488 (1983)(JUSTICE STEVENS, dissenting)("The Court holds that respondents may make a general constitutional attack on the rules governing the admission of lawyers to practice in the District of Columbia.").

In order to avoid violating the Eleventh Amendment, this case is being brought only for prospective and injunctive relief to prevent a continuing violation of federal law. against a state official, Chief Justice Charles T. Canady, Chief Justice of the Supreme Court of

Florida.  See <u>Green v. Mansour</u>, 474 US 64, 68 (1985)("Because of the Eleventh

Amendment, States may not be sued in federal court unless they consent to it in

unequivocal terms or unless Congress, pursuant to a valid exercise of power,

unequivocally expresses its intent to abrogate the immunity. *Id.*, at 99. The landmark

case of <u>Ex *parte Young*, 209 U. S. 123 (1908)</u>, created an exception to this general

principle by asserting that a suit challenging the constitutionality of a state official's

action in enforcing state law is not one against the State. *Id.*, at 159-160. The theory of

*Young* was that an unconstitutional statute is void, *id.*, at 159, and therefore does not

"impart to [the official] any immunity from responsibility to the supreme authority of

the United States." *Id.*, at 160. *Young* also held that the Eleventh Amendment does not

prevent federal courts from granting prospective injunctive relief to prevent a

continuing violation of federal law. *Id.*, at 155-156, 159.").

A proposed Complaint is provided below.

Since the State of Florida is the real party in interest behind Defendants, requiring that

Charles T. Canady in his official capacity be served with a Summons appears to be an

unnecessary formality within the discretion of this Court .

Wherefore Erwin Rosenberg moves for permissive intervention

CERTIFICATE OF SERVICE

I hereby certify I mailed to United States Courthouse, 401 SE First Ave., Gainesville, FL
32601 a copy hereof on March 3, 2022 and when this Court e-files this document it will
be served on all parties..

Respectfully Submitted,


s./ *Erwin Rosenberg*
Erwin Rosenberg
1000 West Island Blvd. # 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com


**PROPOSED INTERVENOR ERWIN ROSENBERG'S COMPLAINT**


## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

SHARON WRIGHT AUSTIN, MICHAEL MCDONALD,
DANIEL A. SMITH, JEFFREY GOLDHAGEN, TERESA
J. REID, and KENNETH B. NUNN,

                    Plaintiffs,

v.


UNIVERSITY OF FLORIDA BOARD OF TRUSTEES,
the public body corporate acting for and on behalf of the
University of Florida, W. KENT FUCHS, in his official
capacity as President of the University Florida, JOSEPH
GLOVER, in his official capacity as Provost of the
University of Florida, and LAURA ROSENBURY, in her
official capacity as Dean of the Fredric G. Levin College of
Law, CHARLES T. CANADY, in his official capacity as Chief
Justice of the Supreme Court of Florida,

                    Defendants,

_____/


## FIRST CLAIM FOR PROSPECTIVE AND INJUNCTIVE RELIEF
## TO PREVENT A CONTINUING VIOLATION
## FIRST AMENDMENT
## U.S. Const. amends. I, XIV; Ex *parte Young*, 209 U. S. 123 (1908),
## (Against the Charles T. Canady, in his official capacity as Chief Justice of the Supreme

<u>Court of Florida)</u>

1.      This Court has subject-matter jurisdiction as this Court may hear a  general constitutional attack on a State law.

2.      This Court has personal jurisdiction.

3.      Venue is proper.

4.      Charles T. Canady, in his official capacity as Chief Justice of the Supreme Court of Florida, asserts authority to admit, suspend and/or disbar a lawyer in Florida.  See <u>Florida Bar v. TIKD SERVICES LLC</u>, 326 So. 3d 1073, 1077 (Fla. 2021)("Under article V, section 15 of the Florida Constitution, this Court has the authority to "regulate the admission of persons to the practice of law and the discipline of persons admitted".").

5.      Charles T. Canady violates ERWIN ROSENBERG's rights under the First Amendment by asserting an authority from or relating to article V, section 15 of the Florida Constitution which imposes a prior restraint on his speech, namely by asserting the right to admit, suspend and/or disbar a lawyer and/or prevent a person from filing pro se with the Supreme Court of Florida.

6.      The licensing scheme vests unbridled discretion in the decisionmaker.

7.      The implicit or explicit regulation is overbroad.

8.      The scheme creates a risk of delay.

9.      Every application of the law creates an impermissible risk of suppression of

ideas.

10.    Even assuming that the State's interest does justify requiring persons who wish

to practice law to obtain a license before practicing law, the law fails to provide that the

licensor will, within a specified brief period, either issue a license or go to court or after

issuing a suspension, disbarment or prohibition on pro se filings in the Supreme Court

of Florida to go to a neutral court for a determination that the censorship complies with

the First Amendment.

11.    Lawyering speech is protected by the First Amendment.

12.    Wherefore ERWIN ROSENBERG sues Charles T. Canady, in his official capacity as

Chief Justice of the Supreme Court of Florida, only for prospective and injunctive relief

to prevent a continuing violation, making a general constitutional attack on his

asserted authority to admit, suspend and/or disbar a lawyer and/or prevent a person

from filing pro se filings with the Supreme Court of Florida.

Respectfully Submitted,

s./ Erwin Rosenberg
Erwin Rosenberg
1000 West Island Blvd. # 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com

Erwin Rosenberg
1200 West 12 Lamb Blvd, 1011
Aventura, Fl. 33160

UNITED STATES COURTHOUSE
401 SE FIRST AVE.
GAINESVILLE , FL CHECKED
32601

MAR 07 2022

32601-580699

UNITED STATES
POSTAL SERVICE

M
3

1020

32601

33180
MAR 03, 22
AMOUNT
$0.78
R2304M11508-35