IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHARON WRIGHT AUSTIN,
et al.,

    *Plaintiffs*,

v.                                       Case No.: 1:21cv184-MW/GRJ

UNIVERSITY OF FLORIDA BOARD
OF TRUSTEES, et al.,

    *Defendants*.

_____/

## ORDER DENYING PERMISSIVE INTERVENTION

Erwin Rosenburg moves to intervene as a Plaintiff in this action. ECF No. 81. A district court "may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). District courts have broad discretion to grant or deny permissive intervention. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir. 1983)). So much so that it "is wholly discretionary with the court whether to allow intervention under Rule 24(b)." *Worlds v. Dep't of Health & Rehab. Servs., State of Fla.*, 929 F.2d 591, 595 (11th Cir. 1991) (quoting 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1913, at 376–77 (2d ed. 1986)).

While Mr. Rosenburg's proposed complaint addresses First Amendment principles related to those raised in this case, at no point in case will this Court be called to pass upon the constitutionality of Florida's regulations on the practice of law. Accordingly, the motion to intervene is **DENIED without prejudice to file a separate lawsuit**. Mr. Rosenburg could potentially file his complaint as a stand-alone lawsuit, but he cannot file it in this case.

**SO ORDERED on March 9, 2022.**

s/Mark E. Walker
**Chief United States District Judge**
