# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHARON WRIGHT AUSTIN, MICHAEL    :
MCDONALD, DANIEL A. SMITH, JEFFREY    :
GOLDHAGEN, TERESA J. REID, and    :
KENNETH B. NUNN,    :    1:21-cv-00184-MW-HTC
   :
         Plaintiffs,    :
   :
    v.    :
   :
UNIVERSITY OF FLORIDA BOARD OF    :
TRUSTEES, the public body corporate acting for    :
and on behalf of the University of Florida; W.    :
KENT FUCHS, in his official capacity as    :
President of the University Florida; JOSEPH    :
GLOVER, in his official capacity as Provost of    :
the University of Florida; and LAURA    :
ROSENBURY, in her official capacity as Dean of    :
the Fredric G. Levin College of Law,    :
   :
         Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PLAINTIFFS' MOTION FOR
## <u>VOLUNTARY DISMISSAL WITHOUT PREJUDICE</u>

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................................1

STATEMENT OF FACTS ......................................................................................4

ARGUMENT ..........................................................................................................8

CONCLUSION .....................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Arias v. Cameron*,
  776 F.3d 1262 (11th Cir. 2015) ....................................................8, 9

*Beta Upsilon Chi Upsilon v. Machen*,
  586 F.3d 908 (11th Cir 2009) ...............................................9

*Bonner v. City of Prichard*,
  661 F.2d 1206 (11th Cir. 1981) (en banc) ...........................................2

*Common Cause/Georgia v. Billups*,
  554 F.3d 1340 (11th Cir. 2009) ..........................................10

*Cypress Barn, Inc. v. W. Elec. Co.*,
  812 F.2d 1363 (11th Cir. 1987) ...........................................2

*DNC Servs. Corp. v. Lee*,
  No. 4:18-cv-520-MW/MJF (N.D. Fla. July 29, 2019) ......................................10

*Free Speech v. FEC*,
  720 F.3d 788 (10th Cir. 2013) ...........................................2

*Hamer v. Campbell*,
  358 F.2d 215 (5th Cir. 1966) ...........................................2

*Londono v. City of Gainesville*,
  768 F.2d 1223 (11th Cir. 1985) ....................................................10

*McCants v. Ford Motor Co., Inc.*,
  781 F.3d 855 (11th Cir. 1986) ...........................................9

*Pernell v. Fla. Bd. of Governors*,
  2022 WL 16985720 (N.D. Fla. Nov. 17, 2022)................................9

*Pontenberg v. Boston Sci. Corp.*,
  252 F.3d 1253 (11th Cir. 2001) (*per curiam*)......................................8

*Shevlin v. Schewe*,
  809 F.2d 447 (7th Cir. 1987) ...........................................2

*Thomas v. Bryant*,
   614 F.3d 1288 (11th Cir. 2010) ............................................................10

*Wahl v. McIver*,
   773 F.2d 1169 (11th Cir. 1985) ...........................................................10

**Statutes**

42 U.S.C. § 1988 ..............................................................................2, 3, 7, 10

**Other Authorities**

Wright & Miller, 16 Fed. Prac. & Proc. Juris § 3921.2 .............................2

Fed. R. Civ. P. 41(a)(2) ...................................................................1, 2, 8, 9

**MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiffs Sharon Wright Austin et al. respectfully move for an order voluntarily dismissing this case without prejudice.

## INTRODUCTION

This case arises from the University of Florida's (the "University") policy permitting unconstitutional content and viewpoint discrimination in faculty requests to participate as expert witnesses on issues of major public significance. Plaintiffs sought and obtained a preliminary injunction preventing the University from enforcing its Conflicts of Interests Policy (the "Policy") to expert testimony involving the State of Florida pending the resolution of this case.

Throughout this litigation, Plaintiffs repeatedly emphasized that the relief they sought was a clear and unambiguous commitment by Defendants that content and viewpoint could play no role in determining whether a conflict of interest or conflict of commitment existed.  Defendants have finally now taken that basic and essential step.  After protracted litigation, personal attacks on Plaintiffs, false declarations of victory, and extensive gamesmanship, the University has issued a new Policy that states what all previous policies did not: viewpoint and content can play no role in assessing whether there is a conflict of interest from a faculty member serving as an expert witness.  This new Policy also now provides that requests to engage in expert testimony will generally be assessed only for a

potential conflict of commitment—not a conflict of interest—and that a professor generally does not need to seek approval before signing an amicus brief and may state her affiliation with the University when doing so.  And for the first time, the Policy has imposed explicit deadlines by which the University must act on requests to serve as expert witnesses.

