## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**SHARON WRIGHT AUSTIN,**
**et al.,**

      *Plaintiffs*,

v.                                   **Case No.: 1:21cv184-MW/HTC**

**UNIVERSITY OF FLORIDA BOARD**
**OF TRUSTEES, et al.,**

      *Defendants*.

_____/

## ORDER FOR SUPPLEMENTAL BRIEFING

Plaintiffs move to dismiss this action without prejudice, citing a recent rule change at the University of Florida that allegedly moots the controversy. ECF No. 105. Remarkably, Defendants apparently have now done exactly what Plaintiffs had begged them to do a year ago. But Defendants do not agree with Plaintiffs, asserting this case should be dismissed without prejudice because this Court *never* had jurisdiction in the first place.

The rule change at issue appears to moot this Court's preliminary injunction, which Defendants have appealed to the Eleventh Circuit. Plaintiffs assert in a footnote that this Court has jurisdiction to address their motion notwithstanding the pending appeal. Even assuming, *arguendo*, that this Court has not been divested of jurisdiction pending appeal, this Court must address four separate layers before

entering final judgment in this case. First, this Court must again determine whether it had jurisdiction to hear Plaintiffs' claims. Second, if this Court again determines that it had jurisdiction, it must determine whether a dismissal ought to be with or without prejudice. Third, if this Court determines that dismissal without prejudice is appropriate, it must determine whether Plaintiffs are entitled to an award of attorneys' fees. And finally, if Plaintiffs are entitled to fees, this Court must also determine the amount of that award. Each of these layers should be addressed in one order to avoid further delay and lengthy piecemeal appeals.

But this Court requires further briefing as to why the appeal of the preliminary injunction does not divest this Court of jurisdiction to rule on Plaintiffs' motion, given that the rule change arguably moots this Court's preliminary injunction. Additionally, the parties should address the question of whether Plaintiffs should first move to dismiss the appeal as moot and seek fees on appeal, in which case the Eleventh Circuit would have to decide the issue of whether this Court originally had jurisdiction to hear Plaintiffs' claims as a predicate to awarding appellate fees. Accordingly, Plaintiffs must file a supplemental brief **on or before Monday, January 9, 2023**, addressing whether they must and/or should seek dismissal of the appeal first at the Eleventh Circuit. Defendants must file a response to Plaintiffs' original motion and supplemental brief **on or before Monday, January 23, 2023**. In short, as a practical matter, Defendants have an extension of time in which to

respond to the original motion to dismiss and shall file one response addressing the original motion and Plaintiffs' supplemental briefing.

**SO ORDERED on January 3, 2023.**

**s/Mark E. Walker**
**Chief United States District Judge**