## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHARON WRIGHT AUSTIN, MICHAEL      :
MCDONALD, DANIEL A. SMITH, JEFFREY    :
GOLDHAGEN, TERESA J. REID, and        :
KENNETH B. NUNN,               :      1:21-cv-00184-MW-HTC
                                            :

             Plaintiffs,            :
                                            :

    v.                                :
                                            :

UNIVERSITY OF FLORIDA BOARD OF       :
TRUSTEES, the public body corporate acting for :
and on behalf of the University of Florida; W.    :
KENT FUCHS, in his official capacity as      :
President of the University Florida; JOSEPH    :
GLOVER, in his official capacity as Provost of   :
the University of Florida; and LAURA        :
ROSENBURY, in her official capacity as Dean of :
the Fredric G. Levin College of Law,       :
                                            :

             Defendants.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**<u>PLAINTIFFS' RESPONSE TO ORDER FOR SUPPLEMENTAL BRIEFING</u>**

## TABLE OF AUTHORITIES

**Cases**

*Austin v. Univ. of Fla. Bd. of Tr.*,
    No. 22-10448, Dkt No. 25 (11th Cir. Jan. 6, 2023) .............................................1

*Bonner v. City of Prichard*,
    661 F.2d 1206 (11th Cir. 1981) (en banc) ..........................................................1

*Doe v. Marshall*,
    622 F.2d 118 (5th Cir. 1980) ...............................................................................1

*Ex parte Nat'l Enameling & Stamping Co.*,
    201 U.S. 156 (1906).............................................................................................2

*Free Speech v. FEC*,
    720 F.3d 788 (10th Cir. 2013) ..............................................................................3

*Hamer v. Campbell*,
    358 F.2d 215 (5th Cir. 1966) ................................................................................2

*Scott v. Roberts*,
    612 F.3d 1279 (11th Cir. 2010) ............................................................................2

*Shevlin v. Schewe*,
    809 F.2d 447 (7th Cir. 1987) ................................................................................3

*Thomas v. Bryant*,
    614 F.3d 1288 (11th Cir. 2010) ............................................................................2

*W. Ala. Women's Ctr. v. Williamson*,
    874 F.3d 1306 (11th Cir. 2017) ............................................................................3

Plaintiffs Sharon Wright Austin et al. respectfully respond to this Court's order calling for supplemental briefing on (1) "why the appeal of the preliminary injunction does not divest this Court of jurisdiction to rule on Plaintiffs' motion" for voluntary dismissal and (2) "whether Plaintiffs should first move to dismiss the appeal as moot and seek fees on appeal, in which case the Eleventh Circuit would have to decide the issue of whether this Court originally had jurisdiction to hear Plaintiffs' claims as a predicate to awarding appellate fees."   ECF No. 106 ("Order") at 2.

To begin with the Court's second question: after the Court issued its order, Plaintiffs filed their motion to dismiss the appeal as moot.  *Austin v. Univ. of Fla. Bd. of Tr.*, No. 22-10448, Dkt No. 25 (11th Cir. Jan. 6, 2023).  Defendants have advised that they intend to oppose that motion and believe they can continue to appeal the preliminary injunction even though they themselves have mooted this case, as a way to avoid paying attorneys' fees.  As Plaintiffs' motion to dismiss the appeal explains, that is not the law.  *Id.* at 10–11; *see, e.g.*, *Doe v. Marshall*, 622 F.2d 118, 119 (5th Cir. 1980) ("This court has frequently refused to consider the merits of an otherwise moot case and has left the question of attorneys' fees for the district court on remand.").[1]  Moreover, Plaintiffs do not intend to seek fees for

---

[1]   The Eleventh Circuit has adopted as precedent all decisions of the Fifth Circuit handed down prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

their work on the appeal, and thus the Eleventh Circuit will have no occasion to address "whether this Court originally had jurisdiction to hear Plaintiffs' claims as a predicate to awarding appellate fees."  Order at 2; *see Thomas v. Bryant*, 614 F.3d 1288, 1294 & n.3 (11th Cir. 2010) (holding that a plaintiff may seek attorneys' fees in the district court as the prevailing party even when the case becomes moot on appeal, but cannot recover fees for appellate work).  Plaintiffs therefore do not believe there are any prudential reasons why this Court should wait before granting Plaintiffs' motion to dismiss this case without prejudice.

