# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

SHARON WRIGHT AUSTIN, *et al.*,

    *Plaintiffs*,

v.

UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES, *et al.*,

    *Defendants*.

Case No.: 1:21-cv-00184-MW-HTC

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
## FOR VOLUNTARY DISMISSAL AND SUPPLEMENTAL BRIEF

Amy Meyers Hass
  *Vice President and General Counsel*
Fla. Bar No. 483346
Ryan Fuller
  *Associate Vice President and*
  *Deputy General Counsel*
Fla. Bar No. 635324
UNIVERSITY OF FLORIDA
OFFICE OF GENERAL COUNSEL
123 Tigert Hall, P.O. Box 113125
Gainesville, FL 32611
(352) 392-1358
amhass@ufl.edu
ryanf@ufl.edu

H. Christopher Bartolomucci
  D.C. Bar No. 453423
Brian J. Field*
  D.C. Bar No. 985577
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com
bfield@schaerr-jaffe.com

*Admitted *pro hac vice*

*Counsel for Defendants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................. ii

INTRODUCTION ..................................................................................................1

STATEMENT OF FACTS .....................................................................................2

ARGUMENT ..........................................................................................................6

    I.    For Legal Reasons, the Court Should Await the Eleventh Circuit's Decision. ...................................................................................................7

    II.    For Prudential Reasons, the Court Should Await the Eleventh Circuit's Decision. ...................................................................................................9

CONCLUSION .....................................................................................................11

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F) .......................13

CERTIFICATE OF SERVICE ..............................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Caddo Nation of Okla. v. Wichita & Affiliated Tribes*,
  877 F.3d 1171 (10th Cir. 2017) ...................................................................................7

*Free Speech v. Fed. Election Comm'n*, 720 F.3d 788 (10th Cir. 2013) ....................8

*G & M, Inc. v. Newbern*, 488 F.2d 742 (9th Cir. 1973)...............................................7

*Hamer v. Campbell*, 358 F.2d 215 (5th Cir. 1966)......................................................8

*In re Bayou Shores SNF, LLC*, 828 F.3d 1297 (11th Cir. 2016) .............................10

*New Left Educ. Project v. Bd. of Regents of Univ. of Tex. Sys.*,
  472 F.2d 218 (5th Cir. 1973), *vacated on other grounds*,
  414 U.S. 807 (1973).......................................................................................10

*New York State Nat'l Org. for Women v. Terry*,
  886 F.2d 1339 (2d Cir. 1989) ...............................................................................7

*O'Neal v. United States*, 825 F. App'x 695 (11th Cir. 2020)..................................10

*Scott v. Roberts*, 612 F.3d 1279 (11th Cir. 2010) .......................................................8

*Shevlin v. Schewe*, 809 F.2d 447 (7th Cir. 1987)....................................................7, 9

*Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v.
  Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212 (11th Cir. 1999)...............10

*Taylor v. Sterrett*, 640 F.2d 663 (5th Cir. 1981).........................................................7

*United States v. Price*, 688 F.2d 204 (3d Cir. 1982) .................................................7

*Williams v. Chatman*, 510 F.3d 1290 (11th Cir. 2007).............................................10

*Zundel v. Holder*, 687 F.3d 271 (6th Cir. 2012) ........................................................7

**Statute**

Florida Statute § 1012.977......................................................................................2

**Treatises**

9 James Wm. Moore et al., *Moore's Federal Practice* ¶ 203.11 (2d ed. 1979) ........ 7

16 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 3921.2 (2d ed. 1996) ................................................................................................. 8

16 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 3921.2 (3d ed. 2022) ................................................................................................. 7

20 James Wm. Moore et al., *Moore's Federal Practice* § 303.32 (3d ed. 1997) ................................................................................................................. 7

**INTRODUCTION**

Plaintiffs and Defendants agree that this case is moot and should therefore be dismissed without prejudice. They disagree, however, over two timing questions: (1) when did the mootness occur, and (2) when should this Court dismiss?

