**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SHARON WRIGHT AUSTIN, MICHAEL : 
MCDONALD, DANIEL A. SMITH, JEFFREY :
GOLDHAGEN, TERESA J. REID, and :
KENNETH B. NUNN, :    1:21-cv-00184-MW-HTC
:
               Plaintiffs, :
:
  v. :
:
UNIVERSITY OF FLORIDA BOARD OF :
TRUSTEES, the public body corporate acting for :
and on behalf of the University of Florida; W. :
KENT FUCHS, in his official capacity as :
President of the University Florida; JOSEPH :
GLOVER, in his official capacity as Provost of :
the University of Florida; and LAURA :
ROSENBURY, in her official capacity as Dean of :
the Fredric G. Levin College of Law, :
:
              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**PLAINTIFFS' MOTION FOR
<u>REASONABLE ATTORNEYS' FEES AND COSTS
AND MEMORANDUM OF LAW</u>**

**TABLE OF CONTENTS**

MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS ....................1

INTRODUCTION ...........................................................................................................1

STATEMENT OF FACTS ..............................................................................................2

ARGUMENT ....................................................................................................................7

CONCLUSION ..............................................................................................................12

# **TABLE OF AUTHORITIES**

**Cases**

*Beta Upsilon Chi v. Machen*,
    2014 WL 4928902 (N.D. Fla. Oct. 1, 2014) ....................................................... 7

*Bonner v. City of Prichard*,
    661 F.2d 1206 (11th Cir. 1981) (en banc) ........................................................ 11

*Common Cause Georgia v. Georgia*,
    17 F.4th 102 (11th Cir. 2021) ...................................................................... 7, 10

*Common Cause/Georgia v. Billups*,
    554 F.3d 1340 (11th Cir. 2009) ......................................................................... 7

*Ctr. for Biological Diversity v. Marina Point Dev. Co.*,
    566 F.3d 794 (9th Cir. 2009) ........................................................................... 11

*Curtis v. Taylor*,
    625 F.2d 645 (5th Cir. 1980) ........................................................................... 11

*Ingram v. Oroudjian*,
    647 F.3d 925 (9th Cir. 2011) ............................................................................. 6

*Jacksonville Prop. Rts. Ass'n v. City of Jacksonville*,
    635 F.3d 1266 (11th Cir. 2012) ............................................................. 10, 11, 12

*Lohman v. Duryea Borough*,
    574 F.3d 163 (3d Cir. 2009) .............................................................................. 6

*Thomas v. Bryant*,
    614 F.3d 1288 (11th Cir. 2010) ....................................................................... 10

*Westchester Specialty Ins. Servs., Inc. v. U.S. Fire Ins. Co.*,
    119 F.3d 1505 (11th Cir. 1997) ......................................................................... 5

**Statutes and Rules**

28 U.S.C. § 1920 ................................................................................................. 1, 6

42 U.S.C. § 1988 ............................................................................... 1, 6, 7, 10, 12

Federal Rule of Civil Procedure 54(d) .............................................................. 1, 6, 12

N.D. Fla. Local Rule 54.1 ................................................................................ 1, 6, 12

N.D. Fla. Local Rule 54.2 ................................................................................ 1, 6, 12

**MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

Pursuant to Local Rules 54.1 and 54.2 of the Northern District of Florida, 42 U.S.C. § 1988, 28 U.S.C. § 1920, and Federal Rule of Civil Procedure 54(d), Plaintiffs hereby move for a determination that Plaintiffs are entitled to an award of reasonable attorneys' fees and costs.

**INTRODUCTION**

From the outset of this litigation, Plaintiffs have made clear that, in order to address their claims and end this suit, all Defendants needed to do was remedy the University of Florida's (the "University") unconstitutional Conflicts of Interests Policy (the "Policy"), primarily by prohibiting the University from discriminating against faculty speech based on content and viewpoint. Defendants consistently and pointedly refused, requiring this Court to enter a preliminary injunction enjoining the University from enforcing the Policy with respect to faculty requests to participate in litigation involving the State of Florida.

