**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHARON   WRIGHT   AUSTIN,   MICHAEL:
MCDONALD, DANIEL A. SMITH, JEFFREY:
GOLDHAGEN,   TERESA   J.   REID,   and:
KENNETH B. NUNN,                            :      1:21-cv-00184-MW-GRJ
                                                             :
                    Plaintiffs,            :
                                                             :
         v.                                           :
                                                             :
UNIVERSITY   OF   FLORIDA   BOARD   OF:
TRUSTEES, the public body corporate acting for:
and on behalf of the University of Florida; W.:
KENT   FUCHS,   in   his   official   capacity   as:
President of the University of Florida; JOSEPH:
GLOVER, in his official capacity as Provost of:
the   University   of   Florida;   and   LAURA:
ROSENBURY, in her official capacity as Dean of:
the Fredric G. Levin College of Law,      :
                                                             :
                    Defendants.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DECLARATION OF MORGAN A. DAVIS

I, Morgan A. Davis, declare as follows:

1.      I am a member of the New York Bar and am associated with the law firm of Debevoise & Plimpton LLP.  I have been admitted to this Court *pro hac vice* as counsel for Plaintiffs.

2.      I make this declaration on personal knowledge and on the record of this litigation in support of Plaintiffs' Motion for Reasonable Attorneys' Fees and

Costs.

3.      The parties participated in mediation as required by the Eleventh Circuit Court of Appeals on April 25, 2022.  Attached as **Exhibit A** is a true and correct copy of the Notice of Telephonic Mediation.

4.      After mediation, the parties engaged in settlement negotiations to resolve this matter.

5.      Settlement negotiations took the principal form of suggested revisions to the University of Florida's Conflicts of Interest Policy (the "Policy").

6.      After months of negotiations and back-and-forth between the parties, the University adopted a revised version of the Policy on October 13, 2022 (the "Revised Policy") that provided Plaintiffs with everything they sought in filing suit against the University.

7.      The Revised Policy contained nearly word-for-word language that Plaintiffs proposed during settlement negotiations.

8.      For example, attached as **Exhibit B** is a true and correct copy of a May 9, 2022 email communication and attachments between the parties where Plaintiffs proposed the following language to be added to the Policy:  "The viewpoint and content of the Employee's speech or other activity shall not be considered by the University in assessing whether a Conflict of Interest exists."

9.      The Revised Policy's prohibition on viewpoint and content

discrimination reads:  "The viewpoint and content of the Employee's speech or other activity shall not be considered when assessing whether a Conflict of Commitment exists."  ECF 105-1§ 6(C).

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York on this 6th day of April 2023.


/s/ Morgan A. Davis
Morgan A. Davis