# Exhibit A

**KINNARD MEDIATION CENTER**
**UNITED STATES COURT OF APPEALS**
ELEVENTH JUDICIAL CIRCUIT

CALEB DAVIES
CHIEF CIRCUIT MEDIATOR

PLEASE REPLY TO THE **MIAMI OFFICE**
WRITER'S DIRECT DIAL **305-714-1901**
WRITER'S EMAIL **Beth_Greenfield-Mandler@ca11.uscourts.gov**

BETH GREENFIELD-MANDLER
ANDREA DONEFF
MATTHEW HODES
CIRCUIT MEDIATORS

March 7, 2022

SENT ELECTRONICALLY

H. Christopher Bartolomucci, Esq.
Brian Field, Esq.
David A. O'Neil, Esq.
Morgan A. Davis, Esq.

<u>Notice of Telephone Mediation</u>
APPEAL 22-10448, Sharon Wright Austin, et al v. University of Florida Board of Trustees, et al

The above appeal is scheduled for mediation pursuant to Federal Rules of Appellant Procedure 33 and Eleventh Circuit Rule 33-1. The purpose of the mediation is to explore possibilities for settlement of the parties' dispute in its entirety, including any related claims that may not yet be ripe for Eleventh Circuit review.

**The mediation is to be held by telephone on Monday, April 25, 2022 at 2:00 p.m. Eastern Time**.

Call In Number: 844.863.5972
ID and Password: 2210448

You should allow **three hours** for this telephone mediation. I require that you immediately provide a copy of this 3-page notice to your client, to any parties below who are required to participate, and to counsel for any other parties actively involved who are not listed as addressees on this notice. Please immediately identify these nonlisted parties to me and to opposing counsel.

Except as waived by me in advance of the mediation date, **counsel and each of the following parties must participate in the entire mediation**, including any follow-up sessions, until either a settlement is reached or I declare an impasse.

a) Clients: Your client and a representative of any person or entity directly affected financially by the outcome of this litigation (indemnitors, etc.) must personally participate.

b) Insurers: A representative of any insurance company, either as a party or nonparty, that has not offered policy limits must personally participate with authority and discretion to settle up to policy limits or the amount of the claimant's last settlement demand, whichever is less. If an insured party has any exposure outside of policy limits or has control or influence on the amount paid within policy limits, then both the insured party and the representative must personally participate.

c) Governmental entities: When a party is a governmental entity that approves settlements by a deliberative session, then a member of that deliberating body or the entity's executive director or a person expressly designated by the director must personally participate.

---

**MIAMI OFFICE**
KINNARD MEDIATION CENTER
99 NE 4th STREET, #933
MIAMI, FL 33132
TEL 305-714-1900
FAX 305-714-1910

**ATLANTA OFFICE**
KINNARD MEDIATION CENTER
56 FORSYTH STREET, NW, #535
ATLANTA, GA 30303
TEL 404-335-6260
FAX 404-335-6270

Case 1:21-cv-00184-MW-HTC   Document 120-1   Filed 04/06/23   Page 3 of 4
USCA11 Case: 22-10448   Date Filed: 03/07/2022   Page: 2 of 3 RESTRICTED

Notice of Telephone Mediation
Page 2

Authority
Representatives of parties must have authority to dismiss any affirmative claim unconditionally, or to pay a claim (or most recent settlement demand) in full, if in the client-representative's sole discretion resolution on that basis is appropriate.  Representatives for governmental entities that make decisions collectively must have authority to negotiate on behalf of and make recommendations to such entity concerning settlement.  All parties and counsel are required to participate in the mediation in good faith and with the intention of attempting to settle on a basis all parties can accept.

Confidential Mediation Statement
11th Cir. R.33-1(d) requires that counsel send me a Confidential Mediation Statement assessing the prospects of the appeal.  In the statement counsel should address the topics raised on page 3 of this notice.  Counsel should mail, email, or fax the statement so that I receive it at least a week before the mediation date.  It should be in letter format and preferably not more than five pages.  I will not share the statement with the other side, and it will not become part of the court file.

Mediation Guidelines
All participants are required to read the mediation guidelines titled "Mediation in the Eleventh Circuit Court of Appeals." These guidelines provide detailed information on the court's mediation process and should assist you in preparing for the mediation.  Also included in the document are requirements for an extension of time to file briefs, post-settlement dismissal procedures, and noncompliance sanctions for failure to comply with the rule or this notice of mediation. The document is available on the Internet at www.ca11.uscourts.gov/mediation-forms.

11th Cir. R. 33-1(g) permits the substitution of a private mediator, employed by the parties at their expense, to mediate this appeal under the procedures set forth by the Kinnard Mediation Center. For information on the procedures and requirements that govern the use of a private mediator, please refer to the document "Private Mediator Procedures for Mediation of Appeals," which is available on the Internet at www.ca11.uscourts.gov/mediation-forms.

Briefs
**MEDIATION DOES NOT AUTOMATICALLY STAY APPELLATE PROCEEDINGS**, including the briefing schedule.  If you have a brief due and would like to request an extension of time from me, you must follow the "Extensions of Time to File Briefs" procedures referenced in Part 9 of the mediation guidelines, which are available on the Internet at www.ca11.uscourts.gov/mediation-forms.

If you have questions or need to provide additional information, please contact me directly at Beth_Greenfield-Mandler@ca11.uscourts.gov or (305) 714-1901.

Sincerely,

BETH GREENFIELD-MANDLER, CIRCUIT MEDIATOR

Notice of Telephone Mediation
Page 3
March 7, 2022

## Confidential Mediation Statement

11th Cir. R. 33-1(d) requires that counsel in appeals selected for mediation send the circuit mediator a Confidential Mediation Statement assessing the prospects of the appeal. Counsel should mail, email, or fax the statement so that I receive it at least a week before the mediation date. It should be in letter format and preferably not more than five pages. I will not share the statement with the other side, and it will not become part of the court file.

Please make sure the statement identifies the case by caption, appeal number, and party.

In the statement counsel should:

1. Recite the circumstances that gave rise to the litigation, including facts underlying any procedural issues in the appeal.

2. Describe any matters pending in the lower court or in any related litigation.

3. Describe any recent developments that may affect the resolution of the appeal.

4. Describe the important factors (factual, legal, practical) you believe affect the terms and conditions upon which the appeal may reasonably be settled.

5. Describe any efforts to settle the issues, including offers or demands before and since the judgment or order appealed from.

6. Provide a candid assessment of the strengths and weaknesses of the major points of error of the appeal.

7. Describe the necessary terms in any settlement (i.e., confidentiality, date by which settlement must close, scope of release, disposition of related litigation, etc.).

8. Describe any additional information your client or the other party needs to settle the appeal and whether it is needed before the mediation.

9. State whether you and your parties will participate in the mediation in good faith with the intention of using your best efforts to settle the appeal, and explain if "no" as to any party.

10. State whether you and your parties will maintain confidentiality with respect to settlement communications made and received during and subsequent to the mediation, and explain if "no" as to any party.

11. If the appeal were remanded, describe the realistic range of outcomes upon further trial or disposition by the lower court, including monetary remedies, attorney's fees, court costs, further appellate costs, and similar awards the lower court might have opportunity to consider awarding.

12. Provide the name, title, address, telephone number, and email address of each person who will be participating in the mediation with you and designate which persons will have settlement or negotiating authority. (Also provide the participant information (name, title/role) to opposing counsel in a communication separate from this Confidential Mediation Statement, with a copy to me.)

**DO NOT SEND** your Confidential Mediation Statement to opposing counsel or opposing parties or the Circuit Clerk's Office.