Exhibit B

**Davis, Morgan**

| | |
|---|---|
| **From:** | Davis, Morgan |
| **Sent:** | Monday, May 9, 2022 8:11 PM |
| **To:** | O'Neil, David A.; UF Professors – Associates |
| **Subject:** | FW: Confidential Settlement Communication Pursuant to Mediation |
| **Attachments:** | Pls' Settlement Proposal - Redline.DOCX; Pls' Settlement Proposal - PDF.pdf |

**Morgan A. Davis** (she/her/hers) | Associate | Debevoise & Plimpton LLP | mdavis@debevoise.com | +1 212 909 6389| www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Davis, Morgan <>
**Sent:** Monday, May 9, 2022 8:10 PM
**To:** 'H. Christopher Bartolomucci' <cbartolomucci@schaerr-jaffe.com>; Beth Greenfield-Mandler <Beth_Greenfield-Mandler@ca11.uscourts.gov>
**Cc:** Paul Donnelly <paul@donnellygross.com>
**Subject:** RE: Confidential Settlement Communication Pursuant to Mediation

Dear Mr. Bartolomucci and Ms. Greenfield-Mandler,

Please find attached Plaintiffs' settlement proposal, which is a mark-up of the existing Policy. Per our discussion at the mediation, we have also left a placeholder for an appeals process. We ask that Defendants propose an appeals process in the first instance. Finally, if the parties come to an agreement, we would expect the University to update the website referenced in Section 5.C.1 of the Policy.

Best,
Morgan Davis

**Morgan A. Davis** (she/her/hers) | Associate | Debevoise & Plimpton LLP | mdavis@debevoise.com | +1 212 909 6389| www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone

(you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

---

**From:** H. Christopher Bartolomucci <cbartolomucci@schaerr-jaffe.com>
**Sent:** Monday, May 2, 2022 6:02 PM
**To:** Paul Donnelly <paul@donnellygross.com>; Davis, Morgan <mdavis@debevoise.com>
**Cc:** Beth Greenfield-Mandler <Beth_Greenfield-Mandler@ca11.uscourts.gov>
**Subject:** Confidential Settlement Communication Pursuant to Mediation

Dear Counsel and Ms. Greenfield-Mandler,

Pursuant to the telephonic mediation of April 25, 2022, please see the attached.  This communication is subject to the prior agreement of the parties and their counsel to maintain confidentiality with respect to settlement communications made and received during and subsequent to the mediation.

Regards,

Chris Bartolomucci


H. Christopher Bartolomucci
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900 | Washington, DC 20006
Office (202) 787-1060 | Mobile (202) 256-2735
cbartolomucci@schaerr-jaffe.com | www.schaerr-jaffe.com

CONFIDENTIAL – FOR SETTLEMENT DISCUSSION ONLY
FRE 408

## 1. Policy Statement and Purpose

The University of Florida encourages its Employees to engage in activities supporting their professional growth, creating new knowledge and ideas, and furthering the University's mission of excellence in education, research, and service. University Employees' primary professional obligation, however, is to act in the best interest of the University—to teach at the undergraduate and graduate level, pursue research and scholarship, and to share the benefits of that research and knowledge for the public good—and to maintain the highest ethical and professional standards. A University Employee's Outside Activities or interests must not conflict, or appear to conflict, with their professional obligations to the University of Florida. Accordingly, this Policy establishes standards and requirements to protect the University's financial wellbeing, reputation, and legal obligations and provides a system for identifying, reporting, and managing real or apparent conflicts.

## 2. Applicability

All University Employees as defined below. To the extent this Policy conflicts with other University policies or procedures, this Policy shall control.

## 3. Definitions

*Conflict of Commitment:* occurs when a University Employee engages in an Outside Activity, either paid or unpaid, that could interfere with their professional obligations to the University. The viewpoint and content of the Employee's speech or other activity shall not be considered by the University in assessing whether a Conflict of Commitment exists.

