# EXHIBIT B

Rev. 4/17

# Kinnard Mediation Center
## MEDIATION IN THE ELEVENTH CIRCUIT COURT OF APPEALS

## CONTENTS

1. INTRODUCTION. ....................................................................................................... 1

2. ELIGIBLE APPEALS. ................................................................................................ 1

3. SELECTION PROCESS. ........................................................................................... 1

4. DOCUMENTS REVIEWED. ...................................................................................... 2

5. SCHEDULING PROCESS. ........................................................................................ 2

6. MEDIATION PROCESS. ........................................................................................... 2

7. PARTY AND SETTLEMENT REPRESENTATIVE PARTICIPATION. ............................ 3

8. CONFIDENTIAL MEDIATION STATEMENT. ............................................................. 4

9. EXTENSIONS OF TIME TO FILE BRIEFS. ................................................................ 5

10. VOLUNTARY SETTLEMENT. .................................................................................. 7

11. POST-SETTLEMENT DISMISSAL PROCEDURES. ................................................. 7

12. CONFIDENTIALITY. ................................................................................................ 8

13. NONCOMPLIANCE SANCTIONS. ........................................................................... 8

1.  INTRODUCTION

The Eleventh Circuit launched its mediation program in 1992.  Formerly known as the Circuit Mediation Office, in 2001 the Eleventh Circuit designated the office as the Kinnard Mediation Center (KMC) to honor Stephen O. Kinnard, the first chief circuit mediator, and his extraordinary service in making mediation a fundamental component of the Eleventh Circuit's appeals process.

The KMC conducts mediation of civil appeals pursuant to Fed. R. App. P. 33 and 11th Cir. R. 33-1.  The court's mediation process provides opportunities for parties to resolve their dispute confidentially with the help of a neutral third party.  Each year hundreds of appeals are resolved through the mediation program.

The KMC's circuit mediators are full-time court employees and have extensive trial and appellate experience as well as extensive experience in negotiation, mediation, and Eleventh Circuit practice and procedure.  The circuit mediators are located in Atlanta and Miami.

Since October 1, 2006, the court has allowed for the substitution of private mediators upon agreement of all parties and at their expense.  11th Cir. R. 33-1(g) and the document "Private Mediator Procedures for Mediation of Appeals" provide the procedures and requirements that govern the use of private mediators for this purpose.

All mediation program documents are available on the Internet at **www.ca11.uscourts.gov**.  Maps and directions to Eleventh Circuit buildings are available under the section titled "About the Court."

2.  ELIGIBLE APPEALS

Generally, all civil appeals are eligible for mediation conducted by the KMC.  However, appeals or petitions in which any party is proceeding without the assistance of counsel or in which any party is incarcerated, appeals from habeas corpus actions, and immigration appeals are not eligible.  If eligible, participation in the mediation program is mandatory.

3.  SELECTION PROCESS

Eligible appeals are sorted by district and rotationally assigned to the circuit mediators. The circuit mediators review each appeal they are assigned before scheduling it for mediation and may remove an appeal from the mediation program based on a procedural reason or a discretionary reason.

The KMC, an active or senior judge of the court of appeals, or a hearing panel of judges, either before or after oral argument, may direct counsel and parties in an appeal to participate in mediation conducted by the KMC.

## 4. DOCUMENTS REVIEWED

The Civil Appeal Statement, accompanied by required portions of the record, the notice of appeal, the district court and court of appeals dockets, and, in appeals scheduled for mediation, the required Confidential Mediation Statements of counsel provide the KMC with the information necessary for an understanding of the nature of the appeal.

## 5. SCHEDULING PROCESS

The KMC sends written notice of the initial mediation to lead counsel, to be received at least two weeks before the mediation date.  The KMC schedules most mediations soon after the filing of the Civil Appeal Statement and before briefing.  (Counsel are encouraged to confer with each other and the circuit mediator with a view towards deferring the briefing schedule until after the mediation occurs.  The circuit mediator has authority to adjust the briefing schedule for purposes of improving the prospects of a successful mediation.  See Part 9.)

