IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHARON WRIGHT AUSTIN,
et al.,

    *Plaintiffs*,

v.                                               Case No.: 1:21cv184-MW/HTC

UNIVERSITY OF FLORIDA BOARD
OF TRUSTEES, et al.,

    *Defendants*.

_____/

## ORDER FOR SUPPLEMENTAL BRIEFING

Pending before this Court are Plaintiffs' motion for entitlement to attorneys' fees, ECF No. 119, Defendants' response in opposition, ECF No. 122, and Plaintiffs' reply, ECF No. 124.

This case involves the University of Florida's conflict-of-interests policy, which Plaintiffs challenged as violative of the First Amendment for permitting content- and viewpoint-based discrimination and operating as an unconstitutional prior restraint on free speech. This Court previously determined that Plaintiffs had standing to challenge earlier iterations of the policy and that Defendants' post-suit actions in November 2021 did not moot Plaintiffs' claims. *See* ECF No. 47 at 4–17. This Court's Order granting in part Plaintiffs' motion for preliminary injunction, ECF No. 65, reiterated this Court's conclusions that Plaintiffs had standing, their

claims were ripe, and Defendants' post-suit actions in November 2021 did not moot the case. *See* ECF No. 65 at 25–37. Defendants appealed this Court's preliminary injunction order on February 8, 2022, ECF No. 70. On January 6, 2023, Plaintiffs moved to dismiss the appeal as moot in light of more recent revisions to the challenged policy in October 2022 that "Plaintiffs concluded . . . made further litigation unnecessary . . . ." Case No. 22-10448, Doc. 25 at 13 (11th Cir. Jan. 6, 2023) (Plaintiffs' motion to dismiss appeal). On March 20, 2023, the Eleventh Circuit granted Plaintiffs' motion, dismissing the appeal as moot, vacating the preliminary injunction entered in January 2022, and directing this Court to dismiss the case below as moot. *See* ECF No. 116.

Now, Plaintiffs seek a determination that they are "prevailing parties" entitled to attorneys' fees under 42 U.S.C. § 1988. Defendants oppose the motion, again asserting that this case was moot in November 2021 and that the most recent revisions published in October 2022 are just the codification of what was already true in November 2021. Both sides have filed affidavits in support of their conflicting positions. *See* ECF No. 120 (affidavit of Morgan A. Davis, discussing proposed language from settlement negotiations and final revisions to conflicts policy); ECF No. 122-1 (declaration of Ryan Fuller, asserting Defendants revised the conflicts policy as "the result of an organic process," and not "in reaction to this litigation or in an effort to moot this litigation"). However, neither side has requested

an evidentiary hearing, suggesting that the parties believe this Court should resolve any factual dispute based on the papers.

In response to Defendants' Fuller Declaration, Plaintiffs suggest the record and positions Defendants have taken throughout this litigation belie any assertion that the October 2022 policy revision was simply an "organic" development disconnected from this case. But this Court requires Plaintiffs to engage more fully with the declaration. Although Defendants have attached this declaration to a prior response before this Court and before the Eleventh Circuit, this Court has never fully addressed the assertions raised by the declaration months *after* this Court entered its preliminary injunction. Inasmuch as the declaration constitutes new evidence, is it proper for this Court to consider such new evidence at this juncture? Assuming the declaration is properly before this Court, why, specifically, should this Court discount Mr. Fuller's conclusory assertion that the October 2022 revisions were a fait accompli as early as November 2021?

Defendants, on the other hand, have not articulated why this Court should afford Mr. Fuller's declaration any weight. This is particularly true when he has not stated on what basis he can attest to the University of Florida's motivation in revising the conflicts policy. Aside from offering Mr. Fuller's interpretation of the events and motivations of third parties set out in his declaration, he offers no basis to support the conclusory assertion that the October 2022 revisions happened "organically."

Moreover, his declaration certainly does not say it is based on personal knowledge. Absent any basis in personal knowledge, why should this Court afford any weight to the Fuller declaration and its conclusory assertions concerning the motivations of third parties? Likewise, inasmuch as his declaration offers only a summary of events and Mr. Fuller's interpretation, absent personal knowledge, of others' motivations, why should this Court afford it any weight when it appears Mr. Fuller is simply playing this Court's role in reviewing the record and determining why the University was motivated to revise its policy in October 2022?

Finally, Defendants' position now appears to be that the October 2022 revisions were simply codifying what was true when the President adopted the Task Force recommendations in November 2021. But those recommendations granted a "strong presumption" in favor of approving requests to testify that could still be overcome in litigation in which the State of Florida is a party when the testimony "would conflict with an important and particularized interest of the university . . . ." ECF No. 31-29 at 4–5. The Task Force recommendations *did not* forbid consideration of the content or viewpoint of the employee's speech when determining whether it conflicts with "an important and particularized interest of the university." *Id*. But now, the October 2022 policy expressly prohibits consideration of content and viewpoint when considering whether a conflict of interest exists. *See* ECF No. 122-1 at 23–24. Accordingly, Defendants must explain why this Court

4

should conclude that the October 2022 policy is simply restating what was already true in November 2021.

The parties shall file supplemental briefs addressing the issues raised above in addition to (1) the propriety of considering new evidence at this juncture—citing binding authority for their positions, (2) whether such evidence creates any factual disputes, and (3) why this Court should not have an evidentiary hearing to resolve such factual disputes. The parties' supplemental briefs are due **on or before May 16, 2023**.

**SO ORDERED on May 9, 2023.**

<u>s/Mark E. Walker           </u>
**Chief United States District Judge**