IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
SHARON WRIGHT AUSTIN, MICHAEL :
MCDONALD, DANIEL A. SMITH, JEFFREY :
GOLDHAGEN, TERESA J. REID, and :
KENNETH B. NUNN, : 1:21-cv-00184-MW-HTC
:
          Plaintiffs, :
:
  v. :
:
UNIVERSITY OF FLORIDA BOARD OF :
TRUSTEES, the public body corporate acting for :
and on behalf of the University of Florida; W. :
KENT FUCHS, in his official capacity as :
President of the University of Florida; JOSEPH :
GLOVER, in his official capacity as Provost of :
the University of Florida; and LAURA :
ROSENBURY, in her official capacity as Dean of :
the Fredric G. Levin College of Law, :
:
          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**PLAINTIFFS' SUPPLEMENTAL BRIEFING IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS**

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

ARGUMENT .........................................................................................................1

I.     The Court Need Not Consider New Evidence at This Juncture.......................1

II.    The Fuller Declaration Does Not Create Any Relevant Factual Disputes. ..................................................................................................4

III.   If The Court Concludes There Are Relevant Factual Disputes, An Evidentiary Hearing Would Be Appropriate. ....................................................7

CONCLUSION.......................................................................................................9

# **TABLE OF AUTHORITIES**

**Cases**

*Amawi v. Paxton*,
  48 F.4th 412 (5th Cir. 2022) ............................................................................. 3, 4

*Bazemore v. Jefferson Capital Systems, LLC*,
  827 F.3d 1325 (11th Cir. 2016) ............................................................................. 5

*Beta Upsilon Chi v. Machen*,
  2014 WL 4928902 (N.D. Fla. Oct. 1, 2014) ......................................................... 2

*Common Cause Georgia v. Georgia*,
  17 F.4th 102 (11th Cir. 2021) ............................................................................... 2

*Common Cause/Georgia v. Billups*,
  554 F.3d 1340 (11th Cir. 2009) ............................................................................ 2

*Ellis v. England*,
  432 F.3d 1321 (11th Cir. 2005) ........................................................................ 5, 6

*Evers v. General Motors Corp.*,
  770 F.2d 984 (11th Cir. 1985) .............................................................................. 5

*Leigh v. Warner Bros.*,
  212 F.3d 1210 (11th Cir. 2000) ............................................................................ 5

*Martin v. Partsbase, Inc.*,
  2020 WL 8254281 (S.D. Fla. Dec. 7, 2020) ......................................................... 8

*Norman v. Hous. Auth. of City of Montgomery*,
  836 F.2d 1292 (11th Cir. 1988) ............................................................................ 7

*Rodda v. Univ. of Miami*,
  542 F. Supp. 3d 1289 (S.D. Fla. 2021) ................................................................. 5

# INTRODUCTION

Plaintiffs Sharon Wright Austin, et al. respectfully submit this supplemental briefing in accordance with the Court's Order, ECF No. 125, and in further support of their Motion for Attorneys' Fees and Costs, ECF Nos. 119, 124.  Specifically, this supplemental briefing addresses the Court's questions about (1) the propriety of considering new evidence at this juncture, (2) whether such evidence creates any factual disputes, and (3) why the Court should not have an evidentiary hearing to resolve such factual disputes.

# ARGUMENT

As explained below, (1) Plaintiffs do not believe the Court needs to consider new evidence at this juncture; (2) the Fuller Declaration is of no evidentiary value; and (3) while the Court does not need to have an evidentiary hearing to resolve this clear-cut dispute, if the Court finds that there is a factual dispute, an evidentiary hearing would be appropriate, but Plaintiffs should be permitted to take discovery in advance of such a hearing.

## I. The Court Need Not Consider New Evidence at This Juncture.

This Court need not consider new evidence in order to find that Plaintiffs are prevailing parties.  To determine that Plaintiffs are prevailing parties, this Court need only look to the fact that the University did not revise its policy to prohibit

viewpoint and content discrimination until after the preliminary injunction was entered.

The Eleventh Circuit has held that "a preliminary injunction on the merits entitles one to prevailing party status and an award of attorney's fees" where, as here, the defendant subsequently moots the case by repealing the challenged law or policy. *Common Cause Georgia v. Georgia*, 17 F.4th 102, 107 (11th Cir. 2021) (quoting *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009)); *accord Beta Upsilon Chi v. Machen*, 2014 WL 4928902, at *4 & n.4 (N.D. Fla. Oct. 1, 2014). To the best of Plaintiffs' knowledge, neither the Supreme Court nor the Eleventh Circuit has *ever* held that additional inquiry is required to assess why a Defendant changed its law or policy following a preliminary injunction; rather, the preliminary injunction itself is a sufficient "material alteration of the legal relationship of the parties" to confer prevailing party status. *Billups*, 554 F.3d at 1356. *Billups*' analysis is clear: it concluded that "[t]he NAACP and voters are prevailing parties because the preliminary injunction they obtained materially altered their legal relationship with the election officials" and "remained effective until Georgia repealed the law at issue." *Id*. There is no suggestion in the Eleventh Circuit's holdings that a defendant can evade paying fees simply through a self-serving statement that it would have changed the law regardless.

