# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

| | |
|---|---|
| SHARON WRIGHT AUSTIN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, *et al.*, <br><br> *Defendants*. | Case No.: 1:21-cv-00184-MW-HTC |

### DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

Amy Meyers Hass
  *Vice President and General Counsel*
 Florida Bar No. 483346
Ryan Fuller
  *Associate Vice President and*
  *Deputy General Counsel*
 Florida Bar No. 635324
UNIVERSITY OF FLORIDA
OFFICE OF GENERAL COUNSEL
123 Tigert Hall, P.O. Box 113125
Gainesville, FL 32611
(352) 392-1358
amhass@ufl.edu
ryanf@ufl.edu

H. Christopher Bartolomucci
  D.C. Bar No. 453423
Brian J. Field*
  D.C. Bar No. 985577
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com
bfield@schaerr-jaffe.com

*Admitted *pro hac vice*

*Counsel for Defendants*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... ii

INTRODUCTION ..............................................................................................1

STATEMENT OF FACTS ..................................................................................2

ARGUMENT .......................................................................................................6

    I.    The Court must consider Mr. Fuller's declarations to determine whether Plaintiffs are prevailing parties. ......................................................6

    II.    There is no material factual dispute and thus an evidentiary hearing is unnecessary. ................................................................................9

CONCLUSION ..................................................................................................12

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F) ....................14

CERTIFICATE OF SERVICE ...........................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Aaron-Brush v. Att'y Gen. State of Ala.*,
   678 F. App'x 792 (11th Cir. 2017) ..................................................................... 2

*Augustine v. Avoyelles Par. Police Jury*,
   No. 06-1662, 2009 WL 1393706 (W.D. La. May 18, 2009),
   aff'd sub nom. *Augustine v. Police Jury of Avoyelles Par.*,
   388 F. App'x 410 (5th Cir. 2010) ...................................................................... 7

*Austin v. Univ. of Fla. Bd. of Tr.*,
   No. 22-10448 (11th Cir. Mar. 20, 2023) ............................................................ 5

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't
   of Health & Human Res.*, 532 U.S. 598 (2001) ..................................... 1, 7, 12

*Common Cause/Georgia v. Billups*,
   No. 4:05-CV-0201-HLM, 2007 WL 9723985
   (N.D. Ga. Dec. 27, 2007) ................................................................................... 8

*Common Cause/Georgia v. Billups*,
   554 F.3d 1340 (11th Cir. 2009) ......................................................................... 8

*Dearmore v. City of Garland*,
   237 F.R.D. 573 (N.D. Tex. 2006),
   aff'd, 519 F.3d 517 (5th Cir. 2008) ................................................................. 11

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ............................................................ 11

*Hewitt v. Helms*, 482 U.S. 755 (1987) ..................................................................... 6

*Menchise v. Akerman Senterfitt*,
   532 F.3d 1146 (11th Cir. 2008) ....................................................................... 11

*United States v. Evans*,
   561 F. App'x 877 (11th Cir. 2014) .................................................................... 7

**INTRODUCTION**

The Court asked the parties to provide supplemental briefing concerning Plaintiffs' motion for attorneys' fees. Specifically, the Court asked the parties to address the facts laid out in Ryan Fuller's declaration, Doc. 122-1, and to discuss "(1) the propriety of considering new evidence at this juncture—citing binding authority for their positions, (2) whether such evidence creates any factual disputes, and (3) why this Court should not have an evidentiary hearing to resolve such factual disputes." *See* Doc. 125 at 5.

First, while some of the facts in Mr. Fuller's declarations (both the one filed on April 20, 2023 [Doc. 122-1] and the one attached to this brief as Exhibit A and cited herein as "May 15 Fuller Decl.") are new to this Court, they are not untimely or improperly before this Court. Mr. Fuller's declaration explains how the October 2022 policy came to fruition, and that policy was not before this Court until after it was published and Plaintiffs moved to dismiss the case as moot.

