# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| SHARON WRIGHT AUSTIN, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNIVERSITY OF FLORIDA<br>BOARD OF TRUSTEES, *et al.*,<br><br>*Defendants*. | Case No.: 1:21-cv-00184-MW-GRJ |

## DECLARATION OF RYAN FULLER

I am Ryan Fuller, Associate Vice President and Deputy General Counsel, University of Florida ("UF").

1. This declaration discusses the bases for my previous declaration regarding UF's conflicts policy and explains some other facts surrounding that policy.

2. In my declaration dated January 23, 2023, I explained that revisions to UF's policy "Conflicts of Commitment and Conflicts of Interest" (hereinafter, "Policy on Conflicts") were published in October 2022. And I noted that several events drove and affected those revisions, including (1) the need to harmonize the Policy on Conflicts with the collective bargaining agreement ("CBA") between the Board of Trustees and the United Faculty of Floriday, (2) the implementation of the

Task Force recommendations from November 5, 2021, and (3) the hiring of a new Assistant Vice President for Conflict of Interests.

3. All of the facts and events I described in my January 23, 2023 declaration were based on my personal knowledge. The same is true of this declaration—it is based on my personal knowledge. As the Assistant Vice President and Deputy General Counsel of UF, I was involved with the changes to the Policy on Conflicts. My office worked with the Conficts of Interest Office to update the policy.

4. The process of updating the Policy on Conflicts started before this lawsuit commenced. As early as August 2021, my office and the Conflicts of Interest Office were making revisions to the Policy on Conflicts.

5. When the Task Force that President Fuchs appointed to review the conflicts policies provided their recommendations in November 2021, my office, as well as the Conflicts of Interest Office, immediately implemented those recommendations into the Policy on Conflicts.

6. The latest revisions to the policy were published in October 2022 because the policy had to be reviewed and approved by a number of UF employees while the University was still dealing with the COVID-19 pandemic and personnel changes in the Conflicts of Interest Office.

7. Further, some of the changes required a longer process to implement.

2

For example, the Task Force recommended the adoption of "an appeal process for all denials of requests to engage in outside activity." *See* Task Force on Outside Activities: Final Report (Nov. 22, 2021) ("Final Report"), available at https://tinyurl.com/yu3ht75b. The Task Force suggested that "Within 30 calendar days of a denial of any request to engage in an outside activity, the requester may appeal in writing to an appeals panel." *Id*. Based on the adopted Task Force recommendations, Section 8 of the Policy on Conflicts now includes an appeal process along the lines recommended by the Task Force. To make this change, my office and the Conflicts of Interest Office had to develop and approve a charter for the appeals process.

8. Another Task Force recommendation was to establish a strong presumption that UF will approve faculty or staff requests to testify as expert witnesses, in their capacities as private citizens, in all litigation in which the State of Florida is a party, regardless of the viewpoint of the faculty or staff member's testimony.

9. Both my office and the Conflicts of Interest Office have always maintained that UF's conflict policies have never permitted UF to deny a request to testify as an expert witness because of the viewpoint of the faculty or staff member's testimony.

10. In implementing the Task Force recommendations, my office and the

Conflicts of Interest Office decided that "the strong presumption" language would require a system of approval that would be inefficient and too time consuming. Thus, the October 2022 policy instead stated what was always true of UF's conflicts policies—the viewpoint of the Employee's speech will not be considered when assessing whether a conflict exists.

11.  As I stated in my January 23, 2023 declaration, the changes reflected in the October 2022 policy were the result of an organic process between my office and the Conflicts of Interest Office. The changes were not a result of the Court's preliminary injunction or any other ruling made by the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on May 15, 2023.

*Ryan Fuller*  
Ryan Fuller