# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHARON WRIGHT AUSTIN, MICHAEL      :
MCDONALD, DANIEL A. SMITH, JEFFREY    :
GOLDHAGEN, TERESA J. REID, and        :
KENNETH B. NUNN,                     :      1:21-cv-00184-MW-HTC
                                          :

           Plaintiffs,                  :
                                          :

    v.                                     :
                                          :

UNIVERSITY OF FLORIDA BOARD OF       :
TRUSTEES, the public body corporate acting for   :
and on behalf of the University of Florida; W.    :
KENT FUCHS, in his official capacity as       :
President of the University Florida; JOSEPH     :
GLOVER, in his official capacity as Provost of    :
the University of Florida; and LAURA         :
ROSENBURY, in her official capacity as Dean of :
the Fredric G. Levin College of Law,        :
                                          :

           Defendants.               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


## PLAINTIFFS' MOTION FOR
## DETERMINATION OF AMOUNT OF
## REASONABLE ATTORNEYS' FEES AND COSTS
## AND MEMORANDUM OF LAW

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

BACKGROUND ..................................................................................................2

ARGUMENT ........................................................................................................7

I.      The Rates Sought by Plaintiffs' Counsel Are Reasonable. ...........................8

II.     The Number of Hours Expended by Plaintiffs' Counsel Are
        Reasonable. ....................................................................................................11

CONCLUSION ...................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Am. Civil Liberties Union of Fla., Inc. v. Dixie Cnty.*,
  2012 WL 384925 (N.D. Fla. Feb. 6, 2012) .......................................................10

*Beta Upsilon Chi v. Machen*,
  2014 WL 4928902 (N.D. Fla. Oct. 1, 2014)................................................10, 11

*City of Riverside v. Rivera*,
  477 U.S. 561 (1986).........................................................................................13

*Cragen v. Barnhill*,
  859 F. Supp. 566 (N.D. Fla. 1994) .....................................................................8

*Norman v. Housing Authority*,
  836 F.2d 1292 (11th Cir. 1988) ....................................................................8, 11

*Plaintiff B. v. Francis*,
  2009 WL 2913476 (N.D. Fla. Sept. 9, 2009) ....................................................10

*Planned Parenthood of Sw. Oh. Region v. Dewine*,
  931 F.3d 530 (6th Cir. 2019) ...........................................................................14

*Tennessee State Conf. of the N.A.A.C.P. v. Hargett*,
  2021 WL 4441262 (M.D. Tenn. Sept. 28, 2021)...............................................13

*Trump v. Clinton*,
  2023 WL 333699 (S.D. Fla. Jan. 19, 2023).......................................................10

*Watson v. Cnty. of Riverside*,
  300 F.3d 1092 (9th Cir. 2002) .........................................................................11

**Statutes and Rules**

28 U.S.C. § 1920.....................................................................................................7

42 U.S.C. § 1988.................................................................................................6, 7

Federal Rule of Civil Procedure 54(d).....................................................................7

N.D. Fla. Local Rule 54.1 ........................................................................7

N.D. Fla. Local Rule 54.2 ........................................................................7

**MOTION FOR DETERMINATION OF AMOUNT OF REASONABLE ATTORNEYS' FEES AND COSTS**

Pursuant to Local Rules 54.1 and this Court's Order dated May 24, 2023, ECF No. 128, Plaintiffs Sharon Wright Austin, Michael McDonald, Daniel A. Smith, Jeffrey Goldhagen, Teresa J. Reid, and Kenneth B. Nunn (collectively, "Plaintiffs"), hereby move for an order awarding Plaintiffs $406,284.75 for their reasonable attorneys' fees, $286.54 for litigation expenses, and $1,575.45 for taxable costs, ECF No. 121, against Defendants University of Florida Board of Trustees, W. Kent Fuchs, in his official capacity as President of the University of Florida, Joseph Glover, in his official capacity as Provost of the University of Florida, and Laura Rosenbury, in her official capacity as Dean of the Fredric G. Levin College of Law (collectively, "Defendants").  In support thereof, Plaintiffs state as follows:

