# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHARON WRIGHT AUSTIN, MICHAEL     :
MCDONALD, DANIEL A. SMITH, JEFFREY     :
GOLDHAGEN, TERESA J. REID, and     :
KENNETH B. NUNN,     :     1:21-cv-00184-MW-HTC
    :
         Plaintiffs,     :
    :
     v.     :
    :
UNIVERSITY OF FLORIDA BOARD OF     :
TRUSTEES, the public body corporate acting for     :
and on behalf of the University of Florida; W.     :
KENT FUCHS, in his official capacity as     :
President of the University of Florida; JOSEPH     :
GLOVER, in his official capacity as Provost of     :
the University of Florida; and LAURA     :
ROSENBURY, in her official capacity as Dean of     :
the Fredric G. Levin College of Law,     :
    :
         Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


## PLAINTIFFS' REPLY IN SUPPORT OF MOTION
## FOR DETERMINATION OF AMOUNT OF REASONABLE
## ATTORNEYS' FEES AND COSTS

# TABLE OF CONTENTS

INTRODUCTION ......................................................................................1

ARGUMENT ..........................................................................................2

I.    Defendants' Attempt to Resurrect Failed Arguments Should Be
      Rejected. ...................................................................................2

II.   Defendants' Complaints about Plaintiffs' Counsel's Hours, Rates, and
      Billing Practices Are Baseless. ......................................................4

III.  Plaintiffs Are Entitled to Fees for All Work on This Matter..........................8

IV.   Plaintiffs Offered to Reduce the Award. ....................................11

CONCLUSION ....................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*American Civil Liberties Union of Florida, Inc. v. Polk County*,
    2006 WL 2147716 (M.D. Fla. July 28, 2006) ....................................................9

*Beta Upsilon Chi v. Machen*,
    2014 WL 4928902 (N.D. Fla. Oct. 1, 2014)....................................................5, 9

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983).............................................................................................11

*Jacksonville Prop. Rts. Ass'n v. City of Jacksonville*,
    635 F.3d 1266 (11th Cir. 2012) ............................................................................9

*Mock v. Bell Helicopter Textron, Inc.*,
    456 F. App'x 799 (11th Cir. 2012) .......................................................................7

*Shuttlesworth v. City of Birmingham*,
    394 U.S. 147 (1969)..............................................................................................4

*Thomas v. Bryant*,
    614 F.3d 1288 (11th Cir. 2010) ............................................................................9

*Warren v. DeSantis*,
    631 F. Supp. 3d 1188, 1191 (N.D. Fla. 2022) .....................................................6

*Watson v. Cnty. of Riverside*,
    300 F.3d 1092 (9th Cir. 2002) ..............................................................................9

*Wyner v. Struhs*,
    179 F. App'x 566, 569 (11th Cir. 2006)...............................................................9

**Statutes and Rules**

N.D. Fla. Local Rule 54.1(G) .......................................................................................11

Plaintiffs Sharon Wright Austin, Michael McDonald, Daniel A. Smith, Jeffrey Goldhagen, Teresa J. Reid and Kenneth B. Nunn ("Plaintiffs") respectfully submit this reply in further support of their Motion for Determination of Amount of Reasonable Attorneys' Fees and Costs ("Motion" or "Br."), ECF No. 131.

## INTRODUCTION

In decision after decision, this Court has made clear that Plaintiffs have standing to bring their claims and that the University's Policy on faculty speech violated Plaintiffs' First Amendment rights.  *See* ECF Nos. 47 at 4–17, 65 at 25–74, 111 at 1–2, 128 at 6–8.  It has held that the preliminary injunction restraining the University from enforcing its unconstitutional policy was a meaningful victory that provided "enduring relief" to Plaintiffs, making them prevailing parties entitled to reasonable attorneys' fees under federal law.

