**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SHARON   WRIGHT   AUSTIN,   MICHAEL:
MCDONALD, DANIEL A. SMITH, JEFFREY:
GOLDHAGEN,   TERESA   J.   REID,   and:
KENNETH B. NUNN,                    :        1:21-cv-00184-MW-HTC
                                    :
          Plaintiffs,               :
                                    :
     v.                             :
                                    :
UNIVERSITY   OF   FLORIDA   BOARD   OF:
TRUSTEES, the public body corporate acting for:
and on behalf of the University of Florida; W.:
KENT  FUCHS,  in  his  official  capacity  as:
President of the University of Florida; JOSEPH:
GLOVER, in his official capacity as Provost of:
the   University   of   Florida;   and   LAURA:
ROSENBURY, in her official capacity as Dean of:
the Fredric G. Levin College of Law,        :
                                    :
          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## DECLARATION OF DAVID A. O'NEIL

I, David A. O'Neil, declare as follows:

1.     I am a member of the D.C. and New York Bars and am a partner in

the law firm of Debevoise & Plimpton LLP ("Debevoise").  I have been admitted

to this Court *pro hac vice* as counsel for Plaintiffs.

2.     I make this declaration pursuant to Local Rule 54.1(E)(1) of the

Northern District of Florida and in response to this Court's Order dated September

22, 2023 (ECF No. 139) to provide an itemization of the hours expended by
Plaintiffs' attorneys and staff in this matter.

3.      I make this declaration on personal knowledge and on the record of
this litigation in support of Plaintiffs' Motion for Determination of Amount of
Reasonable Attorneys' Fees and Costs.

4.      Attached as **Exhibit A** is a revised time sheet detailing the hours
expended by attorneys and staff at my firm relating to this matter to the nearest
tenth hour.

5.      Attached as **Exhibit B** is a revised time sheet detailing the hours
expended by attorneys and staff at Donnelly & Gross relating to this matter to the
nearest tenth hour.

6.      The revisions to these time sheets take into account the proposed
reductions Plaintiffs' counsel made of their own accord in a good-faith effort to
save judicial resources.  Those reductions were explained in Plaintiffs' Reply (ECF
No. 135) at pages 11–12 and in a meet and confer with defense counsel.

7.      Attached as **Exhibit C** is the previous time sheet submitted for
Debevoise with the modified or deleted time entries highlighted.

8.      Attached as **Exhibit D** is the previous time sheet submitted for
Donnelly & Gross with the modified or deleted time entries highlighted.

9.      The entries that have been deleted or modified are those that were

identified in Defendants' Objections (ECF. No. 133) as follows:

10.    For entries related to appellate work, Plaintiffs' counsel deleted or reduced the entries identified on page 18 of Defendants' Objections.

11.    For entries relating specifically to Professors Reid and Nunn, Plaintiffs' counsel deleted or reduced the entries identified on page 19 of Defendants' Objections.

12.    For so-called "unrelated" entries, Plaintiffs' counsel deleted or reduced the entries identified on page 21 of Defendants' Objections.  Plaintiffs' counsel did not delete or reduce the entries identified on page 22 of Defendants' Objections relating to press and media review.

13.    For so-called "vague" entries, Plaintiffs' counsel deleted or reduced the entries identified on pages 22–24 of Defendants' Objections.

14.    For so-called "non-attorney" entries, Plaintiffs' counsel deleted or reduced the entries identified on page 24 of Defendants' Objections.

15.    For the avoidance of doubt, other than the entries associated with appellate work, Plaintiffs do not concede that any of the entries associated with the above categories were non-compensable or deficient or that any reduction in fees was required.  Rather, as noted, Plaintiffs made these reductions in a good-faith effort to resolve the parties' dispute over fees.

16.    Plaintiffs' counsel's hourly rates remain unchanged.

17.    After these reductions, the total hours for Debevoise are 1,170.9 hours and the total fees associated with those hours (after applying a 15% discount) are $303,137.63.

18.    After these reductions, the total hours for Donnelly & Gross are 196.9 hours and the total fees associated with those hours are $79,872.50.

19.    The total hours across both firms are 1,367.8 hours, and the total fees associated with those hours are $383,010.13.

20.    Plaintiffs' Reply originally sought a revised total fee award of $380,884.75.  The discrepancy between the total amount in these revised time sheets and the total amount requested after applying these reductions in Plaintiffs' Reply is $2,125.38.  The discrepancy is due to the fact that Plaintiffs' proposed reductions in the Reply were direct reductions in the fee values associated with the entries that Defendants identified, without taking into account Debevoise's 15% reduction to the Debevoise entries.  Plaintiffs remain willing to reduce their total fee request to the amount requested in Plaintiffs' Reply.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Washington, D.C. on this 2nd day of October, 2023.

/s/ David A. O'Neil
David A. O'Neil