Plaintiffs have therefore obtained everything they sought in their Amended Complaint, and the case is now moot.  Plaintiffs respectfully request that this Court dismiss without prejudice consistent with Federal Rule of Procedure 41(a)(2).  That dismissal will have the effect of dissolving the preliminary injunction, which existed only until the resolution of Plaintiffs' claims.  *See Cypress Barn, Inc. v. W. Elec. Co.*, 812 F.2d 1363, 1364 (11th Cir. 1987) (explaining that a preliminary injunction does not "survive a final order of dismissal").[1]

Following the dismissal, Plaintiffs intend to seek recovery of the significant fees and costs they have incurred vindicating their First Amendment rights.  *See* 42

---

[1]  This Court has jurisdiction to dismiss this case notwithstanding Defendants' appeal of the preliminary injunction.  *See Hamer v. Campbell*, 358 F.2d 215, 223 (5th Cir. 1966) (holding that interlocutory appeal regarding preliminary injunction "did not divest the District Court of jurisdiction" over the remainder of the case); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding all decisions of the Fifth Circuit handed down prior to October 1, 1981).  *See also Free Speech v. FEC*, 720 F.3d 788, 791–92 (10th Cir. 2013) (holding that district court had jurisdiction to dismiss case despite a pending appeal of preliminary injunction); *Shevlin v. Schewe*, 809 F.2d 447, 450–51 (7th Cir. 1987) (same); Wright & Miller, 16 Fed. Prac. & Proc. Juris § 3921.2 (same).

U.S.C. § 1988 and N.D. Fla. Local R. 54.1.  In a regrettable continuation of their pattern of strategic gamesmanship, Defendants have declined to jointly stipulate to the dismissal of this action in an effort to stave off that request.  Defendants may of course separately litigate the motion for fees and costs directly, but their wish to avoid such a motion is not a proper basis to oppose this voluntary dismissal on grounds of mootness.

Despite their refusal to sign a joint stipulation of dismissal, Defendants have advised that they

> agree that the action in the district court should be dismissed without prejudice, albeit on different grounds. Defendants' position is that the district court never had jurisdiction—based on the doctrines of standing, mootness, and ripeness—and so the action should be dismissed on that basis.

In short, Defendants wish once again to litigate issues this Court twice rejected nearly a year ago.  *See* ECF No. 47 (opinion denying motion to dismiss on justiciability grounds); ECF No. 65 at 25–37 (rejecting same arguments in opinion granting preliminary injunction).  Those arguments remain incorrect.  The only effect of Defendants' needless recalcitrance is to require preparation of this additional submission.

## STATEMENT OF FACTS

This case arose from the University of Florida's unconstitutional attempt to prevent Plaintiffs—professors of political science, medicine, and law—from testifying as expert witnesses or signing amicus briefs in litigation against the State of Florida.  The University denied Plaintiffs the opportunity to participate in cases involving the State on the ground that such participation would pose a conflict of interest to the University because the proposed speech was adverse to the State. The University's denials ultimately became public, igniting a firestorm of criticism that, in early November 2021, prompted the University to overturn its original denials but otherwise leave the Conflicts of Interest Policy in place.

Plaintiffs filed the operative Amended Complaint on November 15, 2021, alleging that the University of Florida's Conflicts of Interest Policy violated the First Amendment to the extent it prevented Plaintiffs from testifying as expert witnesses or signing amicus briefs in cases involving the State of Florida.  ECF No. 19.  Plaintiffs challenged only the Conflicts of Interest policy and not the University's Conflicts of Commitment policy because the latter type of conflict was assessed without regard to the content or viewpoint of an employee's speech. ECF No. 65 at 43 n.36.  Defendants revised the Policy on November 23, 2021, but as this Court explained in depth, that revision did not cure—and in some respects compounded—the First Amendment deficiencies.  Most importantly, the revised

Policy continued to permit the University to deny faculty requests to testify based on political or other viewpoint-based considerations.  ECF Nos. 31-29, 31-30; *see also* ECF No. 65 at 45–65 (preliminary injunction opinion detailing unconstitutionality of revised Policy).

Plaintiffs moved for a preliminary injunction on December 3, 2021, barring application of the Policy to the extent it prohibited Plaintiffs from participating in litigation, whether by providing expert testimony or otherwise, involving the State of Florida.  ECF No. 30.  As this Court recognized when granting the preliminary injunction, "Plaintiffs have invited Defendants to moot this case by affirming that they 'will never rely as an interest on the reactions of legislators or others, other political actors, to [Plaintiffs'] speech as a basis for suppressing it.'"  ECF No. 65 at 36–37 (quoting ECF No. 55 at 51).  Indeed, Plaintiffs made abundantly clear that this case would be moot if Defendants agreed that viewpoint and content would play no role in determining whether a Conflict of Interest or Conflict of Commitment existed:

- Plaintiffs' motion for preliminary injunction identified the Policy's core infirmity as permitting the University "to restrict Plaintiffs' speech based on content or viewpoint."  (ECF No. 30 at 17.)