And, in response to the Court's first question, this Court has jurisdiction to grant Plaintiffs' motion.  As the Eleventh Circuit has held, its jurisdiction over preliminary injunction appeals "does not defeat the power of the trial court to proceed further with the case."  *Scott v. Roberts*, 612 F.3d 1279, 1298 (11th Cir. 2010) (quoting Wright & Miller, Fed. Prac. & Proc. § 3921.2 (2d ed. 1996)).  This Court accordingly retains jurisdiction to enter final judgment.  *See id.* (citing *Ex parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906) (holding that "[t]he case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered")); *see also Hamer v. Campbell*, 358 F.2d 215, 223 (5th Cir. 1966) (interlocutory appeal of denial of preliminary injunction "did not divest the District Court of jurisdiction" over the remainder of the case); *Free*

*Speech v. FEC*, 720 F.3d 788, 791–92 (10th Cir. 2013) (district court had jurisdiction to dismiss case despite pending interlocutory appeal).

As the Seventh Circuit has explained, "[t]he district court retains the authority to dismiss the case as settled, thereby bringing to an end any pending interlocutory appeal." *Shevlin v. Schewe*, 809 F.2d 447, 450–51 (7th Cir. 1987). For all practical purposes, that is this case: Plaintiffs agree that the University's new Policy provides them with all the relief they sought in their Amended Complaint, and both parties agree that the case should be dismissed without prejudice. Just as this Court would have had jurisdiction to hold a bench trial to determine if permanent injunctive relief should issue, it equally has jurisdiction to dismiss this case without prejudice as moot. *See W. Ala. Women's Ctr. v. Williamson*, 874 F.3d 1306, 1306–07 (11th Cir. 2017) (dismissing appeal of preliminary injunction as moot after district court issued a permanent injunction).

Finally, Plaintiffs share this Court's desire "to avoid further delay and lengthy piecemeal appeals" and believe that granting Plaintiffs' motion for voluntary dismissal without prejudice is the swiftest way to bring this case to a close. Order at 2. Plaintiffs are prepared to file their motion establishing their eligibility for attorneys' fees expeditiously, which Plaintiffs have already previewed in substantial part. *See* ECF No. 105 at 10; N.D. Fla. Local R. 54.1 (requiring Plaintiffs to file such a motion within 14 days after judgment is entered).

Respectfully submitted.

Dated:  January 9, 2023
          Washington, D.C.


/s/ David A. O'Neil
DAVID A. O'NEIL (*pro hac vice*)
Debevoise & Plimpton LLP
801 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

MORGAN A. DAVIS (*pro hac vice*)
JAIME FREILICH-FRIED (*pro hac vice*)
SAMUEL ROSH (*pro hac vice*)
SOREN SCHWAB (*pro hac vice*)
KATHARINE WITTEMAN (*pro hac vice*)
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
mdavis@debevoise.com
jmfried@debevoise.com
sjrosh@debevoise.com
sschwab@debevoise.com
kmwitteman@debevoise.com

PAUL DONNELLY
Florida Bar No. 813613
LAURA GROSS
Florida Bar No. 858242
CONOR P. FLYNN
Florida Bar No. 1010091
Donnelly + Gross LLP
2421 NW 41st Street, Suite A-1
Gainesville, FL 32606
(352) 374-4001
paul@donnellygross.com
laura@donnellygross.com
conor@donnellygross.com

ALEXANDRA P. SWAIN (*pro hac vice*)
Debevoise & Plimpton LLP
650 California Street
San Francisco, CA 94108
(415) 738-5700
apswain@debevoise.com

*Counsel for Plaintiffs Sharon Wright Austin, Michael McDonald, Daniel A. Smith, Jeffrey Goldhagen, Teresa J. Reid, and Kenneth B. Nunn*

4

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I hereby certify that this memorandum of law contains 781 words.

/s/ David A. O'Neil
David A. O'Neil

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of January, 2023, a copy of this document was filed electronically through the CM/ECF system and furnished by email to all counsel of record.


/s/ David A. O'Neil
David A. O'Neil