As to the first timing question, Plaintiffs believe that changes to the University of Florida's ("UF") conflicts policy reflected on UF's Policy Hub in October 2022 mooted this case. Defendants believe that earlier changes made in November 2021, mooted the case. As to the second question, Plaintiffs believe this Court should dismiss now. Defendants believe that, for compelling legal and prudential reasons, this Court should instead wait for the Eleventh Circuit to decide Plaintiffs' motion to dismiss Defendants' appeal of the preliminary injunction entered in this case.

There is no valid reason for this Court to rush ahead of the Eleventh Circuit and decide the same question of mootness that is currently before the Circuit. Legally, while the Court retains jurisdiction to adjudicate the *merits* of the case while the appeal of the preliminary injunction is pending, mootness concerns jurisdiction, not the merits. Prudentially, this Court and the parties will benefit from the Eleventh Circuit's controlling decision on the jurisdictional issues, as all other remaining issues are downstream from that determination. To plow ahead towards a fee ruling, likely requiring the parties to relitigate these threshold issues again, would be a waste of judicial and party resources.

In sum, while Defendants agree that this case should be dismissed for lack of jurisdiction at the proper time, this Court should not dismiss now but should instead allow the Eleventh Circuit to decide the jurisdictional issues that are now before that court.

## STATEMENT OF FACTS

UF permits its faculty and staff to perform outside activities, including paid outside work, provided such activities do not constitute a conflict of commitment or a conflict of interest. UF's policy, which requires disclosure and prior approval of certain reportable outside activities, derives from and is set forth in several documents, including Florida Statute § 1012.977(1); the collective bargaining agreement ("CBA") agreed to by the United Faculty of Florida ("UFF") and the Board of Trustees; a university regulation promulgated by the Board, Regulation 1.011; and UF's policy on "Conflicts of Commitment and Conflicts of Interest." (hereinafter, "Policy on Conflicts"). Collectively, these materials are referred to as UF's "conflicts policy."

Professors Austin, McDonald, and Smith performed outside work as expert witnesses on behalf of the plaintiffs who were adverse to the State of Florida in litigation challenging Florida's new election law, Senate Bill 90. Initially, in July and October 2021, UF's Conflict of Interest Office disapproved their requests. *See* Doc. 30-4 at ¶ 9; Doc. 30-5 at ¶ 8; Doc. 30-6 at ¶ 8.

2

To address the ensuing controversy surrounding Plaintiffs' requests, the President created a Task Force on November 5, 2021. President Fuchs issued a statement, *see* Doc. 23-1 at 205–206, which he emailed to the UF campus community, that confirmed the formation of "a task force that will review UF's practice regarding requests for approval of outside activities involving potential conflicts of interest and conflicts of commitment." Doc. 23-1 at 205, 208.

The same day he issued the statement, President Fuchs ordered the unconditional approval of the three Professors' requests. He directed UF's Conflicts of Interest Office "to reverse the decisions on recent requests by UF employees to serve as expert witnesses in litigation in which the state of Florida is a party and to approve the requests regardless of personal compensation." *Id*. at 206.

And just a few weeks after that approval, the Task Force delivered its report to President Fuchs. *See* Doc. 23-1 at 219–223. The Task Force recommended that UF revise its conflicts policy to establish a "strong presumption that the university will approve faculty or staff requests to testify as expert witnesses, in their capacities as private citizens, in all litigation in which the State of Florida is a party, regardless of the viewpoint of the faculty or staff member's testimony." *Id*. at 221.

The next day, November 23, 2021, President Fuchs accepted all of the Task Force's recommendations and thereby revised UF's conflicts policy. *See* Declaration of Ryan Fuller ¶ 7 ("Fuller Decl.") (Exhibit A). UF issued a public

statement that "President Kent Fuchs approved the recommendations of a presidential task force appointed to review UF's conflicts of interest policy and is asking the appropriate campus offices to proceed with implementation." Doc. 23-1 at 225.

Following the approval of the Task Force's recommendations, UF considered, and ultimately made, further changes to its conflicts policy. These changes were reflected on UF's Policy Hub on October 13, 2022. *See* Fuller Decl. ¶ 8. The revised Policy on Conflicts is attached as Exhibit 2 to Mr. Fuller's declaration.