It was only after the parties briefed and argued a preliminary injunction motion and a motion to dismiss, engaged in substantial document discovery, and began settlement discussions that Defendants finally relented. On October 13, 2022, the University finally took the simple step of revising the Policy to state that viewpoint and content may not be considered when assessing whether there is a conflict of interest from a faculty member serving as an expert witness.

As a direct result of Plaintiffs' extensive efforts, the University put an end to its unconstitutional Policy and has committed to permitting faculty to participate in litigation without regard to the content or viewpoint of their speech. Thus, Plaintiffs are the "prevailing parties" in this action and are entitled to an award of reasonable attorneys' fees and costs.

## STATEMENT OF FACTS

Pursuant to the Policy, the University denied Plaintiffs' requests to participate as expert witnesses or sign amicus briefs in litigation against the State of Florida because "[a]s UF is a state actor, litigation against the [S]tate is adverse to UF's interests." Amended Complaint, ECF No. 19 ¶ 63. On November 5, 2021, Plaintiffs filed a complaint seeking injunctive and declaratory relief. ECF No. 1. On November 15, 2021, Plaintiffs filed the operative Amended Complaint. ECF No. 19.

On December 3, 2021, Plaintiffs moved to preliminarily enjoin the University's enforcement of the Policy as a clear violation of the First Amendment because the Policy (i) vested the University with unbridled discretion to restrict Plaintiffs' speech based on content or viewpoint, (ii) was an unconstitutional prior restraint that discriminated on the basis of viewpoint, and (iii) was unconstitutionally overbroad. ECF No. 30.

This Court granted the preliminary injunction with respect to expert witness testimony on January 21, 2022. ECF No. 65. The Court enjoined the University from taking any "steps to enforce its conflict-of-interests policy with respect to faculty and staff requests to engage as expert witnesses or provide legal consulting in litigation involving the State of Florida until otherwise ordered." *Id.* at 74. Defendants filed a notice of appeal on the preliminary injunction on February 8, 2022. ECF No. 70.

In its opinion, this Court recognized that "Plaintiffs have invited Defendants to moot this case by affirming that [the University] 'will never rely as an interest on the reactions of legislators or others, other political actors, to [Plaintiffs'] speech as a basis for suppressing it.'" ECF No. 65 at 36–37 (quoting ECF No. 55 at 51). Indeed, Plaintiffs made abundantly clear that they would prevail and the case would no longer need to proceed if Defendants agreed that viewpoint and content would play no role in determining whether a Conflict of Interest or a Conflict of Commitment existed. In particular:

- Plaintiffs' motion for preliminary injunction identified the Policy's core infirmity as permitting the University "to restrict Plaintiffs' speech based on content or viewpoint." (ECF No. 30 at 17.)

3

- Plaintiffs' reply brief explained that the key problem with the Policy was that it permitted discrimination based on the content and viewpoint of Plaintiffs' speech. (ECF No. 51 at 10.)

- Plaintiffs' counsel represented at the preliminary injunction hearing on January 7, 2022 that the case would be moot if the University disclaimed reliance on content or viewpoint as a basis for rejecting requests to serve as an expert witness or sign amicus briefs. (ECF No. 55 at 51:1–11.)

- Plaintiffs' counsel reiterated at the preliminary injunction hearing on January 14, 2022 that the University had been given "multiple opportunities" to "say what should be obvious to any university administrator"—namely, that "[w]e will never attempt to prohibit faculty from speaking as citizens because of the content of their speech or the popularity of their opinions." (ECF No. 78 at 11:15–24.)

Defendants refused to make any changes to the Policy, necessitating the Court's entry of a preliminary injunction against them. ECF No. 65 at 37.

On October 13, 2022, while the preliminary injunction was in effect, the University, in consultation with Plaintiffs, finally implemented a version of the Conflicts of Interests and Conflicts of Commitment Policy (the "Revised Policy")

4

that provided Plaintiffs with the relief they sought through this lawsuit.[1] First, the Revised Policy explicitly prohibits the University from censoring faculty speech on the basis of its content or viewpoint. ECF 105-1 § 6(C). Second, the Revised Policy makes clear that the University will review requests to engage in expert witness and legal consulting, including signing amicus briefs, only for conflicts of commitment, unless the litigation involves the University itself. *Id.* § 3(O)(9). Third, the Revised Policy provides that a professor ordinarily does not need to seek approval before signing an amicus brief and permits a professor to state his or her position with the University when signing the brief. *Id.* § 3(K)(10). Fourth, there is now a shortened period of time in which the University must make decisions about whether to approve or disapprove a request to serve as an expert witness or legal consultant. *Id.* § 8(A)(iv)–(v).