*Conflict of Interest:* occurs when a University Employee's financial, professional, commercial or personal interests or activities outside of the University affects, or appears to affect, their professional judgement or obligations to the University. The viewpoint and content of the Employee's speech or other activity shall not be considered by the University in assessing whether a Conflict of Interest exists. It is not a conflict of interest for an employee to take a position as an expert witness or legal consultant that is contrary to the interests or positions of the University of Florida, the State of Florida, or any of their agencies, subdivisions, or affiliated entities.

*Employee:* University Faculty or Staff as defined herein.

*Entity:* any business, company, or other organization, whether public or private, including without limitation any partnership, corporation, limited liability corporation, unincorporated association, or other institution or organization, whether for-profit or not-for-profit.

*Faculty:* all positions identified as Academic Personnel in the University of Florida Regulation 7.003 Academic Personnel Employment Plan.

*Financial Interest:* Any monetary or equity interest held by or inuring to an Employee or their Immediate Family Member which would create an actual or apparent Conflict of Interest.

*Immediate Family Member:* an Employee's spouse, domestic partner, child or stepchild, parent, parent-in-law, sibling, and anyone sharing the employee's household (other than a tenant or employee).

*Outside Activity:* any paid or unpaid activity undertaken by an Employee outside of the University which could create an actual or apparent Conflict of Commitment or Conflict of Interest. Outside Activities may include consulting, participating in civic or charitable organizations, working as a technical or professional advisor or practitioner, or holding a parttime job with another employer. Signing onto amicus briefs in one's personal capacity while stating one's affiliation with the University of Florida is not an Outside Activity.

*Reportable Outside Activity:* any Outside Activity that is required to be disclosed to the University through the UFOLIO system.

*Staff:* any regular, non-exempt or exempt employee in research, academic, or administrative positions, including Technical, Executive, Administrative and Managerial Support (TEAMS) staff; University Support Personnel System (USPS) staff; and Other Support Personnel (OSP) as defined in University of Florida Regulation 1.100.

## 4. Conflicts

**A. Guiding Principles**
Employees of the University of Florida must adhere to the highest ethical and professional standards. Good judgment is essential and no set of rules can adequately address the myriad of potential conflicts. If Employees have questions concerning a potential conflict of commitment or conflict of interest, they must first discuss these concerns with their supervisor[1]. Real or apparent conflicts must be managed or disclosed as set forth in section 5 below.

**B. Conflicts of Commitment**

University Employees must commit their primary professional and intellectual energy towards supporting the University's mission of excellence in education, research and service. A Conflict of Commitment occurs when an Employee's professional time or energy is devoted to Outside Activities adversely affecting their capacity to satisfy their obligations to the University of Florida.

Conflicts of Commitment usually involve time allocation. For instance, when an Employee attempts to balance their University responsibilities with Outside Activities such as consulting or volunteering in areas concerning their professional expertise, they may be left with inadequate time to fulfil their University responsibilities adequately.

Employees wishing to engage in an Outside Activity that may present a Conflict of Commitment — however insignificant it may seem to the Employee — must disclose the Outside Activity to their supervisor and receive approval for before engaging in the outside activity. Irrespective of disclosures, it is the responsibility of University supervisors (in the case of Faculty, their department chairs and deans) to identify and manage any Conflicts of Commitment undertaken by their direct reports.

If the University determines an Outside Activity will result in a Conflict of Commitment, the University may, in its sole discretion, prohibit the individual from engaging in the activity; require the individual take personal time off or a leave of absence to participate in the activity; or implement other measures the University deems reasonably necessary.

**C. Conflict of Interest**

2

Employees must avoid situations which interfere with—or reasonably appear to interfere with—their professional obligations to the University. Such situations might create an appearance of impropriety and, therefore, must be disclosed. As discussed below, Employees will use the UFOLIO system to disclose Outside Activities in which they wish to engage. When the University determines a Conflict of Interest may exist with an Employee, the University may~~, in its sole discretion,~~ prohibit the individual from engaging in the activity presenting a potential conflict; take actions to limit the individual's activity; or implement other measures the University deems reasonably necessary to eliminate the potential conflict.