If the parties consult and all agree that mediation would not be productive, they may contact the circuit mediator handling the appeal to discuss changing the scheduled mediation to an assessment conference.  The decision on whether to hold an assessment conference rests with the circuit mediator.  **If before the mediation counsel files a joint or unopposed motion to dismiss the appeal, counsel should call the KMC to cancel the mediation.**

## 6. MEDIATION PROCESS

Initial mediations are usually conducted in person at the KMC either in Atlanta or Miami or conducted by telephone.   If counsel outside of the Atlanta area or Miami area are noticed for an in-person mediation, but all parties prefer to have a telephone mediation, counsel may call the circuit mediator to discuss a change.  Similarly, if counsel are noticed for a telephone mediation but all parties prefer to have an in-person mediation, counsel may call the circuit mediator to discuss a change.  The decision to reformat a mediation from in-person to telephonic lies solely with the circuit mediator.

The circuit mediator begins the mediation session by describing the mediation process, discussing confidentiality, and inquiring whether any procedural questions or problems can be

resolved by agreement. The parties and the circuit mediator then discuss, either jointly or separately, and in no particular order, (a) the legal issues and the appellate court's decision-making process regarding these issues (e.g., preservation of error, waiver, standards of review); (b) any efforts to settle the appeal; (c) the parties' underlying interests, preferences, motivations, and assumptions and new information or other changes that may have occurred since the decision below; (d) future events based upon the various outcomes; (e) how resolution of the appeal could affect the underlying problem; (f) cost-benefit and time considerations; and (g) any procedural alternatives possibly applicable to the appeal (e.g., vacatur, remand). The discussion is not limited to these topics and will vary considerably depending on the circumstances of each appeal. The circuit mediator also attempts to generate offers and counteroffers and may conduct several follow-up mediation sessions by telephone or in person until the appeal settles or the circuit mediator reaches the conclusion that it will not settle.

Counsel should allow three hours for initial telephonic mediations; from four hours to all day for initial in-person mediations; and from thirty minutes to one hour for assessment conferences and follow-up mediation sessions. Full pursuit of all opportunities for negotiated settlement might require extensive mediator follow-up activity such as additional telephone calls, in-person sessions, or caucuses with each side separately.

**7. PARTY AND SETTLEMENT REPRESENTATIVE PARTICIPATION**

The KMC attempts to identify lead counsel for all parties and instructs counsel to promptly advise the assigned circuit mediator if the purposes of the mediation would be accomplished more effectively with different or additional attorneys or participants.

<u>Participants</u>. Except as waived by the circuit mediator in advance of the mediation date, each of the following must participate in the entire mediation, including any follow-up sessions, until either a settlement is reached or the circuit mediator declares an impasse:

(a) Counsel, client, and a representative of any person or entity directly affected financially by the outcome of the litigation (indemnitors, etc.) must personally participate.

(b) Insurers: A representative of any insurance company, either as a party or nonparty, that has not offered policy limits must personally participate with authority and discretion to settle up to policy limits or the amount of the claimant's last settlement demand, whichever is less. If an insured party has any exposure outside of policy limits or has control or influence on the amount paid within policy limits, then both the insured party and the representative must personally participate.

(c)  Governmental entities:  When a party is a governmental entity that approves settlements by a deliberative session, then a member of that deliberating body or the entity's executive director or a person expressly designated by the director must personally participate.

<u>Authority</u>.  Representatives of parties must have authority to dismiss any affirmative claim unconditionally or to pay a claim (or most recent settlement demand) in full, if in the client-representative's sole discretion resolution on that basis is appropriate.  Representatives for governmental entities that make decisions collectively must have authority to negotiate on behalf of and to make recommendations to such entity concerning settlement.  All parties and counsel are required to participate in the mediation in good faith and with the intention of attempting to settle on a basis all parties can accept.

## 8.  CONFIDENTIAL MEDIATION STATEMENT

11th Cir. R. 33-1(d) requires that counsel in appeals selected for mediation send the circuit mediator a Confidential Mediation Statement assessing the prospects of the appeal. Counsel should fax, mail, or email the statement so that the circuit mediator receives it at least one week before the mediation date.  It should be in letter format and preferably not more than five pages.  The circuit mediator does not share the statement with the other side, and it does not become part of the court file.  In the statement counsel should:

(a)  Recite the circumstances that gave rise to the litigation, including facts underlying any procedural issues in the appeal.