Even if the Court concludes that it should consider whether the University made the revisions in response to the preliminary injunction, such consideration would not require examination of new evidence. In *Amawi v. Paxton*, a case cited by Defendants, the Fifth Circuit held that the determination of prevailing party status "does not require inquiry into the subjective intent of the" defendant. 48 F.4th 412, 418–19 (5th Cir. 2022). Rather, *Amawi* emphasized that courts should focus on "objective manifestations" of the defendants' intent, *id.* at 419 n.5, including by "reference to purely objective metrics, for example, by establishing a compelling timeline, an outright admission, or the statutory language itself." *Id.* at 419.[1]

Here, the objective record evidence does just that. The timeline of events, the language of the various versions of the Policy, and Defendants' own representations to this Court all make clear that Defendants asserted the right to engage in viewpoint discrimination under previous policies, and that the October 2022 revisions to the Policy were made in direct response to Plaintiffs' efforts and

---

[1] While the *Amawi* court denied prevailing party status to plaintiffs because they could not show that the policy change was made "in direct response to the district court's preliminary injunction," the new legislation in that case had already been introduced *prior* to the preliminary injunction order. 48 F.4th at 418. In this case, the University did not make or propose the relevant revisions to the Policy until after this Court's order was in place. In any event, as discussed above, the Eleventh Circuit has not held that Defendants can avoid paying fees when they voluntarily moot a case following a preliminary injunction.

3

the Court's preliminary injunction. *See* Pls. Br., ECF No. 119, at 3–6, 9–10; Reply, ECF No. 124, at 3–6. As discussed in Plaintiffs' briefing, Defendants' refusal to revise the Policy to protect and respect the First Amendment rights of its professors before this Court entered the preliminary injunction makes clear that the October 2022 revisions were not an outgrowth of the November 2021 Task Force recommendations. Defendants should not be permitted to defeat Plaintiffs' prevailing party status by making conclusory assertions that the Policy changes were wholly unrelated to the preliminary injunction.

## II.  The Fuller Declaration Does Not Create Any Relevant Factual Disputes.

Even if this Court were inclined to consider additional evidence to determine if Plaintiffs were prevailing parties, the Fuller Declaration lacks evidentiary value and does not create a factual dispute. *See* ECF No. 122-1. The Fuller Declaration is not based on personal knowledge, purports to convey second-hand attorney-client privileged communications, does not substantiate Defendants' version of events, and in any event is simply not credible in light of the existing record.

As a threshold matter, Plaintiffs' reliance on *Amawi*, an out-of-circuit decision, is misplaced. Unlike in *Amawi*, the University did not implement the October 2022 revisions to the Policy, or even propose those revisions, prior to the preliminary injunction, and the Fuller Declaration does not contend otherwise. *See Amawi*, 48 F.4th at 418–19 (finding it significant that legislature proposed to moot

the law *before* preliminary injunction was issued). Rather, the University took no action to bring the Policy into compliance with the Constitution until many months *after* the injunction was in effect.

Moreover, the Fuller Declaration suffers from several defects that undermine any evidentiary value it may have. The Fuller Declaration is not made based on Ryan Fuller's personal knowledge. *See Bazemore v. Jefferson Capital Systems, LLC*, 827 F.3d 1325, 1330–31 (11th Cir. 2016) (court held that defendant failed to present competent evidence where the proffered affidavit was not based on personal knowledge of facts relevant to the specific dispute); *see also Ellis v. England*, 432 F.3d 1321, 1327 (11th Cir. 2005) (no genuine dispute of fact where party "relies entirely on unsupported, conclusory statements not based on personal knowledge"). Additionally, the key statements that attempt to show that the "[r]evisions to the Policy on Conflicts were the result of an organic process to implement the Task Force's recommendations and more closely align the CBA and the Policy," ECF No. 122-1 ¶ 12, contain legal argument and conclusory assertions rather than factual representations and therefore cannot be credited. *Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("This court has consistently held that conclusory allegations without specific supporting facts have no probative value.") (quoting *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir.1985)); *see also Rodda v. Univ. of Miami*, 542 F. Supp. 3d 1289, 1299

(S.D. Fla. 2021) (no issue of fact raised by "self-serving, conclusory affidavit"); *Ellis*, 432 F.3d at 1327. Therefore, the Fuller Declaration fails to raise a factual dispute.