Further, Supreme Court precedent requires the Court to determine whether the preliminary injunction caused the October 2022 revisions. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (explaining that to obtain prevailing party status, the change in the legal relationship of the parties must be the result of a court's order on the merits or a court-ordered consent decree); *see also Aaron-Brush v. Att'y Gen. State of Ala.*, 678 F. App'x 792,

796 (11th Cir. 2017) (applying *Buckhannon* to determine whether defendant's voluntary conduct or the district court's directive was "the impetus for the parties' resolution of their dispute"). And Mr. Fuller's declarations are necessary to that determination.

Second, there is no true factual dispute on the key question here—whether the October 2022 policy was the result of the Court's preliminary injunction. Rather, Plaintiffs assert that the settlement negotiations were the impetus for the October 2022 policy. *See* Doc. 119 at 2, 5–6. Because there is no true factual dispute, an evidentiary hearing is unnecessary.

## STATEMENT OF FACTS

The University of Florida ("UF") began updating its conflicts policy before this lawsuit started. May 15 Fuller Decl. ¶ 4. In fact, as early as August 2021, the General Counsel's Office and the Conflicts of Interest Office were making revisions to the policy. *Id.*

After the Task Force that President Fuchs appointed to review the conflicts policy provided their recommendations in November 2021, the General Counsel's Office and the Conflicts of Interest Office immediately implemented those recommendations into the policy they were already revising. *Id.* ¶ 5; *see also* Doc. 23-1 at 225[1] ("President Kent Fuchs approved the recommendations of a presidential

---

[1] Using the ECF page numbering.

task force appointed to review UF's conflicts of interest policy and is asking the appropriate campus offices to proceed with implementation.").

Some of the Task Force recommendations took time to implement. For example, the Task Force recommended the adoption of "an appeal process for all denials of requests to engage in outside activity." *See* Task Force on Outside Activities: Final Report 4 (Nov. 22, 2021) ("Final Report"), available at https://tinyurl.com/yu3ht75b. The Task Force suggested that "[w]ithin 30 calendar days of a denial of any request to engage in an outside activity, the requester may appeal in writing to an appeals panel." *Id*. Based on the adopted Task Force recommendations, Section 8 of the Policy on Conflicts now includes an appeal process. To make this change, the General Counsel's Office and the Conflicts of Interest Office had to develop and approve a charter for the appeals process. May 15 Fuller Decl. ¶ 7.

Other Task Force recommendations eventually had to be tweaked. For example, one Task Force recommendation was to establish a strong presumption that UF will approve faculty or staff requests to testify as expert witnesses, in their capacities as private citizens, in all litigation in which the State of Florida is a party, regardless of the viewpoint of the faculty or staff member's testimony. *Id*. ¶ 8. But both the General Counsel's Office and the Conflicts of Interest Office always maintained that UF's conflict policies have never permitted UF to deny a request to

3

testify as an expert witness because of the viewpoint of the faculty or staff member's testimony. *Id.* ¶ 9. Nonetheless, in implementing this particular recommendation, the General Counsel's Office and the Conflicts of Interest Office decided that "the strong presumption" language would require a system of approval that would be inefficient and too time consuming. *Id.* ¶ 10. And thus, these offices opted to say what was always true of UF's conflicts policies—the viewpoint of the Employee's speech will not be considered when assessing whether a conflict exists. *Id.*

In addition to the implementation of the Task Force recommendations, two other events drove revisions to the conflicts policy: (1) the need to harmonize the Policy on Conflicts with the collective bargaining agreement ("CBA") between the Board of Trustees and the United Faculty of Florida; and (2) the hiring of a new Assistant Vice President for Conflict of Interests. *See* Doc. 122-1 ¶¶ 9, 11.

The culmination of all of these events was the publication of the October 2022 policy. That policy was the result of an organic process between the General Counsel's Office and the Conflicts of Interest Office. May 15 Fuller Decl. ¶ 11; Doc. 122-1 ¶ 12. The changes were not a result of the Court's preliminary injunction. May 15 Fuller Decl. ¶ 11.