**INTRODUCTION**

As this Court has recognized, Plaintiffs are the prevailing parties in this action and are entitled to an award of their reasonable attorneys' fees and costs. ECF No. 128 at 16.  Plaintiffs' counsel expended considerable time and effort in securing a victory for their clients by bringing about a change in the University of Florida's (the "University") Conflicts of Commitment and Conflicts of Interest Policy (the "Policy").  The effort began with researching, drafting, filing, and later

amending the complaint. The efforts continued with briefing and arguing several motions, including Defendants' initial motion to dismiss, Plaintiffs' motion for preliminary injunction, Plaintiffs' motion for voluntary dismissal, and now Plaintiffs' motion for attorneys' fees. Pursuant to this Court's Order, ECF No. 25, the parties also engaged in discovery. The time billed for these activities is reasonable, and the rates that Plaintiffs' counsel seeks are in line with the prevailing market rates in the Northern District of Florida.

As the prevailing party, Plaintiffs are entitled to recoup the fees associated with these efforts.

## BACKGROUND

This matter stems from Defendants' enforcement of the University's unconstitutional Policy. Pursuant to the Policy, the University denied Plaintiffs' requests to participate as expert witnesses or sign amicus briefs in litigation against the State of Florida because "[a]s UF is a state actor, litigation against the [S]tate is adverse to UF's interests." ECF No. 19 ¶ 63. Shortly before filing this lawsuit, Plaintiffs' counsel sent letters to University counsel, pointing out that the University's actions were unconstitutional. *Id.* ¶¶ 65–67. As a result, the University reversed the denials for some of the Plaintiffs. *Id.* ¶ 76.

Nevertheless, because the Policy continued to impose facially unconstitutional restrictions and chill Plaintiffs' speech, on November 5, 2021,

Plaintiffs filed a complaint in this Court asserting a claim against Defendants for violation of the First Amendment.  ECF No. 1.  On November 15, 2021, Plaintiffs filed an amended complaint adding additional parties and factual allegations.  ECF No. 19.  Plaintiffs moved for a preliminary injunction enjoining Defendants' enforcement of the Policy on December 3, 2021.  ECF No. 30.

On December 1, 2021, Defendants filed a motion to dismiss the amended complaint for failure to state a claim and for lack of jurisdiction.  ECF No. 23.  Defendants argued that this case was mooted both by the University's approval of Plaintiffs' previously rejected outside activity requests and by the University's revisions of the Policy, which were implemented shortly after Plaintiffs filed their amended complaint.  *Id* at 1–2.  Plaintiffs filed their opposition to the motion to dismiss on December 17, 2021.  ECF No. 42.  On January 3, 2022, the Court issued an order denying Defendants' motion to dismiss and rejecting Defendants' jurisdictional arguments.  ECF No. 47.

Defendants opposed Plaintiffs' motion for preliminary injunction based on jurisdictional and mootness arguments similar to those they raised in their motion to dismiss.  ECF No. 43 at 14–16.  They also argued that Plaintiffs could not succeed on the merits since the revised Policy did not violate the Constitution, and they further asserted that Plaintiffs had no First Amendment rights to testify or act as expert witnesses in cases challenging any state law or where the University or

3

State of Florida is an opposing party.  *Id.* at 18–19.  Plaintiffs filed their reply in support of a preliminary injunction on January 5, 2022.  ECF No. 51.

The Court held oral argument on the preliminary injunction motion on January 7, 2022.  ECF No. 53.  During that argument, the Court granted Defendants' request for supplemental briefing by the parties in response to Defendants' counsel's claim that he was unaware that *Pickering* was implicated in this First Amendment lawsuit.  *See* ECF No. 65 at 5 n.15.  The Court also scheduled an additional hearing in light of that supplemental brief.  *Id.* Defendants' supplemental brief was filed on January 12, 2022, ECF No. 58, and Plaintiffs filed their response the next day, ECF No. 60.  The Court held a second oral argument on the preliminary injunction motion on January 14, 2022.  ECF No. 64.  On January 21, 2022, the Court granted Plaintiffs' motion and issued the preliminary injunction.  ECF No. 65.