Defendants still refuse to accept those rulings, insisting once again that Plaintiffs' rights were never violated and going so far as to accuse Plaintiffs of having "unclean hands" because they engaged in constitutionally protected speech. This is yet another instance in which Defendants have used this litigation to malign Plaintiffs for doing their jobs as public university professors.  *See* ECF No. 45-4 (speech by the Chairman of the University's Board of Trustees threatening faculty with retribution for failing to comply with an illegal censure on their speech).  That course of conduct, which borders on sanctionable, demonstrates precisely why this

litigation and the preliminary injunction were so essential to protect the constitutional rights of Plaintiffs and others similarly situated.

Defendants offer no credible basis to further reduce the fees that Plaintiffs' counsel incurred in vindicating those constitutional rights. Defendants do not dispute that counsel's claimed rates conform to current rates in the Northern District of Florida; that their hours have been determined to be reasonable by an independent local lawyer; that Debevoise & Plimpton LLP ("Debevoise") further discounted its fees by 15%; or that Plaintiffs do not seek reimbursement for additional work on the fees submission (including this brief), even though they would have been entitled to do so. Finally, as set forth below, Plaintiffs' counsel has agreed to make even further reductions to fees in the amount of $25,400.00. No additional reduction is warranted. Plaintiffs should be awarded $380,884.75 in attorneys' fees, $286.54 in expenses, and $1,575.45 in costs.

## ARGUMENT

### I.   Defendants' Attempt to Resurrect Failed Arguments Should Be Rejected.

Defendants devote the bulk of their opposition to arguing the merits of Plaintiffs' claims, going as far as to accuse Plaintiffs of having "unclean hands" for seeking to vindicate their constitutional rights in the first place. This Court has rejected these arguments multiple times, including in its last opinion holding that

Plaintiffs are prevailing parties entitled to attorneys' fees.  *See* ECF. No. 128.  It should do so again here.

Defendants first rehash their justiciability arguments, Opp. at 1, which this Court has now rejected in three separate opinions.  *See* ECF Nos. 47, 65, 128. Defendants' argument that the preliminary injunction was unnecessary because the University changed the Policy before the Court entered the preliminary injunction, Opp. at 4–5, is just another way of saying Plaintiffs' claims were not justiciable. This Court has rejected that argument multiple times over, finding that the purported November 2021 policy change "was no meaningful change at all."  ECF Nos. 47 at 3, 65 at 36, 111 at 1–2, 128 at 10.

Next, Defendants contend that Plaintiffs' victory was merely technical or *de minimis* because the preliminary injunction (i) provided no meaningful relief to Plaintiffs and (ii) served "no substantial public interest."  Opp. at 1–4.  This Court has rejected the first of those arguments, explaining that the preliminary injunction "made an enduring change in the legal relationship between the parties" that lasted for more than a year.  ECF No. 128 at 15.  As to the second argument, the preliminary injunction prevented the University from enforcing its unconstitutional Policy, allowing public university professors to share their views and expertise with the public by serving as expert witnesses in litigation concerning some of the most significant public policy matters of our time, including voting rights and

COVID-19.  If Defendants do not consider that to be a matter of substantial public interest, it is difficult to imagine what might qualify.

Finally, Defendants assert that Plaintiffs—their own faculty members—have "unclean hands" because they did not bend to the University's unconstitutional suppression of faculty's speech rights.  Opp. at 5–6.  Defendants' continued efforts to malign Plaintiffs are disheartening, to say the least.   Their unclean hands argument is also squarely contrary to law:

> [The U.S. Supreme Court's] decisions have made clear that a person faced with such an unconstitutional licensing law may ignore it and engage with impunity in the exercise of the right of free expression for which the law purports to require a license.  The Constitution can hardly be thought to deny to one subjected to the restraints of such an ordinance the right to attack its constitutionality, because he has not yielded to its demands.

*Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 150–51 (1969) (quotations omitted).   Consistent with that longstanding precedent, this Court rejected Defendants' earlier attempt to argue unclean hands.  *See* ECF No. 65 at 5–6 n.15.  It is difficult to fathom why Defendants would seek to make that argument yet again other than to take one parting shot at their faculty members.

## II.  Defendants' Complaints about Plaintiffs' Counsel's Hours, Rates, and Billing Practices Are Baseless.

Defendants take issue with nearly everything about Plaintiffs' fee application in an attempt to reduce Plaintiffs' fees—to which this Court has

already held Plaintiffs are entitled—to near zero.  None of Defendants' criticisms have merit.