- Plaintiffs' reply brief explained that the key problem with the Policy was that it permitted discrimination based on the content and viewpoint of Plaintiffs' speech.  (ECF No. 51 at 10.)

- Plaintiffs' counsel represented at oral argument on January 7, 2022 that the case would be moot if the University disclaimed reliance on

5

content or viewpoint as a basis for rejecting requests to serve as an expert witness or sign amicus briefs.  (ECF No. 55 at 51.)

- Plaintiffs' counsel reiterated at the second oral argument, on January 14, 2022, that the University had been given "multiple opportunities" to "say what should be obvious to any university administrator"— namely, that "[w]e will never attempt to prohibit faculty from speaking as citizens because of the content of their speech or the popularity of their opinions."  (ECF No. 78 at 11.)

Defendants declined all those opportunities to do the constitutionally required minimum and moot this case.  The Court granted in part Plaintiffs' motion for a preliminary injunction on January 21, 2022 and enjoined Defendants from applying the Policy to requests to provide expert witness testimony in litigation involving the State of Florida.  ECF No. 65.  The Court concluded that the Policy as revised in November 2021 likely violated the First Amendment because, *inter alia*, it permitted consideration of content and viewpoint in the determination of whether a conflict of interest existed.  *Id.* at 29–30, 32, 36, 51, 53–65.

On October 13, 2022, the University of Florida published a new version of the Policy.[2]  This Policy clearly and unambiguously states what the previous policies pointedly did not: "The viewpoint and content of the Employee's speech or other activity shall not be considered when assessing whether a Conflict of Interest exists."  Ex. 1, § 6(C).  The Policy further states for the first time that

---

[2]  *See* https://hub.policy.ufl.edu/s/article/Conflicts-of-Commitment-and-Conflicts-of-Interest (last revised Oct. 13, 2022), attached hereto as <u>Exhibit 1</u>.

requests to serve as an expert witness or legal consultant will ordinarily be reviewed only for a potential conflict of commitment and to ensure that the employee is acting in his or her personal capacity, *id.* § 3(O)(9); that signing an amicus brief is ordinarily a non-reportable outside activity such that employees are not required to seek the University's approval, and employees may state their position with the University but must make clear that they are doing so in their personal capacity, *id.* § 3(K)(10); and that there is a shortened period of time in which the University must make decisions about whether to approve or disapprove a request to serve as an expert witness or legal consultant, *id.* § 8(A)(iv)–(v).

These new provisions, which the University begrudgingly but voluntarily adopted, make further litigation of this matter unnecessary. The case is therefore moot. Plaintiffs intend to file a motion for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and N.D. Fla. Local R. 54.1. Defendants disagree that Plaintiffs may recover attorneys' fees and costs—and Defendants are, of course, entitled to litigate that issue once Plaintiffs file their motion to establish their entitlement to fees and costs. *See* N.D. Fla. Local R. 54.1 (requiring plaintiffs to file such a motion within 14 days after entry of judgment). In light of Plaintiffs' intent to seek fees and costs, however, Defendants have refused to jointly stipulate to the dismissal of this case notwithstanding its mootness. Plaintiffs therefore must file this motion asking the Court to voluntarily dismiss this moot case without

prejudice.  As noted above, Defendants agree that this case should be dismissed without prejudice, but they continue to press meritless arguments that this Court rejected nearly a year ago.  *See supra* at 3.

## ARGUMENT

Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissals by court order.  In relevant part, it provides: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) (citing *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (*per curiam*)).  "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." *Pontenberg*, 252 F.3d at 1255–56 (internal quotation marks and citation omitted).

Dismissal without prejudice is warranted here.  Defendants will suffer no "clear legal prejudice" from such a dismissal. *Arias*, 776 F.3d at 1268.  This case is moot by Defendants' voluntary action.  "The purpose of Rule 41(a)(2) is 'primarily to prevent voluntary dismissals which unfairly affect the other side,'" and there is nothing unfair about dismissing this case without prejudice when

Defendants are the ones who have triggered the dismissal.  *Id.* (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.3d 855, 856 (11th Cir. 1986)).   As the Eleventh Circuit has explained, the default is to grant a plaintiff's motion for voluntary dismissal without prejudice, and there is no reason to divert from that practice here. *Id.*

Dismissing this case with prejudice, by contrast, would fail to "do justice between the parties" in light of Defendants' history (and continued pattern) of reversals and gamesmanship.   *Id.* at 1269.   As this Court has recognized, Defendants have demonstrated a proclivity to change the University's policies only when necessary "to do damage control for bad press," *see* ECF No. 65 at 46, and to apply prior versions of the Policy in an unconstitutional manner.  *Id.* at 43–46. Plaintiffs should not have to relinquish their right to bring a subsequent lawsuit in the event that the University returns to its old ways.  *See also Pernell v. Fla. Bd. of Governors*, No. 4:22-cv-304-MW/MAF, 2022 WL 16985720, at *1 n.3 (N.D. Fla. Nov. 17, 2022) (noting that "the jury is out" as to whether the University will remain committed to academic freedom in light of its actions in this case).