Two events drove revisions to the policy. First, in July 2021, the Board of Trustees and the UFF had agreed to a new CBA, which included Article 26 on "Outside Activity and Conflict of Interest." Fuller Decl. ¶ 9. But there were differences between Article 26 and UF's Policy on Conflicts. For example, the two documents defined the term "Conflict of Interest" in different ways. The October 2022 changes to the Policy on Conflicts adopted the Article 26 definition. *Id*.

Second, UF implemented the Task Force recommendations that President Fuchs accepted in November 2021. For example, the Task Force recommended the adoption of "an appeal process for all denials of requests to engage in outside activity." Doc. 23-1 at 223. The Task Force suggested that "Within 30 calendar days of a denial of any request to engage in an outside activity, the requester may

4

appeal in writing to an appeals panel." *Id*. Section 8 of the Policy on Conflicts now includes an appeal process along these lines. Fuller Decl. ¶ 10.

In March 2022, UF's Assistant Vice President for Conflicts of Interest accepted a position in the private sector. After conducting a search, UF hired Ms. Carolyne St. Louis as its new Assistant Vice President for Conflicts of Interest. After assuming that role, she and the Conflicts of Interest Office worked with other UF officers and offices to get up to speed on Article 26 of the CBA and the Task Force recommendations and the resulting Policy revisions. Fuller Decl. ¶ 11.

The changes to the Policy on Conflicts were the result of an organic process. They were not, as Plaintiffs assert, "begrudgingly" adopted. Doc. 105 at 7. Nor were they adopted in reaction to this litigation or in an effort to moot this litigation. Fuller Decl. ¶ 12. The changes pertinent to this litigation were adopted and implemented in November 2021. Indeed, the changes to the CBA, the reversal of the initial decision on the Professors' request, and the formation of the Task Force all occurred prior to the filing of this lawsuit.

Following the online publication of the revisions, Plaintiffs moved for voluntary dismissal under Fed. R. Civ. P. 41(a)(2). *See* Doc. 105. UF agrees that the case should be dismissed—albeit for reasons different than the ones Plaintiffs have offered. While Plaintiffs' position is that revisions published on UF Policy Hub in October 2022 mooted the case, UF believes, as it articulated before this

5

Court, that the case became moot in November 2021, when the President granted Plaintiffs' requests and adopted the Task Force recommendations. Because of this difference of opinion, UF declined to stipulate to dismiss the case.

In response to Plaintiffs' motion, the Court issued an order requesting supplemental briefing regarding whether the Court could act on the motion given the pending appeal before the Eleventh Circuit and whether Plaintiffs should first seek relief from the Circuit in a motion to dismiss the appeal. Doc. 106. Plaintiffs then filed a motion to dismiss the appeal with the Eleventh Circuit, *Austin v. Univ. of Fla. Bd. of Tr.*, No. 22-10448, Doc. 25 (filed Jan. 6, 2023), and supplemented their brief before this Court. Doc. 108.

## ARGUMENT

Plaintiffs argue that this case became moot in October 2022, and this Court should therefore dismiss the case now. Doc. 105 at 2. Plaintiffs further argue that the ongoing appeal of the preliminary injunction does not divest this Court of jurisdiction, and there are no "prudential reasons why this Court should wait before granting Plaintiffs' motion to dismiss this case without prejudice." Doc. 108 at 2. Plaintiffs are wrong on each point.