These new provisions were adopted as a direct result of Plaintiffs' efforts. The Revised Policy, and in particular the sections referenced above, is the result of months of negotiations between the parties. *See* Declaration of Morgan A. Davis ¶ 6.[2] In fact, portions of the Revised Policy were adopted nearly verbatim from

---

[1] *See* https://hub.policy.ufl.edu/s/article/Conflicts-of-Commitment-and-Conflicts-of-Interest (last revised Oct. 13, 2022), ECF No. 105-1.
[2] This Court may properly consider settlement negotiations to determine that Plaintiffs are the prevailing parties. *Westchester Specialty Ins. Servs., Inc. v. U.S. Fire Ins. Co.*, 119 F.3d 1505, 1512 (11th Cir. 1997) (permitting court to take notice of settlement discussions when they "were not offered for the

the language proposed by Plaintiffs during negotiations with Defendants after the preliminary injunction was entered. *Id.* ¶¶ 7–9.

Because the Revised Policy's adoption and implementation gave Plaintiffs the relief they sought, Plaintiffs moved to voluntarily dismiss the case and to dismiss Defendants' appeal. ECF Nos. 105, 108. The Eleventh Circuit granted Plaintiffs' motion to dismiss the appeal, vacated the preliminary injunction, and ordered the district court to dismiss the case as moot. *Austin v. Univ. of Fla. Bd. of Tr.*, No. 22-10448, Dkt. No. 30 (11th Cir. Mar. 20, 2023). This Court then vacated the preliminary injunction and dismissed the case as moot on March 23, 2023. ECF Nos. 117, 118.

Because Plaintiffs obtained the relief they sought in filing suit, they are therefore the "prevailing parties" and are entitled to their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, FRCP 54(d), and N.D. Fla. Local R. 54.1 and 54.2.

---

impermissible purpose of proving the invalidity of a claim or its amount, but rather for the permissible purpose" of clarifying the factual record); *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011) ("[I]t is permissible for a district court to consider settlement negotiations [including copies of settlement offers] in measuring the litigant's success for purposes of awarding attorney fees."); *Lohman v. Duryea Borough*, 574 F.3d 163, 167 (3d Cir. 2009) ("[T]he use of [] evidence [of settlement negotiations] as bearing on the issue of what relief was sought by a plaintiff does not offend the clear terms of Rule 408. Such evidence can be relevant when comparing what a plaintiff 'requested' to what the plaintiff was ultimately 'awarded.'").

6

## ARGUMENT

Plaintiffs are the prevailing parties in this action and they are therefore entitled to an award of reasonable attorneys' fees and costs under 42 U.S.C. § 1988. A litigant is a "prevailing party" for purposes of § 1988 as long as she achieves a "material alteration of the legal relationship of the parties," such as the entry of a preliminary injunction. *Common Cause Georgia v. Georgia*, 17 F.4th 102, 107 (11th Cir. 2021) (quotation omitted). Eleventh Circuit courts have held repeatedly that civil-rights litigants under § 1983 are prevailing parties where, as here, (1) they obtained a preliminary injunction enjoining a defendant's unconstitutional conduct and (2) the defendant then repealed challenged portions of a law or policy. *See id.* (explaining that "a preliminary injunction on the merits entitles one to prevailing party status and an award of attorney's fees"); *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009) (plaintiffs were prevailing parties because Georgia repealed challenged portion of voting law after plaintiffs obtained preliminary injunction and while the preliminary injunction was in effect); *Beta Upsilon Chi v. Machen*, No. 1:07CV135-MW/GRJ, 2014 WL 4928902, at *4 (N.D. Fla. Oct. 1, 2014) (Walker, J.), *aff'd* 601 F. App'x 917 (11th Cir. 2015) (issuance of a preliminary injunction, followed by the defendants' change in policy, entitles plaintiffs to prevailing party status).