### D. Intellectual Property

The University's mission includes fostering invention and the development of new patentable and non-patentable ideas, technologies, methodologies, copyrights and other creations of the human mind. The University attempts to license many of these innovations to commercial entities so the fruits of this innovation may reach the marketplace for the public good and provide resources for further innovation. The University, therefore, must be protected from both real and perceived disclosure of intellectual property with entities in which University inventors have personal or financial interests or are adverse to the University's interest. More information, including applicable definitions, the University's ownership rights to inventions and works can be found in the University's [Intellectual Property Policy](#).

## 5. Disclosure Requirements

### A. When to Disclose

1. Conflict of Interest:

Regardless of whether an Outside Activity occurs during a University assignment or appointment, Employees must disclose certain Outside Activities and Financial Interests through the UFOLIO system (and receive approval through the UFOLIO System prior to commencing such activities or pursuing such interests), which may lead to a Conflict of Interest under the following circumstances:

1. Upon initial hiring or engagement with the University;
2. Prior to acquiring a new Financial Interest;
3. Prior to engaging in, or committing to engage in, an Outside Activity;
4. Prior to accepting a position or role which could reasonably be perceived as creating a Conflict of Interest;
5. Prior to entering a relationship, including a familial relationship, which could reasonably be perceived as creating a Conflict of Interest; and
6. At least annually, even if attesting to no change from previous disclosures.

Employees failing to receive approval through the UFOLIO system prior to commencing an Outside Activity as required herein may be subject to administrative or disciplinary action as set forth in section 7 below. The absence of express disapproval of an outside activity does not constitute approval by the University.

Regarding the annual reporting obligation in section 5(A)7 above, Employees must annually disclose their Financial Interests and Outside Activities existing at that time or which existed

in the previous calendar year. The University will make efforts to provide courtesy notice to Employees at least 30 days prior to their annual disclosure date. However, the failure to provide such notice or the failure of an Employee to receive such notice does not relieve an Employee of the obligation to make a timely annual disclosure.

2. Conflict of Commitment:

Employees must disclose to their supervisor any Outside Activity that may create a Conflict of Commitment, either alone or together with other Outside Activities, before engaging in the Outside Activity. Irrespective of whether an Outside Activity is disclosed, however, it is the responsibility of all supervisors to identify any Conflicts of Commitment undertaken by their direct reports and manage it appropriately. If a supervisor is unsure whether a given activity poses a Conflict of Commitment or how to manage it, the supervisor should consult with the dean or vice president to whom they report.

**B. What to Disclose**

**The following potential Conflicts of Interest and Outside Activities must be disclosed as provided below:**

1. Management or Material Interest: You, your spouse, dependent children, or relatives have a management position (e.g., officer, director, partner, proprietor), or a material (more that 5% ownership interest in the entity) financial interest in an entity that enters into any agreements or contracts with UF (e.g., service agreements, leases, sales agreements).
2. Publicly-Traded Entity Payments/Ownership: You, your spouse, or dependent children receive payments or have an ownership interest of $5,000 or more (including shares, partnership stake, or derivative interests such as stock options) in a publicly-traded entity where the ownership interest reasonably appears to be related to your institutional responsibilities. [Note: This does not include if the ownership interest is managed by a third party such as a mutual or retirement fund.]
3. Privately-Held Entity Ownership: You, your spouse, or dependent children have any ownership interest in a privately held entity where the ownership interest reasonably appears to be related to your institutional responsibilities.
4. Public Office/Candidate: You are a candidate for public office or you hold public office.
5. Outside Teaching Appointments: You have or you are seeking approval to hold a teaching appointment with any entity other than UF.
6. Outside Research: You conduct or you are seeking approval to conduct any research at, or receive any research funding from or through, any entity other than UF. [Note: Research conducted at outside entities as part of a UF sponsored project or research funding received by UF does not need to be disclosed.]
7. Classroom Works: You require or you are seeking approval to require students to purchase works used in your classroom you or your spouse created, authored or co-authored (e.g., textbook(s), computer software, electronic or digital media) and for which you or your spouse will receive, or anticipate receiving payment, loan, subscription, advance, deposit of money, service, or anything of value.
8. Royalties/Licensing/Copyright Income: You receive royalties, licensing fees and/or copyright income in excess of $5000 annually from an entity other than UF.
9. Expert Witness/Legal Consulting: You serve or you are seeking approval to serve as an expert witness and/or engage in consulting in a legal matter like a lawsuit or a potential lawsuit.