(b)  Describe any matters pending in the lower court or in any related litigation.

(c)  Describe any recent developments that may affect the resolution of the appeal.

(d)  Describe the important factors (factual, legal, practical) counsel believes affect the terms and conditions upon which the appeal may reasonably be settled.

(e)  Describe any efforts to settle the issues, including offers or demands before and since the judgment or order appealed from.

(f)  Provide a candid assessment of the strengths and weaknesses of the major points of error of the appeal.

(g)  Describe the necessary terms in any settlement (i.e., confidentiality, date by which settlement must close, scope of release, disposition of related litigation, etc.).

(h)  Describe any additional information counsel's client or the other party needs to settle the appeal and whether it is needed before the mediation.

(i)  State whether counsel and counsel's parties will participate in the mediation in good faith with the intention of using their best efforts to settle the appeal, and explain if "no" as to any party.

(j)  State whether counsel and counsel's parties will maintain confidentiality with respect to settlement communications made and received during and subsequent to the mediation, and explain if "no" as to any party.

(k)  If the appeal were remanded, describe the realistic range of outcomes upon further trial or disposition by the lower court, including monetary remedies, attorney's fees, court costs, further appellate costs, and similar awards the lower court might have opportunity to consider awarding.

(l)  Provide the **name, title, address, telephone number, and email address** of each person who will be participating in the mediation with counsel and designate which persons will have settlement or negotiating authority.  (As required in the Notice of Mediation, also provide this participant information to opposing counsel in a communication separate from this Confidential Mediation Statement, with a copy to the circuit mediator.)

**9.  EXTENSIONS OF TIME TO FILE BRIEFS**

The filing of a Civil Appeal Statement or the scheduling or rescheduling of a mediation conference does not stay appellate proceedings. The due-date for filing briefs, however, may be extended by the KMC if the conditions described below exist, there is substantial probability the appeal can settle via mediation, and the extension will prevent the unnecessary expenditure of time and resources by counsel, the parties, and the court.

<u>Length of KMC Extensions</u>.  The KMC may grant extensions of time to file an appellant's or appellee's brief for not more than 30 days from the date of a scheduled initial mediation, and for additional periods of not more than 30 days, to facilitate the prospects of settlement. Also, if warranted, the KMC may grant extensions of time to file a reply brief for up to seven days.

<u>Impasse</u>.  If after mediation negotiations through the KMC are declared an impasse by the circuit mediator, the KMC may grant one extension of time to file a brief that is due within 14 days of the impasse date for up to 21 days past the impasse date so that counsel will have as much as three weeks to prepare the brief after participating in the mediation.  Consent of opposing counsel is not necessary in this event.  This request must be made verbally at the declaration of impasse and then immediately followed with an email as below.

<u>Assessment Conference</u>.  The KMC is without authority to grant any extension if an initial mediation is changed to an assessment conference.  If during the assessment conference an initial mediation is scheduled, then going forward the KMC may grant extensions.

<u>Requirements</u>.  **Counsel of record** may request a KMC brief extension if the following requirements are met:

(a)  All parties agree to extend the due-date (not necessary in event of impasse).

(b)  The extension will (1) facilitate a productive mediation or (2) facilitate prospects of settlement or (3) allow counsel not more than 21 days to prepare the brief after having participated in an unsuccessful mediation.

(c)  The deadline for submitting the brief has not passed.

(d)  Counsel has not previously filed a motion for an extension of time.

(e)  The briefing schedule has not been established by court order.

Appellees may not request an extension until receipt of the appellant's brief is entered on the clerk's docket. Requests received after 3 p.m. Eastern Time will be processed the next business day. Due-dates that are a Saturday, Sunday, or legal holiday will be set for the next business day.

<u>Instructions</u>.  To make a request, **counsel of record** should email the KMC's brief extension coordinator at **KMC_Brief_Extensions@ca11.uscourts.gov**, copying the circuit mediator and counsel for each party separately represented, using the format below.