Even if this Court were to consider the Fuller Declaration, it does not substantiate Defendants' contention that the University would have made the October 2022 revisions to the Policy independent of this lawsuit. Paragraphs 1–7 of the Fuller Declaration merely outline the details of the CBA and the Task Force Recommendations, which were previously introduced in the record. *See* ECF Nos. 23-1, 31-29. Notably, the University did not contend at that time that the CBA and Task Force recommendations prohibited viewpoint discrimination. To the contrary, it said it had a right to discriminate based on viewpoint, stating that "it is not clear [that Plaintiffs] had a First Amendment right to [assist or support parties and attorneys suing the State] while working for UF." ECF No. 43 at 18–19. The University was of the view that "no UF employee has a constitutional right to work for the Gator *and* feed their employer to one." *Id.* at 19.

Paragraphs 8–10 and 12 of the Fuller Declaration, which argue that the "[r]evisions to the Policy on Conflicts were the result of an organic process to implement the Task Force's recommendations and more closely align the CBA and the Policy," ECF No. 122-1 ¶ 12, again should be discounted because they are conclusory, offer no factual support, and conflict with the record before this Court.

6

Furthermore, the differences in text between the various versions of the Policy, the Defendants' vociferous defense of the prior version of the Policy, and common sense make clear that, even if the University's subjective intent mattered (which it does not for the reasons outlined above), the University did not subjectively intend to make the October 2022 changes back in November 2021. *See* Reply 3–6.

Additionally, paragraph 11 of the Fuller Declaration, which states that the University hired new personnel to revise the Policy in March 2022, ECF No. 122-1 ¶ 11, does not undermine Plaintiffs' contention that the changes to the Policy were made in response to the preliminary injunction. The preliminary injunction was entered in January 2022, two months before the new Assistant Vice President for Conflicts of Interest was hired and allegedly began her efforts to revise the Policy. The Fuller Declaration does not assert that she did not consider the preliminary injunction in her "studying" of the Policy in order to make revisions.

Thus, whether discounted for its evidentiary flaws or taken on its face, the Fuller Declaration fails to raise a factual dispute.

III. **If The Court Concludes There Are Relevant Factual Disputes, An Evidentiary Hearing Would Be Appropriate.**

As noted above, Plaintiffs do not believe that an evidentiary hearing is necessary because the Fuller Declaration failed to create a factual dispute. Plaintiffs submit that this Motion can be decided on the record before the Court. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.

1988) ("[T]he district court traditionally has had the power to make [] an award [of attorney's fees] without the need of . . . an evidentiary hearing" and an evidentiary hearing is necessary on a motion for attorneys' fees only "where the written record was not sufficiently clear to allow the trial court to resolve the disputes of fact.").

Nevertheless, if the Court concludes that there is a relevant factual dispute, an evidentiary hearing would be appropriate. In such a circumstance, Plaintiffs would respectfully request a reasonable opportunity to conduct document and deposition discovery to test the veracity of the allegations and conclusions in the Fuller Declaration. The University should not be permitted to engage in the same gamesmanship it has demonstrated throughout this litigation by proffering a self-serving declaration that is inconsistent with the record, without first allowing Plaintiffs to investigate further. *See Martin v. Partsbase, Inc.*, 2020 WL 8254281, at *2 (S.D. Fla. Dec. 7, 2020) (court ordered an "evidentiary hearing and permitted the parties to conduct limited discovery in advance of the hearing").

## CONCLUSION

For the foregoing reasons and the reasons set forth in Plaintiffs' opening and reply briefs, this Court should find Plaintiffs to be the prevailing parties and grant Plaintiffs' Motion for Attorneys' Fees and Costs.

Dated:  May 16, 2023
        Washington, D.C.

/s/ David A. O'Neil
DAVID A. O'NEIL (*pro hac vice*)
Debevoise & Plimpton LLP
801 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

MORGAN A. DAVIS (*pro hac vice*)
JAIME FREILICH-FRIED (*pro hac vice*)
SAMUEL ROSH (*pro hac vice*)
SOREN SCHWAB (*pro hac vice*)
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000
mdavis@debevoise.com
jmfried@debevoise.com
sjrosh@debevoise.com
sschwab@debevoise.com

PAUL DONNELLY
Florida Bar No. 813613
LAURA GROSS
Florida Bar No. 858242
CONOR P. FLYNN
Florida Bar No. 1010091
Donnelly + Gross LLP
2421 NW 41st Street, Suite A-1
Gainesville, FL 32606
(352) 374-4001
paul@donnellygross.com
laura@donnellygross.com
conor@donnellygross.com

ALEXANDRA P. SWAIN (*pro hac vice*)
Debevoise & Plimpton LLP
650 California Street
San Francisco, CA 94108
(415) 738-5700
apswain@debevoise.com

*Counsel for Plaintiffs Sharon Wright Austin, Michael McDonald, Daniel A. Smith, Jeffrey Goldhagen, Teresa J. Reid, and Kenneth B. Nunn*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify that this memorandum of law contains 1,905 words.

/s/ David A. O'Neil
David A. O'Neil

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2023, a copy of this document was filed electronically through the CM/ECF system and furnished by email to all counsel of record.

/s/ David A. O'Neil
David A. O'Neil