Following the online publication of the October 2022 revisions, Plaintiffs moved for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). *See* Doc. 105. And after being prompted by the Court, Plaintiffs filed a motion to dismiss

the appeal with the Eleventh Circuit. Pls.-Appellants' Mot. to Dismiss, *Austin v. Univ. of Fla. Bd. of Tr.*, No. 22-10448 (11th Cir. Mar. 20, 2023), Doc. 25 (filed Jan. 6, 2023). On March 20, 2023, the Eleventh Circuit dismissed the appeal as moot and vacated this Court's preliminary injunction. Order, *Austin*, No. 22-10448, Doc. 30-2.

On April 6, 2023, Plaintiffs moved for attorneys' fees, arguing that "[a]s a direct result of Plaintiffs' extensive efforts," UF published the October 2022 policy. Doc. 119 at 2. Plaintiffs also asserted that the revised provisions "were adopted as a direct result" of settlement negotiations between the parties. *Id.* at 5–6.

UF opposed Plaintiffs' motion, noting that the October 2022 policy was not a result of Plaintiffs' efforts nor this Court's preliminary injunction. Doc. 122 at 15–20. Further, UF noted that the preliminary injunction provided Plaintiffs with no enduring, practical relief because Plaintiffs had no pending or impending requests to work as expert witnesses. *Id.* at 22–23.

This Court, sua sponte, told the Plaintiffs that they were "permitted to file a reply," which could include "any request for further relief in light of Defendants' response and its attachments." Doc. 123. The only attachment UF had included in its response was an affidavit from Ryan Fuller, UF's Associate Vice President and General Counsel, explaining that this Court's preliminary injunction was not the impetus behind the October 2022 policy.

Despite this Court's invitation to challenge Mr. Fuller's affidavit, Plaintiffs did not do so with any evidence. Nor did Plaintiffs seek to undermine Mr. Fuller's affidavit through discovery or an evidentiary hearing. Instead, Plaintiffs simply insisted that the October 2022 policy revisions "were due in significant part to Plaintiffs' suit and this Court's entry of the preliminary injunction." Doc. 124 at 3.

## ARGUMENT

The Court must determine the cause of the October 2022 changes before determining whether Plaintiffs are entitled to attorneys' fees. Mr. Fuller's declarations explain that cause, and the declarations are only "new" because the October 2022 revisions are new and their cause was not relevant to this litigation until Plaintiffs moved to dismiss the case. Next, there is no true factual dispute in this case about whether the preliminary injunction was the impetus behind the October 2022 revisions. Plaintiffs point more to their litigation efforts and settlement demands than to this Court's injunction. As a result, an evidentiary hearing is unnecessary.

**I.     The Court must consider Mr. Fuller's declarations to determine whether Plaintiffs are prevailing parties.**

Supreme Court precedent makes clear that to be a prevailing party, a plaintiff must show that his success in the litigation "affect[ed] [] the behavior of the defendant." *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (emphasis omitted). And that "success in the litigation" must be a court order on the merits or a court-ordered

6

consent decree. *Buckhannon Bd. & Care Home*, 532 U.S. at 604. Further, a defendant's voluntary change during the litigation does not result in prevailing party status unless a court order drove that change. *Id.* at 605–06.

Thus, to determine prevailing party status following a defendant's voluntary change, a court must first determine the impetus for that change. *See id; see also United States v. Evans*, 561 F. App'x 877, 881 (11th Cir. 2014) ("A litigant is not a prevailing party when his suit only stirs the government to action, rendering the suit moot, because no relief is obtained on the merits of the claim."); *Augustine v. Avoyelles Par. Police Jury*, No. 06-1662, 2009 WL 1393706, at *3 (W.D. La. May 18, 2009) ("As the Fifth Circuit has elsewhere noted, '[a] civil rights plaintiff would not be entitled to receive attorneys fees for demanding that [the governmental entity] do something that it was going to do anyway.'"), *aff'd sub nom. Augustine v. Police Jury of Avoyelles Par.*, 388 F. App'x 410 (5th Cir. 2010).

Plaintiffs argue that the Court need not consider any evidence regarding the impetus behind the October 2022 revisions simply because the preliminary injunction preceded the revisions. But Plaintiffs are wrong on the facts and law.