The parties commenced discovery in December 2021 pursuant to this Court's Scheduling Order.  ECF Nos. 25, 115.  The following excerpt of the parties' joint stipulation summarizes the efforts each party undertook in discovery:

> Plaintiffs served their First Request for Production of Documents to Defendants on December 27, 2021. Defendants served their Responses and Objections on January 26, 2022. The parties met and conferred on March 7, 2022. Defendants served their first production of documents on April 22, 2022.
>
> Defendants served their First Set of Requests for the Production of Documents and Interrogatories on January 21, 2022. Plaintiffs served

4

their Responses and Objections on February 22, 2022. On April 22, 2022, Defendants served a letter responding to certain of Plaintiffs' responses and objections. Plaintiffs responded to Defendants' letter on May 2, 2022. Plaintiffs served their first production of documents on May 11, 2022.

Plaintiffs served their First Set of Interrogatories and First Requests for Admission on February 24, 2022. Defendants served their Responses and Objections on April 1, 2022. Plaintiffs served their Second Set of Interrogatories on April 8, 2022. Defendants served their Responses and Objections on May 13, 2022.

ECF No. 115. Plaintiffs' counsel expended considerable effort both in collecting, reviewing and producing documents responsive to Defendants' requests, and in reviewing the documents produced by Defendants.

Defendants appealed the preliminary injunction on February 8, 2022. ECF No. 70. While Defendants' appeal was pending, the parties continued to engage in discovery. During this time, the parties also engaged in confidential mediation discussions and subsequent settlement discussions. ECF No. 94 ¶¶ 7–8.

On October 13, 2022, the University implemented a revised Policy that amended the unconstitutional provisions challenged by Plaintiffs in this litigation. ECF No. 105-1. As the revised Policy provided Plaintiffs the relief they sought in filing this lawsuit, Plaintiffs sought to dismiss the action. Although Defendants agreed that the revised Policy provided Plaintiffs with the relief they sought, Defendants refused for strategic reasons to stipulate to a voluntary dismissal, which required Plaintiffs to file a motion for voluntary dismissal without prejudice

5

on December 28, 2022, and led to further rounds of briefing.  ECF No. 105 at 7–8.

Plaintiffs also filed a motion to dismiss Defendants' appeal.  *Austin v. Univ. of Fla. Bd. of Tr.*, No. 22-10448, Dkt. No. 25 (11th Cir. Jan. 6, 2023).  In response to this

Court's order, ECF No. 106, Plaintiffs filed supplemental briefing on their motion

for voluntary dismissal on January 9, 2023.  ECF No. 108.  Defendants filed their

response on January 23, 2023.  ECF No. 110.  This Court stayed the proceedings,

noting that it would await a ruling by the Eleventh Circuit on Plaintiffs' motion to

dismiss the appeal before issuing a ruling on the motion to dismiss the instant

action.  ECF No. 111.  On March 20, 2023, the Eleventh Circuit granted Plaintiffs'

motion to dismiss the appeal, vacated the preliminary injunction, and ordered the

district court to dismiss the case as moot.  *Austin v. Univ. of Fla. Bd. of Tr.*, No.

22-10448, Dkt. No. 30 (11th Cir. Mar. 20, 2023).  On March 23, 2023, this Court

vacated the preliminary injunction and dismissed the case as moot.  ECF Nos. 117,

118.

　　After this Court dismissed the action, Plaintiffs moved for a determination

that they were entitled to attorneys' fees as the prevailing party under 42 U.S.C.

§ 1988 on April 6, 2023.  ECF No. 119.  Defendants filed an opposition on April

20, 2023, rehashing their previously rejected jurisdictional arguments in an attempt

to avoid paying attorneys' fees.  ECF No. 122 at 7–15.  Pursuant to this Court's

Order, ECF No. 123, Plaintiffs filed a reply brief in support of their entitlement

motion for attorneys' fees on May 1, 2023.   ECF No. 124.   Because Defendants attempted to create an irrelevant factual issue through a declaration in response to Plaintiffs' motion for voluntary dismissal and entitlement motion for attorneys' fees, ECF Nos. 110-1, 122-1, this Court ordered supplemental briefing.   ECF No. 125.   The Parties filed their supplemental briefs on May 16, 2023.   ECF Nos. 126, 127.   On May 24, 2023, this Court ordered that Plaintiffs were the prevailing parties under § 1988 and were therefore entitled to their reasonable attorneys' fees, and requested that Plaintiffs file this Motion for Determination of Amount of Reasonable Attorneys' Fees and Costs.   ECF No. 128.