**Plaintiff's Counsel's Claimed Hourly Rates Are Reasonable.** Defendants' first target is Plaintiffs' counsel's claimed hourly rates.  Opp. at 6–11. Those rates are consistent with prevailing rates in the Northern District of Florida, as attested to by an independent local practitioner.  Br. at 10; ECF No. 131-3 ¶¶ 8– 9.  To the extent Defendants rely on this Court's decision in *Beta Upsilon Chi v. Machen*, 2014 WL 4928902 (N.D. Fla. Oct. 1, 2014), that decision is nearly a decade old and rates have increased substantially since then.  Moreover, counsel's rates are substantially reduced from the market rates typically charged by Debevoise, *see* ECF No. 131-1 ¶ 15, and they are even below the rates that another Florida court awarded to Debevoise several years ago.  *See* Br. at 10.

Defendants contend that Plaintiffs' counsel should have charged below prevailing local rates because the counsel team did not include purported "First Amendment litigation specialists."  Opp. at 8.  Although Plaintiffs' counsel's victory in this case ought to speak for itself, the attorneys supervising this litigation were uniquely well qualified.  David O'Neil is a seasoned litigator who has argued in front of the U.S. Supreme Court five times (most recently in April 2022), including on issues of federal constitutional law, and authored more than 50 briefs filed with the Supreme Court.  ECF No. 131-1 ¶ 7.  Mr. O'Neil recently served as

lead counsel at a trial in the Northern District of Florida in a First Amendment suit brought by an elected State Attorney who asserted that Governor DeSantis engaged in illegal viewpoint discrimination by suspending him for his writings. *See Warren v. DeSantis*, 631 F. Supp. 3d 1188, 1191 (N.D. Fla. 2022). Mr. O'Neil argued the appeal in the same case, which presents fundamental questions of First Amendment law, before the Eleventh Circuit in May of 2023. *See Warren v. DeSantis*, No. 23-10459, Dkt. No. 68 (11th Cir. May 2, 2023). And Paul Donnelly's expertise in employment law and work with labor unions throughout the State of Florida, *see* ECF No. 132 ¶ 7, were vital to this case since the core issues involved public-employee speech. Mr. O'Neil's and Mr. Donnelly's proposed rate of $450 per hour is reasonable. Defendants' proposal to reduce the non-partner rates by $100 each is based on decade-old precedent and should not be countenanced.

**Counsel's Already-Reduced Hours Are Reasonable.** Defendants' requests to reduce the fee award by $150,000 due to "overstaffing and overbilling," Opp. at 11–15, and apply a further 75% to 95% reduction, *id.* at 24–25, should also be rejected. Debevoise already wrote off many hours and applied a 15% reduction to their fee request in recognition of the number of lawyers on the case, ECF No. 131-1 ¶ 18, and any further reduction would be unwarranted. That is particularly so as Plaintiffs have not sought fees for time related to this ongoing fee dispute

beyond what has already been included in Plaintiffs' Motion, even though they would have been entitled to do so.

There is no merit to Defendants' effort to reduce Plaintiffs' fee award because Mr. O'Neil's time entries round to the nearest hour. Mr. O'Neil rounded his time downward and wrote off significant amounts of time entirely. *Id*. That is obvious from the fact that although Mr. O'Neil was the sole Debevoise partner on the case, Plaintiffs claim a scant 103 hours for his work. Those 103 hours encompass litigation that lasted almost two years and included, among other tasks, drafting and amending the complaint; briefing a motion to dismiss, a motion for preliminary injunction, a voluntary motion to dismiss, and two motions for attorneys' fees; preparing for and presenting oral argument at two hearings on the preliminary injunction; and participating in settlement discussions. Mr. O'Neil personally wrote Plaintiffs' written submissions and participated intensively at every stage of the case. His recorded time substantially understates the actual hours he devoted to the matter.