Given the clear articulation and adoption of a new and fundamentally different policy that provides Plaintiffs the relief they have been seeking, Plaintiffs believe it is unnecessary to litigate whether the voluntary cessation exception to the mootness doctrine applies.  *Beta Upsilon Chi Upsilon v. Machen*, 586 F.3d 908,

917 (11th Cir 2009).   A dismissal based on mootness must be entered "without prejudice for want of a case or controversy." *Londono v. City of Gainesville*, 768 F.2d 1223, 1227 (11th Cir. 1985); *see also Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).   That rule does not change because Plaintiffs, rather than Defendants, are the ones who have advised the Court that this case is moot.  *See Londono*, 768 F.2d at 1227; *see also DNC Servs. Corp. v. Lee*, No. 4:18-cv-520-MW/MJF, Order Granting Motion for Voluntary Dismissal, ECF No. 149 (N.D. Fla. July 29, 2019) (exercising "discretion to voluntarily dismiss this case without prejudice" after defendants mooted the case by amending the challenged law).

As a result of this outcome, Plaintiffs will be entitled to attorneys' fees and costs as they will demonstrate more fully in their forthcoming motion.   The Eleventh Circuit has held that a plaintiff is entitled to reasonable attorneys' fees and costs under § 1988 when the plaintiff obtains a preliminary injunction and the State then repeals the challenged policy.  *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009); *see Thomas v. Bryant*, 614 F.3d 1288, 1294 (11th Cir. 2010) ("[w]hen plaintiffs clearly succeeded in obtaining the relief sought before the district court and an intervening event rendered the case moot on appeal, plaintiffs are still 'prevailing parties' for the purposes of attorney's fees for the district court litigation").

10

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court enter an order dismissing this case without prejudice and dissolving the preliminary injunction on the ground that the adoption of a new policy on October 13, 2022 renders the case moot.

Dated:  December 28, 2022
         Washington, D.C.


/s/ David A. O'Neil
DAVID A. O'NEIL (*pro hac vice*)
Debevoise & Plimpton LLP
801 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

MORGAN A. DAVIS (*pro hac vice*)
JAIME FREILICH-FRIED (*pro hac vice*)
SAMUEL ROSH (*pro hac vice*)
SOREN SCHWAB (*pro hac vice*)
KATHARINE WITTEMAN (*pro hac vice*)
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
mdavis@debevoise.com
jmfried@debevoise.com
sjrosh@debevoise.com
sschwab@debevoise.com
kwitteman@debevoise.com

PAUL DONNELLY
Florida Bar No. 813613
LAURA GROSS
Florida Bar No. 858242
CONOR P. FLYNN
Florida Bar No. 1010091
Donnelly + Gross LLP
2421 NW 41st Street, Suite A-1
Gainesville, FL 32606
(352) 374-4001
paul@donnellygross.com
laura@donnellygross.com
conor@donnellygross.com

ALEXANDRA P. SWAIN (*pro hac vice*)
Debevoise & Plimpton LLP
650 California Street
San Francisco, CA 94108
(415) 738-5700
apswain@debevoise.com

11

*Counsel for Plaintiffs Sharon Wright Austin, Michael McDonald, Daniel A. Smith, Jeffrey Goldhagen, Teresa J. Reid, and Kenneth B. Nunn*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

Plaintiffs have repeatedly conferred with Defendants regarding dismissal of this case throughout the months of November and December 2022.  On December 27, 2022, Defendants advised Plaintiffs that they did not intend to jointly stipulate to the dismissal of this case.  On December 28, 2022, Defendants advised that they "agree that the action in the district court should be dismissed without prejudice, albeit on different grounds.  Defendants' position is that the district court never had jurisdiction—based on the doctrines of standing, mootness, and ripeness—and so the action should be dismissed on that basis."

/s/ David A. O'Neil
David A. O'Neil

13

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify that this motion and memorandum of law contains 2,472 words.

/s/ David A. O'Neil
David A. O'Neil

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2022, a copy of this document was filed electronically through the CM/ECF system and furnished by email to all counsel of record.

/s/ David A. O'Neil
David A. O'Neil