### I. For Legal Reasons, the Court Should Await the Eleventh Circuit's Decision.

An appeal of a preliminary injunction order does not divest the district court of all jurisdiction. While the appeal is pending, the district court retains jurisdiction "to proceed toward decision of the *merits*." 16 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 3921.2 (3d ed. 2022) (emphasis added).[1] But the district court may not rule on "matters involved in the appeal." 20 James Wm. Moore et al., *Moore's Federal Practice* § 303.32 (3d ed. 1997). Thus, "where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal." *Taylor v. Sterrett*, 640 F.2d 663, 668 (5th Cir. 1981). The district court may proceed toward decision of the merits because "the merits are not matters 'involved in the appeal.'" *G & M, Inc. v. Newbern*, 488 F.2d 742, 746 (9th Cir. 1973) (quoting 9 James Wm. Moore et al., *Moore's Federal Practice* ¶ 203.11 at 739 (2d ed. 1979)). Here, however, all of the jurisdictional issues in this case have been raised on appeal. Therefore, this Court would overstep

---

[1] *See Caddo Nation of Okla. v. Wichita & Affiliated Tribes*, 877 F.3d 1171, 1177 (10th Cir. 2017) ("[A]n appeal from an interlocutory order granting or denying preliminary injunctive relief does not strip the district court of jurisdiction *to proceed with the action on the merits*.") (emphasis added) (citation omitted); *Zundel v. Holder*, 687 F.3d 271, 282 (6th Cir. 2012); *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989) ("An … order granting or denying a preliminary injunction … does not prevent the district court from *proceeding on the merits*.") (emphasis added); *Shevlin v. Schewe*, 809 F.2d 447, 451 (7th Cir. 1987); *United States v. Price*, 688 F.2d 204, 215 (3d Cir. 1982).

its authority were it to pass on those jurisdictional issues now before the Eleventh Circuit has the chance to do so.

Ignoring the difference between the merits and matters involved in the appeal, Plaintiffs ask this Court to decide a jurisdictional issue, not the merits, while that very issue is pending before the Court of Appeals. And, unsurprisingly, they point to no case where a district court did that. *See* Doc. 108 at 2–3. Plaintiffs quote *Scott v. Roberts*, 612 F.3d 1279 (11th Cir. 2010), for the proposition that a preliminary injunction appeal "does not defeat the power of the trial court to proceed further with the case." Doc. 108 at 2 (quoting *Scott*, 612 F.3d at 1298 (quoting 16 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 3921.2 (2d ed. 1996))). But the treatise quoted in *Scott* is talking about the "power to proceed toward *decision of the merits*." § 3921.2 (emphasis added).

Nor do the other cases Plaintiffs cite (Doc. 108 at 2–3) support the proposition that a district court may decide an issue pending before the Court of Appeals. *See Hamer v. Campbell*, 358 F.2d 215, 223 (5th Cir. 1966) (stating that an appeal of a preliminary injunction order "should not ordinarily delay the final trial of the case on its merits."); *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 791–92 (10th Cir. 2013) (citation omitted) (noting that a district court may "proceed to determine the action on the merits" while a preliminary injunction appeal is pending and so may decide a motion to dismiss for failure to state a claim pending appeal). These

8

cases stand only for the point that the district court can proceed towards a decision on the merits during a preliminary injunction appeal. That is not the situation here.

*Shevlin v. Schewe*, 809 F.2d 447, 450–51 (7th Cir. 1987) (Doc. 108 at 3) also does not help Plaintiffs. In that case, the parties settled during an interlocutory appeal, and the district court dismissed the case as settled over the objection of an intervenor. The instant case did not settle. The parties' mediation and settlement discussions were ultimately unsuccessful.

In sum, Plaintiffs have cited no case supporting the proposition that this Court should decide a jurisdictional issue (here, mootness) when that same jurisdictional issue and others are pending before the Court of Appeals.

## II. For Prudential Reasons, the Court Should Await the Eleventh Circuit's Decision.

There are also numerous prudential reasons to await the Eleventh Circuit's decision on whether this Court had jurisdiction to enter the preliminary injunction.

To start, Plaintiffs claim that the Eleventh Circuit will never reach the jurisdictional issues because Plaintiffs are not seeking appellate fees. Doc. 108 at 1–2. That is incorrect. In response to Plaintiffs' motion to dismiss the appeal, Defendants will reassert their jurisdictional arguments regarding mootness, ripeness, and standing. And the Eleventh Circuit has jurisdiction to decide those issues. The Eleventh Circuit has repeatedly made clear that "[w]hen the lower federal court lacks

9

jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1221 (11th Cir. 1999) (cleaned up); *see also In re Bayou Shores SNF, LLC*, 828 F.3d 1297, 1328–29 (11th Cir. 2016); *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).