7

By litigating this case, Plaintiffs brought about a wholesale, permanent change in the University's policies on faculty speech. Prior to Plaintiffs' lawsuit, the Policy allowed (and the University indeed engaged in) viewpoint and content discrimination when reviewing faculty requests to participate in outside activities. As a result of the preliminary injunction issued by this Court, the University was prohibited from enforcing the Policy in litigation against the State of Florida. Since the preliminary injunction was issued, and while it was in full effect, the University revised the Policy to remedy those unconstitutional defects. In particular, the Revised Policy explicitly prohibits the University from censoring faculty speech on the basis of its content or viewpoint. ECF 105-1 § 6(C) ("The viewpoint and content of the Employee's speech or other activity shall not be considered when assessing whether a Conflict of Interest exists."). In addition, in contrast to the original Policy, the University will now review requests to serve as an expert witness only for potential conflicts of commitment, not for conflicts of interest, with the narrow exception that it will review requests for a potential conflict of interest when litigation involves the University. *Id.* § 3(O)(9). Even then, however, the University may not take account of viewpoint or content when assessing a potential conflict. Third, the Revised Policy provides that signing an amicus brief ordinarily does not need pre-approval and permits a professor to state his or her position with the University when signing the brief. *Id.* § 3(K)(10). And

8

finally, there is now a shortened period of time in which the University must make decisions about whether to approve or disapprove a request to serve as an expert witness or legal consultant. *Id.* § 8(A)(iv)–(v). These revisions are precisely the relief Plaintiffs sought in filing their lawsuit.

It is not credible to contend that the University would have made these changes had Plaintiffs not brought and maintained this lawsuit. *Contra* ECF No. 110 at 4–5. The central feature of the Revised Policy incorporated nearly word-for-word revisions that Plaintiffs sought in settlement negotiations. *See* Declaration of Morgan A. Davis ¶¶ 10–12; *compare* Ex. B[3] at 4 ("The viewpoint and content of the Employee's speech or other activity shall not be considered by the University in assessing whether a Conflict of Interest exists.") *with* ECF 105-1 § 6(C) ("The viewpoint and content of the Employee's speech or other activity shall not be considered when assessing whether a Conflict of Interest exists."). The Revised Policy also specifically treats participation in amicus briefs as a "Non-reportable Outside Activity," ECF 105-1 § 3(K)(10), which was clearly at the insistence of Plaintiffs and is nowhere to be found in the task force recommendations, ECF No. 31-29. Furthermore, the Revised Policy now provides a time limit within which the University must make decisions regarding conflicts

---

[3] "Ex. X" refers to the exhibits attached to the declaration of Morgan A. Davis, submitted herewith.

of interest, ECF No. 105-1 § 8(A)(iv)–(v), and the lack of a time limit in the previous Policy was one of the constitutional infirmities that Plaintiffs argued in moving for a preliminary injunction, ECF No. 30 at 31.

That Plaintiffs voluntarily moved to dismiss this action, and that the preliminary injunction was vacated after the changes to the Policy "made further litigation unnecessary," does not alter Plaintiffs' prevailing party status. *Common Cause Georgia*, 17 F.4th at 106. As the Eleventh Circuit has explained, "when plaintiffs clearly succeeded in obtaining the relief sought before the district court and an intervening event rendered the case moot on appeal, plaintiffs are still 'prevailing parties' for the purposes of attorney's fees for the district court litigation." *Thomas v. Bryant*, 614 F.3d 1288, 1294 (11th Cir. 2010) (quotations omitted). Indeed, the Eleventh Circuit has explicitly held that its decision "to dismiss each parties' appeal, vacate the judgment, and instruct the district court to dismiss the case will not deprive the Plaintiffs of the opportunity to seek [] § 1988 attorneys' fees." *Jacksonville Prop. Rts. Ass'n v. City of Jacksonville*, 635 F.3d 1266, 1275 n.20 (11th Cir. 2012).

Finally, this Court need not review whether it originally had jurisdiction to issue the preliminary injunction before determining Plaintiffs' entitlement to

10

attorney's fees and costs.⁴ *See Curtis v. Taylor*, 625 F.2d 645, 649 (5th Cir. 1980) (dismissing appeal as moot and noting that "[t]he district court may still determine whether the plaintiffs were the prevailing party and award attorney's fees without regard to whether or not its issuance of the injunction was ultimately correct in our eyes")⁵; *see also Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 805 (9th Cir. 2009) ("[W]hen a matter becomes moot on appeal, the court will not, and cannot, review the merits of the underlying dispute for the purpose of determining whether an award of attorney fees was proper . . . [I]t cannot ask whether the district court's underlying decision on the merits was erroneous.") (collecting cases). Importantly, the Eleventh Circuit did not entertain Defendants' request to review this Court's jurisdiction to enjoin the Policy. Instead, the Eleventh Circuit dismissed the appeal and vacated the preliminary injunction because the controversy is indisputably moot *now*, not because the controversy was moot at any earlier date. *Austin v. Univ. of Fla. Bd. of Tr.*, No. 22-10448, Dkt. No. 30 (11th Cir. Mar. 20, 2023). And, again, the vacatur has no impact on Plaintiffs' entitlement to fees or costs. *See Jacksonville Prop. Rts. Ass'n*, 635 F.3d at 1275

---

⁴ In any event, as this Court has already held in a thorough and well-reasoned opinion, it plainly had jurisdiction to issue the preliminary injunction. ECF No. 65 at 25–37.

⁵ The Eleventh Circuit has adopted as precedent all decisions of the Fifth Circuit handed down prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

11

n.20 (vacatur "will not deprive the Plaintiffs of the opportunity to seek [] § 1988 attorneys' fees").

Plaintiffs are therefore the "prevailing parties" in this § 1983 action and are entitled to an award of reasonable attorneys' fees and costs pursuant to § 1988 and FRCP 54(d).

## CONCLUSION

Plaintiffs respectfully request that the Court determine that Plaintiffs are entitled to reasonable attorneys' fees and costs. Plaintiffs are prepared to promptly itemize the attorney's fees in accordance with Local Rule 54.1 and with this Court's Order, ECF No. 117. In accordance with Local Rule 54.2, Plaintiffs are simultaneously filing a bill of costs to recoup (1) the filing fee, (2) the fees for service of summons, and (3) the transcript fees for the two preliminary injunction hearings before Your Honor.

Dated: April 6, 2023
Washington, D.C.

/s/ David A. O'Neil
DAVID A. O'NEIL (*pro hac vice*)
Debevoise & Plimpton LLP
801 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C. 20004
(202) 383-8000

PAUL DONNELLY
Florida Bar No. 813613
LAURA GROSS
Florida Bar No. 858242
CONOR P. FLYNN
Florida Bar No. 1010091

daoneil@debevoise.com

MORGAN A. DAVIS (*pro hac vice*)
JAIME FREILICH-FRIED (*pro hac vice*)
SAMUEL ROSH (*pro hac vice*)
SOREN SCHWAB (*pro hac vice*)
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
mdavis@debevoise.com
jmfried@debevoise.com
sjrosh@debevoise.com
sschwab@debevoise.com
kwitteman@debevoise.com

Donnelly + Gross LLP
2421 NW 41st Street, Suite A-1
Gainesville, FL 32606
(352) 374-4001
paul@donnellygross.com
laura@donnellygross.com
conor@donnellygross.com

ALEXANDRA P. SWAIN (*pro hac vice*)
Debevoise & Plimpton LLP
650 California Street
San Francisco, CA 94108
(415) 738-5700
apswain@debevoise.com

*Counsel for Plaintiffs Sharon Wright Austin, Michael McDonald, Daniel A. Smith, Jeffrey Goldhagen, Teresa J. Reid, and Kenneth B. Nunn*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Counsel for the Plaintiffs have repeatedly conferred with counsel for the Defendants regarding attorneys' fees via several email communications and at least one phone conversation. The parties did not reach an agreement.

/s/ David A. O'Neil
David A. O'Neil

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify that this motion and memorandum of law contains 2,693 words.

/s/ David A. O'Neil
David A. O'Neil

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2023, a copy of this document was filed electronically through the CM/ECF system and furnished by email to all counsel of record.

/s/ David A. O'Neil
David A. O'Neil