4

CONFIDENTIAL – FOR SETTLEMENT DISCUSSION ONLY
FRE 408

10. Professional Services Related to UF Expertise: You provide or you are seeking approval to provide paid or unpaid professional services to an outside entity and the professional services relate to your UF expertise.
11. Leadership Roles: You have a senior management, administrative, or leadership role, whether paid or unpaid, with an outside entity related to your UF expertise where you make executive business and/or financial decisions on behalf of the outside entity.

**C. How to Disclose**

1. Conflict of Interest. Outside Activities and Financial Interests required to be disclosed under this Policy can be found at, and shall be made through, the University's online reporting system, UFOLIO or as otherwise directed by the Office of the Provost for non-faculty employees. UFOLIO, including disclosure instructions, FAQ and other information, can be accessed here: https://coi.ufl.edu/.
2. Conflict of Commitment. Disclosure of a potential Conflict of Commitment shall be made to the University Employee's supervisor in the manner specified by the respective Employee's department. In the absence of a specified manner for approval of a Conflict of Commitment, the Employee must at least obtain approval from the Employee's supervisor in writing and in a form that demonstrates the supervisor was informed of the full extent of the Outside Activity and commitment prior to approval. Outside Activities presenting a potential Conflict of Commitment must be disclosed and approved before the Employee undertakes the activity.

**D. Failure to Disclose**

1. Failure to disclose a Reportable Outside Activity by a respective deadline shall result in a written notification from the University, with copies to the Employee's supervisor, department chair and dean, directing the Employee to complete their disclosure within 10 business days.
2. Failure to disclose more than 10 business days following the receipt of a delinquency notification shall result in a written reprimand from the University, with copies to the Employee's supervisor, department chair and dean, as applicable, indicating the Employee must complete their disclosure within 10 business days.
3. If an Employee fails to disclose more than 10 business days following receipt of a written reprimand, the University may take administrative or disciplinary action against the Employee up to and including termination of employment.
4. Failure to make truthful and complete disclosure of all Reportable Outside Activities or Conflicts of Commitment may subject the Employee to administrative or disciplinary action as set forth in section 7 below.

## 6. Review and Adjudication

For activities and interests disclosed through UFOLIO, the Assistant Vice President for Conflicts of Interest and, depending upon the type of activity or interest, other applicable designated University officials, will determine whether a disclosed activity, interest or circumstance presents a Conflict of Interest. In addition to an Employee's obligation to report a potential Conflict of Commitment to the Employee's supervisor, University supervisors shall be responsible for identifying any Conflict of Commitment of their direct reports and managing the conflict appropriately.

The Provost or his or her designee shall make a final decision regarding activities under Section 5.B Item 9 no later than 7 calendar days following UFOLIO requests to perform such activities; provided, however, that the Provost or his or her designee shall make a final decision regarding activities under Section 5.B Item 9 no later than 2 business days following UFOLIO requests to perform such activities if an employee certifies that a longer review period would cause the employee to lose the opportunity to engage in the requested outside activity.  In such a situation, a failure to deny an employee's request does not operate as a disapproval of that request.  An employee may seek advance authorization to engage in an Outside Activity prior to receiving a request or invitation to engage in that Outside Activity.

Nothing in this Policy shall be construed to limit an employee's right to challenge in court a denial of a request to engage in an Outside Activity.

**Appeals Process:**

**[University to propose an appeals process in the first instance.]**

## 7. Policy Violations

The University may take administrative or disciplinary action concerning violations of this Policy up to and including termination of employment.

---

[1] Certain Outside Activities and Financial Interests must always be disclosed as set forth in section 5 of this Policy. When in doubt, supervisors must advise an Employee to disclose a potential conflict.

This Policy is subject to the recommendations of the UF Task Force on Outside Activities that were approved by President Fuchs on November 23, 2021.  The Task Force's recommendations and the President's approval may be found here .

This Policy is also subject to the January 21, 2022 Order of the U.S. District Court of the Northern District of Florida entered in Case No. 1:21-cv-00184-MW-GRJ.