*[Email]*
*To:         KMC_Brief_Extensions@ca11.uscourts.gov*
*From:       [counsel of record]*
*Cc:         [circuit mediator, counsel for each party separately represented]*
*Subject:    **Brief Extension Requested:** [appeal number(s) and short caption]*

*[Text]*
*Circuit Mediator: [Name]*
*Initial mediation date: [Date]*
*Brief of [Appellant(s) or Appellee(s)]:  [name of party or parties]*
*Current due date: [Date]*
*New due date requested: [Date]*

*I have contacted opposing counsel and represent that all parties agree to this extension.  I meet the requirements necessary to obtain a KMC Brief Extension and request the above extension of time. I understand that if the KMC grants the extension it will forward this email to the clerk, copying the circuit mediator and counsel for each party separately represented (as copied with email request), and the clerk will update the docket to reflect the new due date.*

Other Requests for Extensions. If counsel does not meet the requirements for a KMC extension, a first request for an extension of fourteen calendar days or less can be made by telephone or in writing to the clerk. A first request for an extension of more than fourteen calendar days must be made by written motion to the court (11th Cir. R. 31-2(a)). Counsel's motion must not contain any reference to the KMC, as required by the confidentiality rules governing the program (11th Cir. R. 33-1(c)).

**10. VOLUNTARY SETTLEMENT**

Because settlement is voluntary, circuit mediators take no actions affecting the interests of any party without the consent of all parties. If the parties reach a settlement, counsel prepare the settlement agreement, which is binding upon all parties, and file a joint (or agreed) motion to dismiss. If the appeal does not settle, the circuit mediator declares an impasse. Negotiations may resume at any time (including post-oral argument) until the appeal is terminated.

**11. POST-SETTLEMENT DISMISSAL PROCEDURES**

When the parties have reached a settlement and all parties agree on the terms of settlement, counsel should file a joint (or agreed) motion to dismiss under Fed. R. App. P. 42(b) and 11th Cir. R. 42-1(a). This motion should address the following:

(a) Whether the dismissal pertains to all parties and claims on appeal.

(b) Whether the parties are to bear their own costs or another agreed apportionment.

The motion to dismiss either should be signed by all parties or, if submitted by one party, should contain an explicit statement that all other parties to the settlement agreement consent. If submitted by only one party, the motion should be submitted by the appellant. All motions must be accompanied by a certificate of service and a certificate of interested parties (11th Cir. R. 27-1(a)).

Settlement does *not* automatically stay any of the actions required under the rules to be timely performed, including ordering necessary transcripts and briefing. If counsel has a brief due prior to a motion to dismiss being *presented and decided*, counsel may request an

extension of time to complete that action by following the "Extensions of Time to File Briefs" procedures in Part 9 above. If the appeal is scheduled for oral argument, counsel should contact the court sessions unit of the clerk's office at 404-335-6131 for further direction.

## 12. CONFIDENTIALITY

To encourage efficient and frank settlement discussions, the court exercises great care to insure strict confidentiality in the mediation process. 11th Cir. R. 33-1's confidentiality provisions apply to all mediated appeals, including appeals that judges refer to mediation. The rule directs all parties and participants in the mediation process to keep confidential all statements and comments made or received during the mediation and in subsequent communications, including not disclosing them (or making any reference to the KMC or circuit mediation) in papers, motions, or arguments "to any court or adjudicative body that might address the appeal's merits." The rule provides limited exceptions: release that is necessary to enforce noncompliance sanctions, release to those entitled to know about the mediation by reason of a position or relationship with a party, or release with the written consent of each mediation participant.

The circuit mediator's notes and counsel's Confidential Mediation Statements do not become part of the court's file. The KMC does not reveal any request by counsel for mediation without the requesting party's permission. *Ex parte* communications are also confidential except to the extent disclosure is authorized. A party with specific concerns about confidentiality should raise them with the circuit mediator.

## 13. NONCOMPLIANCE SANCTIONS

11th Cir. R. 33-1(f) authorizes the clerk, after notice, to dismiss the appeal of a party who does not file a timely Civil Appeal Statement and authorizes the court, in the case of a party or attorney who fails to comply with the rule or the court's notice of mediation, to (a) assess reasonable expenses caused by the failure, including attorneys' fees or all or a portion of the appellate costs; (b) dismiss the appeal; or (c) take such other action it believes is warranted.