First, UF did not revise the conflicts policy for the first time in October 2022. Even if this Court believes the November 2021 changes did not go far enough, the fact remains that the policy was undergoing revisions before this court's preliminary

7

injunction. Indeed, policy revisions were underway months before this lawsuit started. May 15 Fuller Decl. ¶ 4.

Second, the case Plaintiffs primarily rely on for their supposed entitlement to fees as a matter of law, *Common Cause/Georgia v. Billups*, 554 F.3d 1340 (11th Cir. 2009), is inapplicable to this causation issue. The dispute in *Billups* centered on whether the district court's original injunction of a statute provided enduring relief when the court later decided not to enjoin the new statute after the legislature repealed the original one. *Id.* at 1356. There was no dispute as to why the state repealed the law at issue. Indeed, the district court had held that "the State, on its own initiative, enacted the [new law] *in response to* the Court's October 18, 2005, Order." *Common Cause/Georgia v. Billups*, No. 4:05-CV-0201-HLM, 2007 WL 9723985, at *10 (N.D. Ga. Dec. 27, 2007) (emphasis added). While UF maintains that this Court's injunction did not provide Plaintiffs with enduring relief, *see* Doc. 122 at 20, *Billups* is inapplicable to the question of the impetus behind the October 2022 revisions.

Further, this Court expressed concern about relying on Mr. Fuller's declaration because it did "not say it is based on personal knowledge." Doc. 125 at 4. Attached to this brief, however, is a second declaration from Mr. Fuller, which explains the bases for the first declaration and elaborates on his personal role in and knowledge about the revisions to the conflicts policy. May 15 Fuller Decl. ¶ 2.

8

The Court also noted that the Task Force recommendation included a "strong presumption" in favor of approving requests to testify, but the October 2022 revisions state that UF will not consider viewpoint in assessing whether a conflict exists. Doc. 125 at 4–5. Mr. Fuller's declaration also elaborates on this point, explaining that his office and the Conflicts of Interest Office decided that "the strong presumption" language would require a system of approval that would be inefficient and too time consuming. May 15 Fuller Decl. ¶ 10. In other words, it was not this Court's injunction that caused a deviation from the "strong presumption" language. To the extent the Court believes that Mr. Fuller's first declaration was conclusory or incomplete, Mr. Fuller's second declaration resolves that concern.

Finally, UF is unaware of any authority that would prohibit, or even discourage, the Court from considering Mr. Fuller's first or second declaration. While some of the facts in these declarations are "new," others, such as those about the November 2021 revisions to the conflicts policy, are not. And the facts that are new have only recently become relevant because of the October 2022 revisions and Plaintiffs' subsequent motion for dismissal.

## II. There is no material factual dispute and thus an evidentiary hearing is unnecessary.

In its order for supplemental briefing, the Court pointed out that "[b]oth sides have filed affidavits in support of their conflicting positions." Doc. 125 at 2. But the affidavits are not conflicting on the core issue—whether the Court's injunction

9

was the impetus for the October 2022 revisions. Rather, Plaintiffs' affidavit is solely about the parties' confidential settlement discussions and asserts that the October 2022 revisions incorporate statements that Plaintiffs requested during settlement discussions. *See generally* Doc. 120. Then in their reply brief, Plaintiffs fail to mention their own affidavit and insist that the October 2022 revisions were the result of the preliminary injunction. *See* Doc. 124 at 6–7. Thus, it is Plaintiffs' own briefs, not the parties' affidavits, that hold conflicting positions.

In any event, Plaintiffs' attacks on Mr. Fuller's declaration are unfounded. Plaintiffs first state that the July 2021 changes to the CBA "did not stop the University from engaging in viewpoint discrimination," and thus those changes were unrelated to the October 2022 revisions. Doc. 124 at 4. But Mr. Fuller's first declaration noted that the changes to the October 2022 policy were due, in part, to the need to bring the conflicts policy in conformity with the CBA. Doc. 122-1 ¶ 9. In other words, Plaintiffs simply assert that the CBA changes were insufficient for First Amendment purposes and do not address Mr. Fuller's explanation as to why the CBA changes required changes to the conflicts policy.

Plaintiffs next argue that "Defendants' litigation conduct further undermines" Mr. Fuller's declaration because UF "was not respecting the First Amendment rights of faculty in the latter half of 2021." Doc. 124 at 5–6. But UF's litigation conduct actually supports Mr. Fuller's declaration. UF did not "change[] its tune only after

10

this Court entered a preliminary injunction." *Id.* at 6. Just the opposite. UF appealed the district court's preliminary injunction—not just on the jurisdictional issues, but on the merits. Br. for Appellants, *Austin*, No. 22-10448, Doc. 20. And UF reasserted those arguments before the Eleventh Circuit in opposition to Plaintiffs' motion to dismiss the appeal. Appellants' Opp'n to Appellees' Mot. to Dismiss Appeal & Request for Oral Argument, *Austin*, No. 22-10448, Doc. 28-1. Nothing about UF's litigation conduct shows that this Court's injunction made it "change its tune." And the fact that the October revisions came out 9 months after the Court's injunction further supports the facts in Mr. Fuller's declaration. *See Dearmore v. City of Garland*, 237 F.R.D. 573, 578 (N.D. Tex. 2006), *aff'd*, 519 F.3d 517 (5th Cir. 2008) (holding that city's change to challenged ordinance was the result of a court order, and not voluntary, because change occurred twelve days after the court order).

Simply put, Plaintiffs claim their settlement demands caused the October 2022 revisions, and Plaintiffs' later contradictory claim that the preliminary injunction was the cause is unsupported by the record. Because there is no material factual dispute on the core issue here, an evidentiary hearing is unnecessary.

In addition, "[a]s the Supreme Court has explained, '[a] request for attorney's fees should not result in a second major litigation.'" *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1153 (11th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). And "[w]hen deciding a motion for attorney's fees, courts rarely reopen

11

discovery, and evidentiary hearings are often unnecessary. A determination of a fee award by a district court 'solely on the affidavits in the record' is 'perfectly proper.'" *Menchise*, 532 F.3d at 1153 (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (other citations omitted); *see also Buckhannon Bd. & Care Home*, 532 U.S. at 609 (rejecting idea of "a 'catalyst theory' hearing").

Notably, Plaintiffs have forfeited every opportunity to request an evidentiary hearing, even after this Court explicitly (and sua sponte) permitted them to file a reply brief that requested "further relief" related to their motion for attorneys' fees. *See* Doc. 123. Plaintiffs cannot credibly claim that an evidentiary hearing is now warranted.

## CONCLUSION

Mr. Fuller's declarations are directly relevant and necessary to this Court's decision on whether Plaintiffs are prevailing parties. And Plaintiffs have failed to undermine those declarations through contradictory evidence or sound argument. This Court need not hold an evidentiary hearing when doing so is unnecessary and unrequested.

Dated: May 16, 2023

Respectfully submitted,

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci
  D.C. Bar No. 453423
Brian J. Field*
  D.C. Bar No. 985577
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com
bfield@schaerr-jaffe.com

*Admitted *pro hac vice*

Amy Meyers Hass
  *Vice President and General Counsel*
  Florida Bar No. 483346
Ryan Fuller
  *Associate Vice President and*
  *Deputy General Counsel*
  Florida Bar No. 635324
UNIVERSITY OF FLORIDA
OFFICE OF GENERAL COUNSEL
123 Tigert Hall, P.O. Box 113125
Gainesville, FL 32611
(352) 392-1358
amhass@ufl.edu
ryanf@ufl.edu

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify that the foregoing Defendants' Supplemental Brief Regarding Plaintiffs' Motion for Attorneys' Fees contains 2,849 words.

*s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci

Dated: May 16, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2023, the foregoing document was filed electronically through the CM/ECF system and furnished by email to all counsel of record.

<u>/s/ H. Christopher Bartolomucci</u><br>
H. Christopher Bartolomucci