As Plaintiffs are the prevailing parties, they are entitled to their reasonable attorneys' fees and costs incurred in connection with their litigation in the District Court, pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, FRCP 54(d), and N.D. Fla. Local R. 54.1 and 54.2 and this Court's Order, ECF No. 128.

## ARGUMENT

This Court has already determined that Plaintiffs are entitled to their reasonable attorneys' fees incurred in defending this action, ECF No. 128, and therefore, the only remaining issue is the amount of fees to be awarded.   Plaintiffs' requested fees should be awarded because the hourly rates and hours billed by Plaintiffs' counsel in drafting, filing, and amending the complaint, briefing and

arguing several motions, and conducting discovery were reasonable given the facts and circumstances of this case.

## I.    The Rates Sought by Plaintiffs' Counsel Are Reasonable.

An application for attorneys' fees begins with the basic principle that the court is to multiply hours reasonably expended by a reasonable hourly rate. *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988).  A reasonable hourly rate is based upon "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Cragen v. Barnhill*, 859 F. Supp. 566, 568 (N.D. Fla. 1994) (quoting *Norman*, 836 F. 2d at 1299).

Here, Plaintiffs were represented by experienced lawyers from two law firms: Debevoise & Plimpton, and Donnelly & Gross.   From Debevoise & Plimpton, David O'Neil, Morgan Davis, Alexandra Swain, Jaime Freilich-Fried, Samuel Rosh, Soren Schwab, and Katharine Witteman billed time to this case. From Donnelly & Gross, Paul Donnelly, Laura Gross, Jung Yoon, and Conor Flynn billed time to this matter.  The claimed hourly rates for these attorneys are reasonable because they are in line with prevailing market rates in the Northern District of Florida and reflect the counsel's skills, experience, and reputation. Declaration of Archibald J. Thomas, III ("Thomas Decl.") ¶¶ 8–9.

As a nationally recognized lawyer with over 20 years of experience, *see* Declaration of David A. O'Neil ("O'Neil Decl.") ¶ 7, the requested rate for David O'Neil is $450 per hour.  As a lawyer with over seven years of experience, *see id.* ¶ 8, the requested rate for Morgan Davis is $350 per hour.  As a lawyer with over six years of experience, *see id.* ¶ 9, the requested rate for Alexandra Swain is $325 per hour.  As lawyers with over four years of experience, *see id.* ¶¶ 10–11, the requested rate for Jaime Freilich-Fried and Samuel Rosh is $300 per hour.  As lawyers with over two years of experience, *see id.* ¶¶ 12–13, the requested rate for Soren Schwab and Katharine Witteman is $250 per hour.  The Debevoise & Plimpton lawyers also received support from legal assistants, *see id.* ¶ 14, for whom Plaintiffs request an hourly rate of $75 per hour.  Debevoise & Plimpton's litigation practice is "[r]egularly hailed as one of the strongest litigation teams in the industry."  Benchmark Litigation, *Debevoise & Plimpton*, https://perma.cc/56GB-PT3Y.  The rates requested herein have been discounted significantly from the firm's typical rates in an effort to reflect the prevailing market rates in the Northern District of Florida.  O'Neil Decl. ¶ 15.

As a nationally recognized lawyer with over 30 years of experience, *see* Declaration of Paul A. Donnelly ("Donnelly Decl.") ¶ 7, the requested rate for Paul Donnelly is $450 per hour.  As a lawyer with over 30 years of experience, *see id.* ¶ 8, the requested rate for Laura Gross is $450 per hour.  As a lawyer with over 20

years of experience, *see id.* ¶ 9, the requested rate for Jung Yoon is $375 per hour. As a lawyer with over four years of experience, *see id.* ¶ 10, the requested rate for Conor Flynn is $325 per hour.

These requested rates are within the market rate for the Northern District of Florida. *See* Thomas Decl. ¶¶ 8–9; *see also Am. Civil Liberties Union of Fla., Inc. v. Dixie Cnty.*, 2012 WL 384925, at *2, (N.D. Fla. Feb. 6, 2012), *report and recommendation adopted as modified*, 2012 WL 1004372 (N.D. Fla. Mar. 23, 2012) (finding $400 and $450 per hour rate for attorneys with sixteen, nineteen, and twenty-nine years of experience reasonable); *Plaintiff B. v. Francis*, 2009 WL 2913476, at *2–3 (N.D. Fla. Sept. 9, 2009) (finding $450 per hour rate reasonable); *Beta Upsilon Chi v. Machen*, 2014 WL 4928902, at *4 n.6 (N.D. Fla. Oct. 1, 2014) (J. Walker), *aff'd*, 601 F. App'x 917 (11th Cir. 2015) ($75 per hour is "in line with the rates charged by paralegals in the Northern District of Florida"). These rates are also less than the hourly rates that other courts have previously found were reasonable for Debevoise & Plimpton's work. *See Trump v. Clinton*, 2023 WL 333699, at *26 (S.D. Fla. Jan. 19, 2023), *appeal dismissed*, 2023 WL 3477967 (11th Cir. Apr. 6, 2023) (approving hourly rates of $700, $550, $450, and $375 for Debevoise partner, counsel, seventh-year associate, and third-year associate respectively).

**II.     The Number of Hours Expended by Plaintiffs' Counsel Are Reasonable.**

The number of hours for which Plaintiffs' counsel seeks reimbursement in this case is also reasonable.  *Norman*, 836 F.2d at 1306 (11th Cir. 1988) ("[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done.").  Plaintiffs' counsel exercised reasonable "billing judgment" in determining the number of hours for which they would seek reimbursement, including by eliminating any duplicative time entries and time spent on tasks not directly related to the litigation in the District Court.  *Id.* at 1301.  In doing so, however, counsel were not required to limit their requested fees to work involved in obtaining the preliminary injunction and instead may also seek fees for work involved in discovery, dismissing the action, and obtaining attorneys' fees.  *See Machen*, 2014 WL 4928902, at *5–6 (awarding fees for work not directly connected to preliminary injunction, including discovery, a motion for summary judgment, and obtaining attorneys' fees); *Watson v. Cnty. of Riverside*, 300 F.3d 1092, 1095 (9th Cir. 2002) (affirming district court's grant of plaintiff's "attorneys' fees based on all of the time his lawyers spent on the case, not just the time allocable to the preliminary injunction").

Defendants vociferously defended the Policy, in court and in public statements, and it took considerable effort on Plaintiffs' part to achieve victory.

11

Defendants' counsel continuously engaged in tactics that protracted this litigation and required additional attorney hours on the part of Plaintiffs' counsel.  For example, defense counsel's dubious claim that he was unaware that *Pickering* was implicated in this First Amendment case required additional briefing from the parties on the motion for preliminary injunction.  ECF No. 65 at 5 n.15.  As the Court noted, asserting ignorance that this case implicated *Pickering* was "roughly the equivalent to an attorney in an abortion case feigning surprise in response to a question about *Roe v. Wade* and its progeny."  *Id.*

Moreover, Defendants continuously repeated already-rejected jurisdictional arguments, requiring Plaintiffs to brief those issues multiple times.  *See* ECF No. 128 at 6 ("[T]his Court agrees with Plaintiffs' well-reasoned arguments and rejects Defendants' attempt to relitigate this Court's conclusions with respect to the justiciability of Plaintiffs' claims and this Court's jurisdiction to hear them."); *id.* at 7 (rejecting Defendants' jurisdictional arguments "[f]or the same reasons this Court previously explained at length").  Defendants also refused to stipulate to a joint dismissal of the action even though Plaintiffs agreed that the revised Policy mooted Plaintiffs' claims, which required Plaintiffs to file and brief a motion for voluntary dismissal.  ECF. No. 105 at 7–8.  Defendants' inclusion of the Fuller Declaration in their response to Plaintiffs' motion for attorneys' fees also necessitated supplemental briefing before this Court.  *See* ECF Nos. 125, 128.

12

Defendants cannot "litigate tenaciously" and then object to the amount of hours Plaintiffs' counsel incurred in responding to them.  *See City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986) (a party cannot "litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response") (quoting *Copeland v. Marshall*, 641 F.2d 880, 904 (1980) (en banc)).

Plaintiffs' counsel billed approximately 1,438.1 hours of work, which included drafting, filing, and amending the complaint, briefing the motion to dismiss, briefing and arguing the preliminary injunction motion, conducting discovery, briefing the motions for voluntary dismissal and related filings, and briefing the motions for attorneys' fees.  These hours are reasonable for the work involved.  Thomas Decl. ¶¶ 12–13.

Plaintiffs' counsel has also exercised appropriate billing judgment. Plaintiffs' counsel removed what it identified as duplicative or unnecessary billing entries, and Plaintiffs only seek reimbursement for hours that were necessary to achieve victory in this case.  As another demonstration of good faith, and in recognition of the number of lawyers representing Plaintiffs in this case, Plaintiffs' counsel has applied a 15% discount to total fees requested by Debevoise & Plimpton, whose hourly rates were already reduced to align with the market rates in the Northern District of Florida.  O'Neil Decl. ¶¶ 15, 18.

13

The total amount of attorneys' fees requested by Plaintiffs' counsel in this case, $406,284.75, is also reasonable.  *See* Thomas Decl. ¶ 10; *see also Tennessee State Conf. of the N.A.A.C.P. v. Hargett*, 2021 WL 4441262, at *11 (M.D. Tenn. Sept. 28, 2021), *aff'd sub nom. Tennessee State Conf. of NAACP v. Hargett*, 53 F.4th 406 (6th Cir. 2022) (awarding over $800,000 in attorneys' fees to plaintiffs who obtained a preliminary injunction, when the case never went to trial or involved summary judgment briefing); *cf. Planned Parenthood of Sw. Oh. Region v. Dewine*, 931 F.3d 530, 538, 546 (6th Cir. 2019) (affirming award of $382,529.98 for obtaining a preliminary injunction).

Donnelly & Gross also seeks reimbursement for expenses in the amount of $286.54 for a public records request directed at the University of Florida, which was reasonably necessary for the successful prosecution of Plaintiffs' case. Donnelly Decl. ¶ 16.

**CONCLUSION**

Plaintiffs respectfully request that the Court enter an order awarding Plaintiffs $406,284.75 in attorneys' fees, $286.54 in litigation expenses, and $1,575.45 in taxable costs, *see* ECF No. 121.

Dated: June 23, 2023
Washington, D.C.

/s/ David A. O'Neil
DAVID A. O'NEIL (*pro hac vice*)
Debevoise & Plimpton LLP
801 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

MORGAN A. DAVIS (*pro hac vice*)
JAIME FREILICH-FRIED (*pro hac vice*)
SOREN SCHWAB (*pro hac vice*)
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, New York 10022
(212) 909-6000
mdavis@debevoise.com
jmfried@debevoise.com
sschwab@debevoise.com

PAUL DONNELLY
Florida Bar No. 813613
LAURA GROSS
Florida Bar No. 858242
CONOR P. FLYNN
Florida Bar No. 1010091
Donnelly + Gross LLP
2421 NW 41st Street, Suite A-1
Gainesville, FL 32606
(352) 374-4001
paul@donnellygross.com
laura@donnellygross.com
conor@donnellygross.com

ALEXANDRA P. SWAIN (*pro hac vice*)
Debevoise & Plimpton LLP
650 California Street
San Francisco, CA 94108
(415) 738-5700
apswain@debevoise.com

*Counsel for Plaintiffs Sharon Wright Austin, Michael McDonald, Daniel A. Smith, Jeffrey Goldhagen, Teresa J. Reid, and Kenneth B. Nunn*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Counsel for the Plaintiffs have conferred with counsel for the Defendants regarding Plaintiffs' entitlement to and the amount of attorneys' fees via several email communications and at least one phone conversation.  The parties did not reach an agreement.

/s/ David A. O'Neil
David A. O'Neil

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I hereby certify that this motion and memorandum of law contains 3,239 words.

/s/ David A. O'Neil
David A. O'Neil

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2023, a copy of this document was filed electronically through the CM/ECF system and furnished by email to all counsel of record.

/s/ David A. O'Neil
David A. O'Neil