**The Johnson Factors Are Satisfied.** As Defendants' own authorities make clear, a review of the Johnson factors is not required, but in any event Plaintiffs' opening brief made clear that those factors are satisfied here. *See Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) ("[D]istrict courts may, but are not required to, consider [the *Johnson*] factors since many usually are

subsumed within the initial calculation of hours reasonably expended at an hourly rate.") (quotations omitted) (cited in Opp. at 25). Plaintiffs' brief highlighted the amount of time and labor required to achieve success, Br. at 1–2, 11–13; the relevant skills of the lawyers involved in the case, including their experience, reputation, and ability, *id.* at 9–10; the various time constraints under which Plaintiffs' counsel had to work, including one-day turn-around times, *id.* at 4; the nature of Plaintiffs' victory, *id.* at 5; and awards in other cases involving grants of preliminary injunction, *id.* at 14. Finally, there is no question that the issues presented in this case were novel. Indeed, the Court was required to ask the parties for supplemental briefing because of Defendants' failure to identify and apply the *Pickering* standard to this First Amendment case involving public employee speech. ECF No. 65 at 5 n.15.[1]

## III. Plaintiffs Are Entitled to Fees for All Work on This Matter.

Contrary to Defendants' assertion, Plaintiffs are not limited to fees associated with work on the preliminary injunction. The law is clear that all compensable work associated with the case at the district level may be included in

---

[1] Defendants make the frivolous argument that Defendants did not believe *Pickering* was relevant to this public-employee speech case because Plaintiffs referenced *Pickering* at various points in their preliminary injunction briefing instead of making a so-called "free-standing" *Pickering* argument. Opp. at 14–15. As this Court has noted, it is highly "dubious" that Defendants and their counsel were unaware of *Pickering*'s application. ECF No. 65 at 5 n.15.

the award.  *See Machen*, 2014 WL 4928902, at *4–6 (awarding fees for work not directly connected to preliminary injunction, including discovery, a motion for summary judgment, and obtaining attorneys' fees because "the Eleventh Circuit did not limit the scope of fees to work that related to and contributed to the injunction"); *Watson v. Cnty. of Riverside*, 300 F.3d 1092, 1095 (9th Cir. 2002) (affirming district court's grant of plaintiff's attorneys' fees "based on all of the time his lawyers spent on the case, not just the time allocable to the preliminary injunction").

Defendants' authorities are not to the contrary.  Opp at 15–17.  The plaintiffs in *Wyner v. Struhs* could only obtain fees for work on the preliminary injunction because they lost a subsequent motion for summary judgment and permanent injunction.  179 F. App'x 566, 569 (11th Cir. 2006).  Here, by contrast, the preliminary injunction stayed in place until Defendants voluntarily mooted the action, which, again, does not impact Plaintiffs' entitlement to fees.  *See* ECF No. 128 at 15–16.[2]  And in *American Civil Liberties Union of Florida, Inc. v. Polk*

---

[2]   *See also Thomas v. Bryant*, 614 F.3d 1288, 1294 (11th Cir. 2010) ("[W]hen plaintiffs clearly succeeded in obtaining the relief sought before the district court and an intervening event rendered the case moot on appeal, plaintiffs are still 'prevailing parties' for the purposes of attorney's fees for the district court litigation.") (quotations omitted); *Jacksonville Prop. Rts. Ass'n v. City of Jacksonville*, 635 F.3d 1266, 1275 n.20 (11th Cir. 2012) (vacating judgment after it is rendered moot does "not deprive the Plaintiffs of the opportunity to seek [] § 1988 attorneys' fees.").

*County*, 2006 WL 2147716, at *2 (M.D. Fla. July 28, 2006), the case was mooted because the County eliminated the display program in which the plaintiffs had sought to speak, whereas the University's amendments to the Policy in this case enabled Plaintiffs and other faculty members to speak without regard to the content or viewpoint of their speech.

Additionally, the time spent reviewing news articles was integral to Plaintiffs' work, particularly at the inception of the case. As the University's decision-making with respect to Plaintiffs' requests to speak and the corresponding rationales changed on a near-daily basis, *see* ECF Nos. 31-16, 31-17, 31-21, Plaintiffs' counsel relied on press coverage to uncover evidence used in the opposition to the motion to dismiss and in support of Plaintiffs' motion for preliminary injunction. *See, e.g.*, ECF Nos. 45-2, 45-3, 45-5, 45-6, 45-7; ECF Nos. 31-28, 31-32, 31-35. Therefore, time billed for reviewing press and media is compensable. Similarly, the public records request was also necessary to develop the factual record in the case, and therefore the claimed legal expenses are compensable.

While the motion for preliminary injunction was partially denied with respect to the *amicus* brief issue, that aspect represented an ancillary part of the case and almost no time was billed solely to that issue. The First Amendment research and arguments applied with equal force to both aspects of the case. It

would therefore be almost impossible to segregate the time devoted only to the *amicus* brief issue from the other aspects of the case. *See Hensley v. Eckerhart*, 461 U.S. 424, 448 (1983) ("It is sometimes virtually impossible to determine how much time was devoted to one category or the other, and the incremental time required to pursue both claims rather than just one is likely to be small."). Additionally, the University's October 2022 revisions to the Policy included Plaintiffs' demands with respect to *amicus* briefs, ECF No. 105-1 § 3(K)(10), and thus Plaintiffs were ultimately successful with respect to that portion of the case.

## IV.    Plaintiffs Offered to Reduce the Award.

Even though Defendants have continued to lob accusations and advance frivolous arguments, Plaintiffs have worked in good faith to reach agreement with Defendants on the matter of their fees as required by Local Rule 54.1(G).   In advance of filing this Reply, Plaintiffs offered to reduce their requested fee award to address certain specific items identified in Defendants' opposition:

- Fees associated with work on Defendants' appeal to the Eleventh Circuit, which were inadvertently included in Plaintiffs' submission, Opp. at 17–18:  $3,320.00.

- Entries relating specifically to work associated with Professors Reid and Nunn, *id.* at 19: $5,830.00.

- Certain so-called "unrelated" entries, *id.* at 21: $2,010.00.

- So-called "vague" entries, *id.* at 22–24: $12,652.50.

- So-called "non-attorney tasks," *id.* at 24: $1,587.50.

11

These items amount to a total reduction of $25,400.00 to Plaintiffs' fee request. Although Defendants did not accept Plaintiffs' offered reduction, Plaintiffs renew their offer by way of this reply.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Plaintiffs' opening brief, this Court should grant Plaintiffs' Motion for Determination of Amount of Attorneys' Fees and Costs.

Dated:  August 4, 2023
　　　　Washington, D.C.


/s/ David A. O'Neil
DAVID A. O'NEIL (*pro hac vice*)
Debevoise & Plimpton LLP
801 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

MORGAN A. DAVIS (*pro hac vice*)
JAIME FREILICH-FRIED (*pro hac vice*)
SOREN SCHWAB (*pro hac vice*)
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000
mdavis@debevoise.com
jmfried@debevoise.com
sschwab@debevoise.com

PAUL DONNELLY
Florida Bar No. 813613
LAURA GROSS
Florida Bar No. 858242
CONOR P. FLYNN
Florida Bar No. 1010091
Donnelly + Gross LLP
2421 NW 41st Street, Suite A-1
Gainesville, FL 32606
(352) 374-4001
paul@donnellygross.com
laura@donnellygross.com
conor@donnellygross.com

ALEXANDRA P. SWAIN (*pro hac vice*)
Debevoise & Plimpton LLP
650 California Street
San Francisco, CA 94108

(415) 738-5700
apswain@debevoise.com

*Counsel for Plaintiffs Sharon Wright Austin, Michael McDonald, Daniel A. Smith, Jeffrey Goldhagen, Teresa J. Reid, and Kenneth B. Nunn*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I hereby certify that this memorandum of law contains 2,718 words.


                /s/ David A. O'Neil
                David A. O'Neil

14

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of August, 2023, a copy of this document was filed electronically through the CM/ECF system and furnished by email to all counsel of record.

<u>/s/ David A. O'Neil</u>
David A. O'Neil