Thus, when a district court lacks jurisdiction yet issues a decision other than dismissal, the Eleventh Circuit "vacate[s] the district court's decision and remand[s] with instructions to dismiss for lack of jurisdiction." *O'Neal v. United States*, 825 F. App'x 695, 698 (11th Cir. 2020) (vacating the district court's summary judgment order because the case was moot before that order and "the timing of mootness here is important"); *see New Left Educ. Project v. Bd. of Regents of Univ. of Tex. Sys.*, 472 F.2d 218, 220 (5th Cir. 1973) ("If the case became moot before a final adjudication, we must vacate the judgment and direct that the case be dismissed."), *vacated on other grounds*, 414 U.S. 807 (1973) (mem.).

Because UF seeks an appellate ruling on jurisdiction, and the Eleventh Circuit can issue such a ruling in response to Plaintiffs' motion to dismiss the appeal, UF believes it is unnecessary for this Court to "again determine" whether it had jurisdiction to decide Plaintiffs' claims. Doc. 106 at 2. This Court has already ruled on jurisdiction, and UF does not expect to change the Court's mind.

Relatedly, the fact that the Eleventh Circuit's decision on appeal will bear directly on whether Plaintiffs are the prevailing party for fee purposes is another reason why this Court should wait for the Circuit to act before it proceeds further. UF agrees with the Court that it should address the remaining layers of issues in this case in "one order." Doc. 106 at 2. And this Court should issue that one order after having the benefit of any ruling by the Circuit.

Finally, to the extent this Court's ability to dismiss this case due to mootness is in question, waiting for the Eleventh Circuit to rule is advisable because the Circuit could moot that issue.

## CONCLUSION

Plaintiffs have cited no support in decisional law or elsewhere for their argument that this Court should dismiss this case as moot while the issue of mootness is currently before the Eleventh Circuit. And there are multiple prudential reasons for the Court not to act in the hurried timeframe Plaintiffs have requested. Thus, while UF agrees with Plaintiffs that this Court should dismiss this case without prejudice, this Court should do so at the proper time and only after the Eleventh Circuit rules on Plaintiffs' motion to dismiss the appeal and addresses the jurisdictional issues that affect every other issue remaining in this case.

Respectfully submitted,

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci
  D.C. Bar No. 453423
Brian J. Field*
  D.C. Bar No. 985577
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com
bfield@schaerr-jaffe.com

*Admitted *pro hac vice*

Amy Meyers Hass
  *Vice President and General Counsel*
Fla. Bar No. 483346
Ryan Fuller
  *Associate Vice President and*
  *Deputy General Counsel*
Fla. Bar No. 635324
UNIVERSITY OF FLORIDA
OFFICE OF GENERAL COUNSEL
123 Tigert Hall, P.O. Box 113125
Gainesville, FL 32611
(352) 392-1358
amhass@ufl.edu
ryanf@ufl.edu

Dated: January 23, 2023                    *Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify that this motion response and supplemental brief contains 2,695 words.

*s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2023, I caused the foregoing document to be served by electronic mail on the following counsel for Plaintiffs:

David A. O'Neil
Debevoise & Plimpton LLP
801 Pennsylvania Avenue, N.W., Suite 500
Washington, D.C. 20004
daoneil@debevoise.com

Morgan A. Davis
Jaime Freilich-Fried
Samuel Rosh
Soren Schwab
Katherine Witteman
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
mdavis@debevoise.com
jmfried@debevoise.com
sjrosh@debevoise.com
sschwab@debevoise.com
kwitteman@debevoise.com

Alexandra P. Swain
Debevoise & Plimpton LLP
650 California Street
San Francisco, CA 94108
apswain@debevoise.com

Paul Donnelly
Laura Gross
Conor P. Flynn
Donnelly + Gross LLP
2421 NW 41st Street, Suite A-1
Gainesville, FL 32606
laura@donnellygross.com
paul@donnellygross.com
conor@donnellygross.com

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci