# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

SHARON WRIGHT AUSTIN, et al

VS                                 USDC NO. 1:21-cv-00184-MW-HTC

                                   USCA NO. _____

UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, et al

### TRANSMITTAL OF NOTICE OF APPEAL

   The following documents are hereby transmitted to the Clerk, U. S. Court of Appeals. The Certified copy of the appeal notice, docket entries, judgment/opinion/order appealed from are enclosed.

First Appeal Notice. 02/08/2022
There was no hearing from which a transcript could be made.
Judge/Magistrate Judge appealed from: Mark E. Walker
Other:

Please acknowledge receipt on the enclosed copy of this transmittal to: GAINESVILLE DIVISION

                              JESSICA J. LYUBLANOVITS,
                              CLERK OF COURT

                              s/ KELLI MALU
                              By: Kelli Malu
                              Deputy Clerk
                              401 SE 1st Avenue, Ste 243
November 15, 2023             Gainesville, Florida 32601

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

SHARON WRIGHT AUSTIN,
MICHAEL MCDONALD, DANIEL
A. SMITH, JEFFREY GOLDHAGEN,
TERESA J. REID, and KENNETH B.
NUNN,

        *Plaintiffs,*

        v.

UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES, the public
body corporate acting for and on behalf
of the University of Florida, BEN
SASSE, in his official capacity as
President of the University of Florida,
J. SCOTT ANGLE, in his official
capacity as Interim Provost of the
University of Florida, and MERRITT
McALISTER, in her official capacity
as Interim Dean of the Fredric G.
Levin College of Law,

        *Defendants.*

Case No.: 1:21-cv-00184-MW-HTC

## DEFENDANTS' NOTICE OF APPEAL

Pursuant to 28 U.S.C. § 1291 and Rule 4(a)(1)(A) of the Federal Rules of

Appellate Procedure, Defendants University of Florida Board of Trustees, Ben

Sasse, J. Scott Angle, and Merritt McAlister hereby appeal to the United States Court

of Appeals for the Eleventh Circuit from the Order on Plaintiffs' Motion to

Determine the Amount of Attorneys' Fees and Expenses (Doc. 141) and the Fee and Cost Judgment (Doc. 142), both entered on November 9, 2023, which awarded Plaintiffs $372,219.75 in attorney's fees and $1,575.45 in costs, for a total judgment amount of $373,795.20. *See* Exhibits 1 and 2. Defendants also appeal from all subsidiary rulings incorporated in the foregoing order and judgment, including but not limited to the Order Granting Motion to Determine Entitlement to Attorneys' Fees and Costs (Doc. 128), entered on May 24, 2023. *See* Exhibit 3.

Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 43(c)(3) of the Federal Rules of Appellate Procedure, the current President of the University of Florida, Dr. Ben Sasse, has been substituted as a defendant in place of W. Kent Fuchs, his predecessor in office; the current Interim Provost of the University of Florida, Dr. J. Scott Angle, has been substituted as a defendant in place of Joseph Glover, his predecessor in office; and the current Interim Dean of the Fredric G. Levin College of Law, Professor Merritt McAlister, has been substituted as a defendant in place of Laura Rosenbury, her predecessor in office.

Respectfully submitted,

/s/ H. Christopher Bartolomucci
H. Christopher Bartolomucci
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com

*Counsel for Defendants-Appellants
University of Florida Board of Trustees,
Ben Sasse, J. Scott Angle, and Merritt
McAlister*

Dated:  November 14, 2023

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 14th day of November, 2023, the foregoing Defendants' Notice of Appeal was filed electronically through the CM/ECF system and furnished by email to all counsel of record.

<u>*/s/ H. Christopher Bartolomucci*</u>
H. Christopher Bartolomucci

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**SHARON WRIGHT AUSTIN,**
**et al.,**

      *Plaintiffs,*

v.                            **Case No.: 1:21cv184-MW/HTC**

**UNIVERSITY OF FLORIDA BOARD**
**OF TRUSTEES, et al.,**

      *Defendants.*

_____/

## ORDER ON PLAINTIFFS' MOTION TO DETERMINE
## THE AMOUNT OF ATTORNEYS' FEES AND EXPENSES

This Court previously determined Plaintiffs are entitled to fees under 42 U.S.C. § 1988 as the prevailing parties in this case. ECF No. 128. Plaintiffs now moves for a determination of the amount of attorneys' fees and expenses to which they are entitled. ECF No. 131. Plaintiffs initially sought a total award of $406,284.75 in fees and $286.54 in expenses. *Id.* at 5.[1] This Court has considered, without hearing, Plaintiffs' motion, ECF No. 131, Defendants' response, ECF No. 133, Plaintiffs' reply, ECF No. 135, as well as all related exhibits. Plaintiffs' reply indicated that they had agreed to cut $25,400.00 from their total fee request in

---

[1] Plaintiffs arrived at these figures after imposing a 15% across-the-board reduction to fees requested by counsel for Debevoise & Plimpton. ECF No. 131 at 17.

response to Defendants' objections, and this Court ordered Plaintiffs to submit updated time records to document the reductions. *See* ECF No. 139. This Court has considered Plaintiffs' updated time records. *See* ECF No. 140. For the reasons set out below, it is **ORDERED** that Plaintiffs' motion, ECF No. 131, is **GRANTED IN PART and DENIED in part** and Plaintiffs are awarded **$372,219.75** in attorneys' fees.

I

Plaintiffs Austin, McDonald, and Smith initiated this lawsuit on November 5, 2021. ECF No. 1. They alleged that the University of Florida, their employer, violated their First Amendment rights to free speech by preventing them from testifying as experts in a case challenging a recently enacted election law. Plaintiffs alleged that the University of Florida maintained an unconstitutional policy for professors who sought to participate in outside activities, like serving as expert witnesses, and this policy permitted viewpoint discrimination and amounted to an unconstitutional prior restraint on speech. Plaintiffs sought preliminary and permanent injunctive relief, declaratory relief, and reasonable attorneys' fees and costs.

Ten days later, Plaintiffs filed an amended complaint and added Plaintiffs Goldhagen, Reid, and Nunn. ECF No. 19. They also included additional allegations of (1) alleged limitations on University of Florida's law professors with respect to

signing amicus briefs submitted in cases challenging Florida law, (2) the denial of a

professor's request to testify as an expert witness in a case challenging an Executive

Order's ban on mask mandates in public schools, and (3) the University of Florida's

shifting positions regarding expert testimony in the election case. Plaintiffs

reasserted a single count alleging the University's policies violated their free speech

rights and sought the same relief in their amended complaint.

Defendants filed a motion to dismiss on December 1, 2021. ECF No. 23.

Plaintiffs filed their motion for preliminary injunction on December 3, 2021, ECF

No. 30, and their opposition to the motion to dismiss on December 17, 2021, ECF

No. 42. Defendants filed their response in opposition to the motion for preliminary

injunction on December 17, 2021, ECF No. 43. Plaintiffs filed their reply in support

of the motion for preliminary injunction on January 5, 2022. ECF No. 51.

The parties zealously litigated this case at every stage before this Court,

culminating in multiple hearings on Plaintiffs' motion for preliminary injunction and

extensive briefing at the voluntary dismissal stage after Defendants finally changed

their unconstitutional policy to remove those aspects that previously permitted

unbridled discretion and viewpoint-based discrimination in violation of the First

Amendment. ECF Nos. 235–37.

After a full round of briefing, this Court denied Defendant's motion to dismiss

on January 3, 2023, ECF No. 47, and granted in part Plaintiffs' motion for

preliminary injunction, ECF No. 65. This Court ruled against Plaintiffs with respect to their First Amendment claim challenging the amicus brief policy—noting Plaintiffs had failed to carry their burden to prove they were substantially likely to succeed on the merits of this claim—but ruled in Plaintiffs' favor with respect to their First Amendment claim challenging the conflict-of-interest policy on providing expert testimony or legal consulting in litigation involving the State of Florida. *Id.*

Specifically, this Court found that the University of Florida imposed an unconstitutional prior restraint on faculty and staff who sought to testify as expert witnesses outside of their ordinary job duties. And in both this Court's order denying the motion to dismiss and this Court's order granting in part the motion for preliminary injunction, this Court rejected Defendants' arguments that this case had been mooted by Defendants' subsequent approval of Plaintiffs' outside activity requests and President Fuchs's "revision" to the policy at issue. Instead, this Court found that the "revised" policy of November 2021 retained the features that Plaintiffs originally challenged and continued to harm them in the same fundamental way as the original policy. *See* ECF No. 47 at 17.

On February 8, 2022, Defendants appealed this Court's Order granting in part Plaintiffs' motion for preliminary injunction. *See* ECF No. 70. While this case was on appeal, the parties continued to engage in discovery, *see* ECF No. 104, and filed

4

motions to extend discovery while they engaged in settlement discussions with a mediator, *see, e.g.*, ECF No. 94 and 98.

In December 2022, while Defendants' appeal was pending, Plaintiffs filed a motion for voluntary dismissal without prejudice. ECF No. 105. They indicated that Defendants had finally changed their conflicts policy to align with Plaintiffs' sought-after relief, and thus, Plaintiffs' claims were *now* moot. *Id.* at 6. This Court ordered Plaintiffs to file supplemental briefing as to why they should not first seek dismissal at the appellate level given the pending interlocutory appeal of this Court's preliminary injunction. ECF No. 106. For prudential reasons and for judicial economy, this Court decided to take Plaintiffs' motion for voluntary dismissal under advisement after the Eleventh Circuit resolved the pending appeal. ECF No. 111. Ultimately, Plaintiffs moved to dismiss the appeal as moot and the Eleventh Circuit granted the motion. *See* ECF No. 116.

Plaintiffs moved for attorneys' fees under 42 U.S.C. § 1988 and costs under Federal Rule of Civil Procedure 54(d)(1). ECF No. 119. This Court determined that Plaintiffs are prevailing parties within the meaning of Section 1988 because Plaintiff succeeded on their First Amendment claim and were therefore entitled to fees under Section 1988 and costs under Rule 54(d)(1). ECF No. 128. The parties were then ordered to brief the issue of the amount of fees this Court should award. *Id.*

## II

This Court will first address the appropriate amount of attorneys' fees to be awarded to Plaintiff. The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). To determine a lodestar amount, a court must ascertain a reasonable hourly rate and multiply it by the number of hours an attorney reasonably expended on the litigation. *Id.* Where the time or fees claimed seem excessive, or there is a lack of support for the fees claimed, "the court may make the award on its own experience." *Id.* at 1303. The burden of establishing that the fee request is reasonable rests with the fee applicant, who must "submit evidence regarding the number of hours expended and the hourly rate claimed." *U.S. ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04-CV-93, 2007 WL 1601747, at *3 (M.D. Fla. June 1, 2007). Evidence in support of the fee applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

This Court begins with an analysis of the hourly rates Plaintiffs' attorneys seek. This Court then considers whether Plaintiffs' submissions demonstrate that the number of hours claimed are reasonable. Finally, this Court considers whether the results in the case warrant adjustment of the lodestar figure.

A. <u>Reasonable Hourly Rates</u>

A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Maner v. Linkan LLC*, 602 F. App'x 489, 493 (11th Cir. 2015) (quoting *Norman*, 836 F.2d at 1299). "The party seeking attorney's fees bears the burden of establishing that the requested hourly rate is in line with prevailing market rates." *Id.* In establishing a reasonable hourly rate, the court may "rely on its own expertise and where appropriate" and may also consider certain case-specific factors.[2] *Id.* Here, Gainesville represents the relevant legal market for purposes of

---

[2] "These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Maner*, 602 F. App'x at 492 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974)).

This Court rejects Defendants' suggestion that Plaintiffs' failure to explicitly mention the *Johnson* factors in their initial brief precludes them (or this Court) from relying on them. Defendants note that this Court may, but is not required to, rely on the *Johnson* factors in determining whether a requested fee is reasonable. ECF No. 133 at 30. However, Defendants cite no authority for their conclusory statement that "[g]iven Plaintiffs' failure to rely on the *Johnson* factors, they may not be used to support the rates, hours, or fee award that Plaintiffs seek here." *Id.* Moreover, Plaintiffs address the *Johnson* factors in their reply brief, ECF No. 135 at 10–11, and Defendants did not ask to file a sur-reply to address the issue further. Accordingly, to the extent Defendants object to the fee award based on Plaintiffs' failure to explicitly address the *Johnson* factors, this objection is rejected.

7

this analysis. Plaintiffs seek the following hourly rates for its attorneys, law clerks, and paralegals:[3]

| Name | Firm | Years of Legal Experience | Hourly Rate |
|---|---|---|---|
| David O'Neil | Debevois & Plimpton | 20+ | $450 |
| Paul Donnelly | Donnelly & Gross | 30+ | $450 |
| Laura Gross | Donnelly & Gross | 30+ | $450 |
| Jung Yoon | Donnelly & Gross | 20+ | $375 |
| Morgan Davis | Debevois & Plimpton | 6+ | $350 |
| Alexandra Swain | Debevois & Plimpton | 5+ | $325 |
| Conor Flynn | Donnelly & Gross | 3+ | $325 |
| Jaime Freilich-Fried | Debevois & Plimpton | 3+ | $300 |
| Samuel Rosh | Debevois & Plimpton | 3+ | $300 |
| Soren Schwab | Debevois & Plimpton | 2+ | $250 |
| Katherine Witteman | Debevois & Plimpton | 2+ | $250 |
| Legal assistants | Debevois & Plimpton |  | $75 |

---

[3] This Court created this chart based on the information attached to Plaintiffs' motion, ECF No. 131, and the affidavit in support of their motion, ECF No. 132.

Plaintiffs also submitted a declaration from their attorneys' fee expert, Archibald J. Thomas, III. ECF No. 131-3. Mr. Thomas's declaration opines that, based on his expertise, his review of the case, and the lawyers' billing records, the hourly rates that Plaintiffs seek are reasonable.

In turn, Defendants assert the claimed rates are too high when compared to a recent Florida Bar survey, which shows that two thirds of attorneys in North Florida charge $350 or less, a third charge more than $350, and only 12% charge more than $400. ECF No. 133 at 12. Defendants also assert Plaintiffs' rates should each be reduced by $100 to track the rates awarded almost ten years ago in another First Amendment case challenging a University of Florida policy, particularly given that Plaintiffs' attorneys are not self-described "First Amendment specialists." *Id.* at 14. Finally, Defendants critique Mr. Thomas's declaration, pointing out that his knowledge and experience is limited to labor and employment cases and the Middle District of Florida, where he practices. *Id.* at 15. Defendants have offered no expert of their own to rebut Mr. Thomas.

This Court finds Plaintiff's proposed rates to be reasonable. First, this Court takes into consideration Mr. O'Neil's and Mr. Donnelly's excellent reputations and abilities in determining a reasonable fee for their firms' legal services. *See Maner*, 602 F. App'x at 493. Second, caselaw from the Northern District of Florida—particularly from the Gainesville Division—generally supports Plaintiffs' proposed

rates. *See Sabal Trail Transmission, LLC v. 18.7 Acres of Land in Levy Cnty.*, 538 F. Supp. 3d 1243, 1260 (N.D. Fla. 2021) (Walker, C.J.) (approving hourly rates ranging from $275 to $450 for Gainesville case involving novel issues of national importance and complexity); *Brown v. Lawn Enf't Agency, Inc.*, 369 F. Supp. 3d 1224, 1227 n.1 (N.D. Fla. 2019) (Walker, C.J.) (concluding that hourly rate of $375 was appropriate midrange rate for Gainesville attorney with about 20 years' experience in a relatively straightforward FLSA case that was not particularly laborious, involved no extenuating time limitations, and the results obtained were relatively low); *Beta Upsilon Chi v. Machen*, Case No.: 1:07cv135-MW/GRJ, 2014 WL 4928902, *1 (N.D. Fla. Oct. 1, 2014) (Walker, C.J.) (approving rates ranging from $150 to $425 in First Amendment case challenging UF policy). Third, based on this Court's own knowledge and experience of the hourly rates charged by attorneys throughout Florida, the hourly rates that Plaintiffs seek are reasonable. *See Norman*, 836 F.2d at 1303 ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees . . . .") (quoting *Campbell v. Green*, 112 F.2d 143 (5th Cir. 1940)). Finally, this Court finds Plaintiffs' expert's opinion that these hourly rates are reasonable to be credible.

This Court is unpersuaded by Defendants' arguments in opposition. For one, the Florida Bar survey that Defendants rely upon lumps all North Florida attorneys together, including survey respondents who practice across the Northern District of

10

Florida—not just Gainesville—*and* those who practice in some counties that are part of the Middle District of Florida. *See* The Florida Bar, Results of the 2022 Economics and Law Office Management Survey § 4D, at 58 (Oct. 2022), https://tinyurl.com/yv3bzjjs (listing counties comprising regions). Simply put, survey is not a reliable measure of reasonable rates in the relevant market.

In addition, Defendants' reliance on the *Beta Upsilon Chi* case as a cap on fees for this case is misplaced. *See* ECF No. 133 at 13. Defendants insist that Plaintiffs' counsel are entitled to substantially lower hourly rates than what the attorneys received in *Beta Upsilon Chi* because they are not "First Amendment specialists." But "specialization" is not some talismanic defense to a fee award when Plaintiffs' requested rates are reasonable in relation to fees charged today for similar work by lawyers of comparable skill and experience in the Gainesville market.

Moreover, Defendants' suggestion that this Court should cap Plaintiffs' rates at the amounts awarded in 2014 ignores the fact that those rates are almost ten years old. This is contrary to the Eleventh Circuit's directive that "the court should take into account the time value of money and the effect of inflation and generally award compensation at current rates rather than historic rates." *Norman*, 836 F.2d at 1302; *accord Anderson v. Surgery Ctr. of Cullman, Inc.*, No. 2:12-cv-00598, 2018 WL 8807149, at *9 (N.D. Ala. Aug. 27, 2018) (finding that a lodestar calculation based on current rates was appropriate). Indeed, capping Plaintiffs' rates for their work on

this complex constitutional challenge at the 2014 amounts awarded in *Beta Upsilon Chi* would make no sense when the Gainesville market supported a *midrange* hourly rate of $375 in 2019 for a relatively simple FLSA case. *Cf. Brown*, 369 F. Supp. 3d at 1227 n.1.

Finally, although this Court finds Plaintiffs' expert's opinion regarding the reasonableness of the claimed rates to be credible, this Court also understands Defendants' critiques of the basis for the opinion. Mr. Thomas's opinion is based on his lengthy experience practicing in the Middle District of Florida. However, he does not explain how this experience informs his opinion regarding reasonable hourly rates in the Gainesville market, or the Northern District of Florida more generally. Accordingly, this Court assigns little weight to Mr. Thomas's opinion. Nonetheless, this Court need not find Mr. Thomas's opinion persuasive to conclude that Plaintiffs' hourly rates are reasonable. This Court will not reduce Plaintiffs' requested hourly rates. Given Plaintiffs' attorneys experience, reputations, and admirable skill employed in litigating this case, Plaintiffs' requested rates are reasonable.

### B. <u>Numbers of Hours Reasonably Expended</u>

The next step in the computation of the lodestar is a determination of reasonable hours expended on the litigation. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at

12

1303. Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed. *Id.* at 1301. A fee applicant must exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary [hours]." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Where a fee applicant does not exercise billing judgment, "courts are obligated to do it for them." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

When a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it cannot do both. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350–51 (11th Cir. 2008).[4] The Eleventh Circuit has "recognized that in cases 'where fee documentation is voluminous,' it will not be feasible to require a court to 'engage in such a precise [hour-by-hour] review.' " *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1311 (11th Cir. 2001) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)) (finding 569.3 hours to be sufficiently voluminous that no hour-by-hour analysis was required). Accordingly, this Court will address each of Defendant's specific objections, performing an hour-by-hour analysis where "feasible" and an across-the-board cut where appropriate.

---

[4] To be clear, this Court may apply both an hour-by-hour reduction to calculate the lodestar and an across-the-board reduction *after* computing the lodestar to account for the results obtained in the litigation. *See Fiedler v. Anglin's Beach Café, LLC*, No. 15-60989, 2017 WL 1278632, at *3 (S.D. Fla. Apr. 3, 2017) (construing *Bivins*).

Plaintiffs' attorneys expended 1,438.1 hours litigating this case. ECF No. 131 at 17. Multiplied by these attorneys' reasonable hourly rates this yields a lodestar figure of $406,284.75. *Id*. at 18. This figure incorporates a voluntary 15% reduction in fees requested by Debevoise & Plimpton "in recognition of the number of lawyers representing Plaintiffs in this case." *Id*. at 17.

Defendants raise numerous specific objections to certain billing entries submitted by Plaintiffs. *See* ECF No. 133 at 6-31. In response, Plaintiffs offered to reduce their claimed hours to address many of these objections, resulting in a reduction of over $25,000 to the lodestar. This Court ordered Plaintiffs to file updated time sheets accounting for the reductions that Plaintiffs proposed and has now considered those reductions. After a careful review of the specific line items to which Defendants object and Plaintiffs' responses thereto, this Court will make the following reductions in calculating the lodestar figure.[5]

### i.    *Fees for Appellate Work*

Defendants object to 7.4 hours, totaling $3,230.00 in fees, associated with appellate work for which this Court is not authorized to award to Plaintiffs. ECF No. 133 at 22. Plaintiffs concede that the inclusion of these hours was an error and have agreed to omit them. *See* ECF No. 135 at 14 (noting that "[f]ees associated with

---

[5] Importantly, this Court is not expected to be a "green-eyeshade accountant" seeking to "achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Rather, this Court endeavors "to do rough justice" in calculating the reasonable fee award. *Id.*

work on Defendants' appeal to the Eleventh Circuit . . . [were] inadvertently included in Plaintiffs' submission"). This Court agrees as well. Accordingly, Plaintiffs' reasonable hours are reduced by 7.4 hours, as identified at ECF No. 133 at 22, for a total reduction of $3,230.00.

ii.    *Entries Relating to Professors Nunn and Reid*

Defendants object to approximately 15.5 hours expended on "unsuccessful work," totaling approximately $5,910.00 in fees. *See* ECF No. 133 at 23. Plaintiffs have offered to reduce their fee request to eliminate these hours. *See* ECF No. 135 at 14. To the extent Plaintiffs agree this time is not compensable when calculating the lodestar, this Court agrees and will reduce Plaintiffs' total hours by 15.5 hours, totaling approximately $5,910.00 as set out in ECF No. 133 at 23.

iii.    *Unrelated Work*

Defendants object to 25.8 hours, totaling $10,997.50 in fees, associated with what Defendants identify as work unrelated to this case. ECF No. 133 at 26–27. This includes 6.1 hours, totaling $2,332.50 in fees, for things like reviewing emails regarding filing a union grievance, replying to an email from a possible donor, reviewing court orders from other cases addressing statutory challenges not before this Court in this case, etc. *Id.* at 26. In addition, this time includes 19.7 hours, totaling $8,665.00 in fees, for reviewing press stories regarding the events surrounding this litigation. *Id.* at 27.

15

Plaintiffs agree to omit its requested fees associated with the 6.1 hours spent on so-called "unrelated" work, *see* ECF No. 140 at 3, but maintain that they are entitled to fees for the 19.7 hours spent reviewing press stories regarding this case, *id. See also* ECF No. 135 at 13. Specifically, Plaintiffs assert that time spent reviewing news articles regarding the University's decision-making and corresponding rationales in the early stages of this case was necessary, given the shifting explanations the University offered for its actions. *Id.* According to Plaintiffs, they relied on such press coverage to uncover evidence that they included in their opposition to the motion to dismiss and in support of their motion for preliminary injunction. *Id.*

This Court has examined the time entries associated with the review of press coverage that Defendants specifically identified. When properly documented, time spent reviewing press stories for party admissions of evidentiary value may be compensable. But an attorney could also spend a half hour every morning reading media coverage about a newsworthy case without gleaning any useful evidence or using that information in any meaningful way as part of their legal strategy.

Here, Plaintiffs' time entries are not specific enough to justify an award of fees. This Court is not accusing Plaintiffs' counsel of simply reviewing the news every morning and recording that perfunctory exercise as billed time. But Plaintiffs should have provided more detail for the time spent presumably gathering evidence

for use in the early stages of this case. Indeed, 17.9 hours of those Defendants identified are for time spent generally "reviewing national/state coverage for evidence and info for case," or "reviewing news articles and developing factual background," or "reviewing media coverage for possible admissions and arguments," etc. Plaintiffs come a little closer to providing sufficient detail justifying the reasonableness of billing time for reviewing media coverage "for MTD response points and strategy," and for "evidence and admissions related to Fuchs resignation announcement," but still, these time entries are not particular enough for this Court to assess whether the time recorded is compensable. Accordingly, the time Plaintiffs' attorneys spent reviewing media coverage will also be deducted from the lodestar, yielding a total reduction of 25.8 hours, totaling $10,997.50 in fees, associated with the time entries Defendants have identified as work unrelated to this case. ECF No. 133 at 26–27.

### iv.    Vague Time Entries

Defendants object to 36.1 hours, totaling $12,047.50 in fees, for time entries that do not provide sufficient detail in violation of Local Rule 54.1(C). *See* ECF No. 133 at 27–28. "A fee applicant bears the burden of sufficiently describing the tasks for which he or she seeks fees." *Hodges v. School Bd. of Orange Cty., Fla.*, No. 6:11-cv-135, 2014 WL 6455436, at *10 (M.D. Fla. Nov. 13, 2014). Here, Plaintiffs agreed to omit the time entries that Defendants specifically identified in their objections as

providing insufficient detail of the tasks completed. *See* ECF No. 140 at 3. Accordingly, this Court finds it is appropriate to deduct the 36.1 hours that Defendants have identified, totaling a reduction of $12,047.50 from the lodestar amount.

*v.    Non-Attorney Tasks*

Defendants object to approximately 4.1 hours, totaling $1,510.00 in fees, for time expended on non-attorney tasks such as preparing the civil cover sheet and filing papers with this Court. *See* ECF No. 133 at 29. Plaintiffs agree to deduct this time from their fee request. *See* ECF No. 140 at 3. This Court finds this reduction is appropriate and will omit 4.1 hours, totaling $1,510.00 in fees, for work performed on non-attorney tasks from the lodestar amount.

*vi.    "Rounding up to the nearest hour or half hour"*

Defendants object to all of the time that Mr. O'Neil billed and accuse him of rounding his time entries up to the nearest hour or half hour in violation of Local Rule 54.1(C). *See* ECF No. 133 at 24. Defendants seek to strike all of Mr. O'Neil's time, amounting to 99 hours and totaling $44,550.00 in fees.[6] Defendants point to the fact that Mr. O'Neil's time entries generally do not look like the other

---

[6] This Court calculated the total time and fee amount based on the revised timesheets filed in response to this Court's Order, ECF No. 139. *See* ECF No. 140-1. This Court notes that the revised timesheet includes 99 hours as opposed to the 103 hours for Mr. O'Neil's time that Plaintiffs previously requested.

timekeepers' entries—he recorded time to the nearest hour or half hour, as opposed to tenth-of-an-hour intervals in between the hour and half hour. And, as an example demonstrating that Mr. O'Neil was rounding up, Defendants describe one inconsistency among multiple timekeepers. Specifically, Mr. O'Neil billed an hour for corresponding with his team about next steps to amend the complaint and file the preliminary injunction motion. The only other timekeeper for the same day did not mention speaking or emailing with Mr. O'Neil in her time entry. *See* ECF No. 133 at 25. But this example does not demonstrate that Mr. O'Neil was rounding up (or, for that matter, rounding down)—instead, if this Court were to take the worst possible inference, this example suggests that Mr. O'Neil simply lied on his time sheet about the hour he says he spent corresponding with his team because no other timekeeper mentioned this correspondence.

In response, Plaintiffs argue that Mr. O'Neil in fact rounded *down* when recording his time in this case, in addition to writing off a significant amount of time that was not included in the fee request. *See* ECF No. 135 at 10; *see also* ECF No. 131-1 ¶ 18. Plaintiffs assert, and their billing records reflect, that Mr. O'Neil was the sole partner from Debevois & Plimpton who worked on this case and that he personally drafted the written submissions and prepared and presented oral argument at the two hearings on Plaintiffs' motion for preliminary injunction. *Id.*; *see also* ECF No. 140-1. Mr. O'Neil also submitted a declaration attesting that the lawyers at

his firm (including himself) wrote off "nearly 1,200 hours of work performed," and "applied a 15% discount to the remaining fees . . . ." *See* ECF No. 131-1 ¶ 18. Of course, Mr. O'Neil's evidence that over 1,000 hours were written off could explain the inconsistency between multiple timekeepers that Defendants cite in support of their theory that Mr. O'Neil lacks candor with this Court.

Accordingly, absent any factual basis to support the inference that an officer of the court has repeatedly lied on his time sheets and submitted fraudulent records under the threat of myriad sanctions, this Court refuses to infer that Mr. O'Neil did so. That is not to say that one could never demonstrate that a timekeeper is improperly rounding up based on the submitted timesheets. Defendants could have pointed to consistent entries from various timekeepers that contradict another timekeeper who billed irregular times for the exact same activities or meetings. But here, the evidence submitted by the parties supports the reasonable inference that Mr. O'Neil—an officer of the court, just like Mr. Bartolomucci—under-reported the time he worked on this case, consistent with his declaration. Defendants' suggestion to the contrary shocks the conscience and severely undermines Defense counsel's credibility before this Court.

This Court has also reviewed Mr. O'Neil's time entries and finds the requested amount—less than 100 hours for substantial written submissions and stellar oral argument—represents a reasonable amount to bill for the work performed. To

blithely accuse someone of fraudulent billing is no small thing. Here, Defendants rely on supposition to insinuate that Mr. O'Neil has intentionally misrepresented the time he spent working on this case to obtain a higher fee award. Absent a factual basis to support Defendants' misguided attempt to accuse Mr. O'Neil of fraudulent billing and have this Court infer the worst about a fellow officer of the court, no deduction will be made to Plaintiffs' lodestar amount based on this objection.

### vii.    Overstaffing and overbilling

Defendants generally object that Plaintiffs overstaffed and overbilled this case, citing the fact that four law partners and seven associates from two different law firms participated in this litigation. *See* ECF No. 133 at 16. Defendants offer no specific explanation as to which billing entries were unnecessary or what aspect of this case was overstaffed or overbilled, aside from comparing this case to a 2014 case that also involved a First Amendment challenge against the University of Florida and requesting that any fee award in this case be reduced by $150,000. *Id.* at 16–18.

"[A] party opposing a fee application should submit objections and proof that are specific and reasonably precise, and . . . a failure to do so is generally fatal." *Hodges*, 2014 WL 6455436, at *9; *accord In re Home Depot Inc.*, 931 F.3d 1065, 1089 (11th Cir. 2019) ("The level of specificity required by district courts is proportional to the specificity of the fee opponent's objections."). Here, Defendants

generally object to overstaffing. But "there is nothing inherently unreasonable about a client having multiple attorneys." *ACLU of Ga.*, 168 F.3d at 433 (citation omitted). Instead, "a fee applicant is entitled to recover for the hours of multiple attorneys if he satisfies his burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." *Id.* This Court's review of Plaintiffs' revised billing entries after accounting for the reduction in total hours and requested fees for the amounts explained *supra* does not reveal any obviously "unnecessary" or overstaffed tasks. Moreover, in making their fee request, Plaintiffs' attorneys with Debevois & Plimpton exercised billing judgment and offered to reduce their requested fee award by 15% in recognition of the number of attorneys who worked on this case. This Court finds this is an appropriate use of billing judgment. Accordingly, no further deduction will be made to Plaintiff's lodestar amount based on this objection.

      *viii.   Limit Fee Award to Time Spent on Preliminary Injunction*

Defendants assert Plaintiffs' fee award should be limited to time spent on the preliminary-injunction stage of this case. ECF No. 133 at 20. They compare this case to *Wyner v. Struhs*, 179 F. App'x 566 (11th Cir. 2006), *rev'd on other grounds sub nom. Sole v. Wyner*, 551 U.S. 74 (2007), where the Eleventh Circuit affirmed an award of attorneys' fees limited to work performed on a successful motion for

preliminary injunction. In that case, the district court granted a motion for preliminary injunction as to the plaintiff's as-applied challenge to a state park's interference with a planned protest involving public nudity. Ultimately, however, the plaintiff's facial challenge failed at summary judgment. Nonetheless, the district court awarded attorneys' fees for the work performed on the successful motion for preliminary injunction. But *Wyner* offers no help to Defendants because it involves a case where the plaintiff ultimately lost on the merits and fees should have never been awarded. *See Sole*, 551 U.S. at 83. Here, this Court has already determined Plaintiffs are prevailing parties and they ultimately succeeded in having the challenged policy officially amended to cure its constitutional defect.

In support of this objection, Defendants also cite *ACLU of Fla., Inc. (Greater Tampa Chap.) v. Polk Cnty.*, No. 8:05CV02266, 2006 WL 2147716, *1 (M.D. Fla. July 28, 2006). In that case, the parties reached a stipulated order permitting the plaintiffs to erect public displays on the defendant's property during the 2005 Christmas season. *Id.* at *3. But the district judge limited the plaintiffs' fee award to those fees incurred for obtaining the temporary restraining order, citing *Hensley* as the basis for limiting the fee award in this regard. Thus, the district court simply reduced the fee award based on the results obtained, consistent with *Hensley*. Accordingly, this Court views this objection as an additional argument to reduce the

23

lodestar amount based on the results obtained, which this Court will address further below.

### ix.    *Remaining Objections*

Defendant's remaining objections rehash many arguments that this Court has previously rejected. Specifically, Defendants object to an award of any fees because (1) Plaintiffs had no standing, (2) their claims were unripe and moot, (3) their preliminary injunction motion was "unnecessary," (4) their success was technical or *de minimis*, and (5) they have unclean hands.

This Court does not mean to minimize the importance of the jurisdictional and justiciability issues Defendants raise. But this Court has already addressed these arguments at length in prior orders. This Court recognizes that Defendants may be repeating many of the same arguments they have made throughout this case to preserve the record on appeal, but this Court need not rehash its prior, lengthy analysis here. Instead, this Court incorporates by reference its prior analysis as set out below.

As to standing, ripeness, and mootness, this Court addressed Defendants' arguments at length in its amended order denying Defendants' motion to dismiss. *See* ECF No. 47 at 1–17. This Court again addressed these arguments in its order granting in part the motion for preliminary injunction. *See* ECF No. 65 at 25–37. And this Court rejected Defendants' arguments in its order granting Plaintiffs'

motion to determine entitlement to fees and costs. *See* ECF No. 128 at 6–7. No reviewing court needs this Court to repeat the same analysis that this Court has already engaged in multiple prior orders. Accordingly, this Court again incorporates by reference its analysis rejecting Defendants' arguments that Plaintiffs lacked standing and that their claims were both unripe and moot. *See* ECF No. 47 at 1–17; ECF No. 65 at 25–37; ECF No. 128 at 6–7. Similarly, Defendants' argument that the preliminary injunction motion was "unnecessary," is simply an extension of their justiciability arguments concerning the ripeness of Plaintiffs' request for a preliminary injunction. *See* ECF No. 133 at 9–10. This Court previously rejected Defendants' contention that because Plaintiffs had not made any new outside activity requests before they moved for a preliminary injunction, their motion was not yet ripe. *See* ECF No. 65 at 33–34. Again, this Court incorporates its prior reasoning by reference and rejects Defendants' assertion that Plaintiffs' motion was premature and "unduly litigious."

This Court also rejects Defendants' argument that Plaintiffs' success was technical or *de minimis*. Defendants minimize the relief that Plaintiffs received in this case. They suggest that Plaintiffs' preliminary injunction "was an academic matter" because they made no outside activity requests while the preliminary injunction was in effect. ECF No. 133 at 7. They also argue that Plaintiffs' success was "very limited" because Plaintiffs Reid and Nunn received no relief, and the

remaining plaintiffs only achieved a preliminary injunction. *Id.* In addition, Defendants assert Plaintiffs' success at the preliminary-injunction stage carries little legal significance because UF voluntarily changed the challenged policy "[f]or reasons unrelated to this lawsuit." *Id.* at 8. And, finally, Defendants assert, in conclusory fashion, that Plaintiffs commenced this case to redress a private injury and that this case did not serve a public purpose. *Id.*

With respect to whether Plaintiffs received meaningful relief, Plaintiffs point out that this Court already addressed the matter in its Order finding that Plaintiffs are prevailing parties in this case. *See* ECF No. 135 at 6 (quoting ECF No. 128 at 15). Indeed, Defendants have repeated many of the same arguments this Court rejected in granting Plaintiffs' motion to determine entitlement to attorneys' fees. *See* ECF No. 128 at 16 (noting that "Defendants finally amended their policy in October 2022—nearly nine months after the preliminary injunction went into effect—to prohibit *any* consideration of viewpoint or content of a UF employee's speech when determining whether a conflict of interest exists, thus permanently providing Plaintiffs the very relief they sought from the outset of this case"). Despite repackaging these arguments in opposition to Plaintiffs' request to determine a reasonable fee amount, this Court is not persuaded. *See also William v. City of Atlanta*, 2018 WL 2284374, at *10 (N.D. Ga. Mar. 30, 2018) (rejecting argument that plaintiffs' relief in First Amendment suit was *de minimis* where plaintiffs

received injunctive relief and small awards of compensatory damage, the injunctive relief benefitted other artists and members of the community subject to the same rules, the plaintiffs sought to vindicate core civil rights regarding the freedom of speech, and the action served a public purpose because it was "brought by a group of some of the City's prominent muralists to protect the City's existing murals and remove unconstitutional hurdles to future artistic creation within the City").

Here, like in *Williams*, Plaintiffs received enduring relief in the form of their preliminary injunction, followed by a substantial rule change that eliminated the constitutional issue that prompted Plaintiffs to bring this case to vindicate their First Amendment rights in the first place. Moreover, the injunction and subsequent rule change benefitted not only Plaintiffs, but also the entire community of faculty at the University of Florida by eliminating an unconstitutional hurdle to engaging in future protected speech involving their expertise. In this way, the case undoubtedly served a public purpose. *See, e.g.*, *Fox*, 563 U.S. at 833 ("When a plaintiff succeeds in remedying a civil rights violation, we have stated, he serves as a private attorney general, vindicating policy that Congress considered of the highest priority.") (internal quotation marks omitted); *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987) ("The affirmation of constitutional principles produces an undoubted public benefit that courts must consider in awarding attorneys' fees under Section 1988."); *Dowdell v. City of Apopka*, 698 F.2d 1181, 1191 (11th Cir. 1983)

("While it is the litigant who has the grievance, it is the litigator who is the 'private attorney' furthering the 'general' interest. Attorneys' fees and expenses are awarded . . . to *reward* attorneys whose service has benefited the public interest.").

Lastly, Defendants assert this Court should not award any fees because Plaintiffs have "unclean hands." ECF No. 133 at 10. Defendants argue that because Professors Austin, McDonald, Smith, and Goldhagen violated the unconstitutional conflicts policy, they should not receive any attorneys' fees for vindicating their constitutional claims. *Id.* This Court already rejected this argument to the extent Defendants claimed it should preclude preliminary injunctive relief. *See* ECF No. 65 at 6 n.15, 30 n.30.

The cases Defendants cite to support their contention that Plaintiffs' actions preclude a fee award are both factually and legally distinguishable and offer no help for Defendants' continued efforts to avoid responsibility in this case. For example, Defendant compare this case to *Oguachuba v. I.N.S.*, 706 F.2d 93 (2d Cir. 1983), a case in which a Nigerian citizen "violated American law innumerous ways" for four years, "hoping to cause a technical error by the INS which would allow him to remain in this country." *Id.* at 99. In affirming the denial of Mr. Oguachuba's fee request associated with his successful habeas petition, the Second Circuit noted that "he would not have been incarcerated in the first place but for his notorious and repeated violations of United States immigration law." *Id.* Simply put, "[i]t is plainly

28

inequitable to allow Oguachuba to flout American law in this fashion and then to require the public fisc to support his legal bills to terminate his detention through a quirk in American law when, at any point, he could have ended that detention himself." *Id.* Here, however, nothing Plaintiffs did or did not do would have prevented them from being subject to the unconstitutional policy in place before and after they filed their claims in this case.

Indeed, Defendants fail to identify any case holding that the "unclean hands" doctrine bars attorney fees for a prevailing party in a First Amendment case involving alleged violations of the challenged government policy. Instead, in addition to *Oguachuba*, Defendants cite a case where a plaintiff's fee petition in a § 1983 Fourth Amendment challenge was rejected because she lied on the witness stand, *Ciulla v. Rigny*, 89 F. Supp. 2d 97 (D. Mass. 2000); a case involving a trademark dispute between two private parties wherein the plaintiff admitted that its mark was never registered, *Urecal Corp. v. Masters*, 413 F. Supp. 873 (N.D. Ill. 1976); and a case denying fees under the Equal Access to Justice Act because the Government's position regarding a contempt order was found to be substantially justified, *U.S. Comm. Futures Trading Comm'n v. S. Trust Metals, Inc.*, No. 14-CV-22739-KING, 2020 WL 466471, *1 (S.D. Fla. Jul. 9, 2020). None of these cases persuade this Court that Plaintiffs should be precluded from receiving attorneys' fees because they engaged in outside activity prior to, contemporaneous with, or after UF

29

denied their requests to do so under Defendants' unconstitutional policy Accordingly, this Court rejects Defendants' objection that Plaintiffs should get no fees based on "unclean hands."

### C. Adjustment of Lodestar Due to Results Obtained

"[T]here is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Ela v. Destefano*, 869 F.3d 1198, 1203 (11th Cir. 2017) (internal quotation marks omitted). "If the lodestar is reasonable, a downward adjustment is merited only if the prevailing party was partially successful in its efforts." *Id.* (internal quotation marks omitted). "A district court must determine what counts as partial success on a case-by-case basis." *Id.*

"[I]n complex civil rights litigation involving numerous challenges to institutional practices or conditions," "a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *See Hensley*, 461 U.S. at 436–40. But, "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Id.* at 440. *"*Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours." *Norman*, 836 F.2d at 1302.

Here, Defendants argued for a one-third reduction in fees *and* a line-by-line reduction of fees for "unsuccessful work," ECF No. 133 at 23–24. Having already eliminated the fees based on Defendants' identified time entries related to Professors Reid and Nunn, this Court declines to make a further across-the-board reduction for results obtained. Indeed, to do so would result in an improper double reduction when this Court has already excluded "unsuccessful work" from the lodestar calculation.

Defendants also ask for a 75% to 95% reduction "for all of the reasons stated in [their] objections." *Id*. at 29–30. To support this request, Defendants assert that it serves to prevent Plaintiffs' counsel from receiving a "windfall" and will "accomplish rough justice." *Id*. at 30. Defendants also cite cases that affirmed or upheld similar across-the-board reductions involving limited success and excessive billing. But this Court, again, has already excluded fees related to "unsuccessful work," vague time entries, and unnecessary billing. This Court will not now apply a double reduction based on the same objections that this Court sustained in calculating the lodestar.

Moreover, this Court finds that Plaintiffs' success on its First Amendment claim is significant. "Congress has determined that 'the public as a whole has an interest in the vindication of the rights conferred by the statutes enumerated in § 1988, over and above the value of a civil rights remedy to a particular plaintiff." *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986). This Court finds Plaintiffs'

success on their First Amendment claim imparted a substantial public benefit by having this Court enter an injunction prohibiting Defendants from enforcing its unconstitutional conflicts policy. Said otherwise, Plaintiffs' victory on its First Amendment claim prevented Defendants from continuing to censor its employees' free speech in violation of the First Amendment until Defendants voluntarily amended their policy to eliminate its unconstitutional aspects.

In light of the forgoing analysis, the Court awards Plaintiff a total of **$372,219.75** in reasonable attorneys' fees, calculated as follows: ($313,934.75[7] for attorneys with Debevois & Plimpton + $92,350.00 for attorneys with Donnelly + Gross) - $25,400.00[8] in combined fees for stipulated reductions - $8,665.00 in combined fees for time spent reviewing news stories = $372,219.75 in total fees.

---

[7] This includes a 15% reduction to account for the number of attorneys who worked on this case.

[8] This Court's analysis in calculating the lodestar amount included a reduction of approximately $25,030.00 for the amounts Plaintiffs agreed to exclude—not $25,400.00, as proposed by Plaintiffs. This is explained by the fact that Defendants objected to several "portions" of billed time entries without specifying how much the "portion" represented for a given entry. Thus, this Court's estimates regarding these "portions" likely differ from Plaintiffs' estimates in proposing their own reductions in response to Defendants' objections. Nonetheless, this Court reiterates that it is not expected to be a "green-eyeshade accountant" seeking to "achieve auditing perfection." *Fox*, 563 U.S. at 838. Accordingly, in endeavoring to do "rough justice," this Court applies Plaintiffs' proposed reduction—which is greater than this Court's approximate sum—to the lodestar amount and reduces the total reasonable fees by $25,400.00 for all the reasons this Court explained above.

III

Plaintiffs seek $286.54 in litigation expenses—namely, for a public records request to the University of Florida. ECF No. 131 at 18. Plaintiffs submitted a copy of their invoice detailing the claimed expenses, the cancelled check associated with the expenses, and an attorney declaration attesting (albeit, in conclusory fashion) that this public records request was necessary for the successful prosecution of Plaintiffs' case. ECF No. 132-2; ECF No. 132 ¶ 16.

Defendants object to these expenses because Plaintiffs have not explained the relevance of their public records request, what records they received, or how the records request was reasonably necessary for the successful prosecution of their case. ECF No. 133 at 31. Plaintiffs assert, however, that "the public records request was also necessary to develop the factual record in this case, and therefore the claimed legal expenses are compensable." ECF No. 135 at 13. Plaintiffs offer no other basis to support their argument that this expense was reasonably necessary for the successful prosecution of this case.

"[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation or as an aspect of settlement of the case may be taxed as costs under section 1988." *Dowdell*, 698 F.2d at 1192. Reasonable litigation expenses may include public records requests. *Booher v. Marion Cnty.*, Case No.: 5:07-cv-282-Oc-

10GRJ, 2010 WL 11623534, at *9 (M.D. Fla. Sep. 14, 2020) (Hodges, J.) (citations omitted). While this Court agrees with the esteemed Judge Hodges—one of the best district judges Florida's ever had—that public records request expenses *may* be compensable, Plaintiffs must still explain why the expenses were reasonably necessary. But here, Plaintiffs rely only on a conclusory assertion in support of their request.[9] Accordingly, this Court agrees with Defendants and will not award Plaintiffs the requested $286.54 in litigation expenses based on this public records request.

IV

For these reasons, it is **ORDERED**:

1. Plaintiffs' Motion for Determination of Amount of Reasonable Attorneys' Fees and Costs, ECF No. 131, is **GRANTED in part** and **DENIED in part.**

2. Plaintiffs are entitled to **$372,219.75** in attorneys' fees.

3. Plaintiffs' request for $286.54 in litigation expenses is **DENIED**.

---

[9] Arguably, the materials Plaintiffs submitted in support of this request might satisfy Plaintiffs' burden. One could have argued that the invoice for the records request speaks for itself—Plaintiffs requested an email inbox search of three different UF employees for a specified time frame involving five key terms ("Dan Smith," "Michael McDonald," "Sharon Austin," "expert" and "testimony"). *See* ECF No. 132-2 at 2. Thus, Plaintiffs were searching for emails in which three of the Plaintiffs were mentioned or there was mention of expert testimony. *See id.* ("In subject or body of emails, search for: 'Dan Smith' OR 'Michael McDonald' OR 'Sharon Austin' OR (expert near(10) testimony)"). And Defendants identify the inboxes to be searched as belonging to employees in UF's community relations or public relations departments. ECF No. 133 at 31. But Plaintiffs did not make this argument and this Court will not make it for them to justify an award of litigation expenses based on a barebones request.

34

4. Without objection[10] from Defendants, Plaintiffs are entitled to **$1,575.45** in costs. *See* ECF No. 121. Accordingly, Plaintiff's total judgment amount is **$373,795.20**.

5. The Clerk shall enter a fee and cost judgment stating, "Plaintiffs are entitled to judgment against Defendants in the amount of **$372,219.75** in attorneys' fees and **$1,575.45** in costs, for a total judgment amount of **$373,795.20**, for which sum let execution issue."

6. The Clerk shall close the file.

    **SO ORDERED on November 9, 2023.**

                            **s/Mark E. Walker**
                            **Chief United States District Judge**

---

[10] "Defendants do not object to Plaintiffs' bill of costs, Doc. [121], assuming fees are awarded." ECF No. 133 at 31 n.7.

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

SHARON WRIGHT AUSTIN,
et al.,

      Plaintiff,

v.                       CASE NO. 1:21-cv-184-MW/HTC

UNIVERSITY OF FLORIDA BOARD
OF TRUSTEES, et al.,

      Defendant.

_____/

### FEE AND COST JUDGMENT

Pursuant to and at the direction of the Court, it is **ORDERED** that Plaintiffs are

entitled to judgment against Defendants in the amount of $372,219.75 in attorneys'

fees and $1,575.45 in costs, for a total judgment amount of $373,795.20, for which

sum let execution issue.


                              JESSICA J LYUBLANOVITS,
                              CLERK OF COURT

<u>November 9, 2023</u>             <u>s/ *Victoria Milton McGee*</u>
DATE                           DEPUTY CLERK

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**SHARON WRIGHT AUSTIN,**
**et al.,**

  *Plaintiffs,*

**v.**         **Case No.: 1:21cv184-MW/HTC**

**UNIVERSITY OF FLORIDA BOARD**
**OF TRUSTEES, et al.,**

  *Defendants.*

_____/

## ORDER GRANTING MOTION TO DETERMINE
## <u>ENTITLEMENT TO ATTORNEYS' FEES AND COSTS</u>

This Court has considered, without hearing, Plaintiffs' motion to determine entitlement to reasonable attorneys' fees and costs, ECF No. 119, the Defendants' response in opposition, ECF No. 122, Plaintiffs' reply, ECF No. 124, and the parties' supplemental briefs, ECF Nos. 126 and 127.

I

Before diving into the parties' arguments, this Court first sets out the history of this case to situate its analysis for determining whether Plaintiffs are entitled to reasonable attorneys' fees. Plaintiffs filed this action on November 5, 2021, asserting one claim for violation of their First and Fourteenth Amendment rights based on the University of Florida's (UF's) viewpoint-discriminatory conflict-of-interest policy

that also functioned as an unconstitutional prior restraint. *See* ECF No. 1 ¶¶ 44–49. They amended their complaint on November 15, 2021, to add additional parties and factual allegations. ECF No. 19. On December 3, 2021, Plaintiffs moved for a preliminary injunction. ECF No. 30.

In response, on December 1, 2021, Defendants moved to dismiss the amended complaint for lack of jurisdiction and for failure to state a claim. With respect to jurisdiction, Defendants argued, among other things, that this case was moot because (1) Plaintiffs' previously rejected outside activity requests had been approved; and (2) President Fuchs had revised the challenged policy shortly after Plaintiffs filed their amended complaint, thus "making this moot case even mooter," in November 2021. *Id.* at 6.

In opposition to the motion for preliminary injunction, Defendants raised the same two mootness arguments. ECF No. 43 at 18. But Defendants also argued, in the alternative, that Plaintiffs had failed to show the revised policy violated the First Amendment. Defendants implied that the viewpoint of a given professor's proposed testimony was very much at issue when determining whether a conflict arises, noting that Plaintiffs had no First Amendment right to act as expert witnesses in cases challenging any state law because this involved "litigation against the State of Florida, their employer." *Id.* at 22. Defendants went even further to suggest that "no UF employee has a constitutional right to work for the Gator *and* feed their employer

2

to one." *Id.* at 23 (emphasis in original). This is so even in the context where, for example, professors had been asked to serve as expert witnesses, not in a case against the University of Florida, but instead in a case challenging recently enacted election laws. ECF No. 30 at 12–17.

Ultimately, this Court considered Defendants' jurisdictional arguments at length and concluded that Plaintiffs had standing, that their claims were ripe, and that neither UF's retroactive approvals of Plaintiffs' original requests to serve as expert witnesses nor the November 2021 revisions to the challenged policy mooted the controversy. *See* ECF No. 47. This Court separately analyzed these issues in its Order granting in part Plaintiffs' motion for preliminary injunction, dated January 21, 2022. *See* ECF No. 65. Defendants appealed the preliminary injunction on February 8, 2022. ECF No. 70.

On December 28, 2022, while Defendants' appeal was pending, Plaintiffs filed a motion for voluntary dismissal without prejudice, citing new revisions to UF's conflict-of-interest policy that were published on October 13, 2022. ECF No. 105. Plaintiffs asserted these recent revisions now mooted their claims. *Id.* In response, Defendants asserted that the case was already mooted by the November 2021 revisions and that this Court should wait for the Eleventh Circuit to decide Plaintiffs' motion to dismiss Defendants' appeal prior to dismissing Plaintiffs' claims. *See* ECF No. 110. In so doing, Defendants recognized that this Court had

already rejected Defendants' mootness arguments and that such issues were on appeal, making it improper for this Court to pass on those issues again before the Eleventh Circuit had a chance to do so. *Id.* at 11–12. Moreover, Defendants also asserted it was unnecessary for this Court to again determine whether it had jurisdiction to decide Plaintiffs' claims as it had already ruled on jurisdiction, "and UF [did] not expect to change the Court's mind." *Id.* at 14.

Ultimately, this Court decided that, for prudential reasons and judicial economy, it would take Plaintiffs' motion for voluntary dismissal under advisement and rule on it only after the Eleventh Circuit dismissed or resolved the appeal. ECF No. 111. Then, on March 20, 2023, the Eleventh Circuit granted Plaintiffs' motion to dismiss Defendants' appeal as moot, vacated the preliminary injunction, and directed this Court to dismiss the case as moot. ECF No. 116. In so doing, the Eleventh Circuit did not offer any discussion about *when* the case became moot. *Id.*

This Court vacated its preliminary injunction and dismissed Plaintiffs' claims as moot on March 23, 2023. ECF Nos. 117 and 118. Plaintiffs promptly moved this Court to determine entitlement to fees, ECF No. 119, and Defendants responded in opposition, arguing again that this case became moot in November 2021, if not earlier. ECF No. 22 at 23 ("Here, UF approved the Professors' requests before the lawsuit started and then voluntarily changed the conflicts policy soon after this litigation started. So UF's voluntary changes occurred well before any court order

in this case."). Defendants also suggested that even if the October 2022 revisions mooted this case, those revisions were not made *because of* this case or the preliminary injunction this Court granted. *Id.* at 21 (citing the declaration of Deputy General Counsel Ryan Fuller (the "Original Fuller Declaration")) stating that "revisions to UF Policy on Conflicts came about because of the Task Force recommendations and the need to bring the CBA into conformity with the other conflict policies"). This Court permitted Plaintiffs to file a reply, which they did on May 1, 2023. ECF No. 124.

This Court then ordered further supplemental briefing from the parties, as neither side had satisfactorily engaged with the question of whether this Court should consider additional evidence concerning Defendants' motivations in revising the challenged policy after this Court enjoined Defendants from enforcing their previous policy.[1] This Court allowed both sides an opportunity to address this Court's concerns, including whether this Court needed to conduct an evidentiary hearing due to the record before it. ECF No. 125. In response to this Court's Order, Defendants

---

[1] To the extent Defendants suggest this Court should not have *sua sponte* permitted Plaintiffs to file a reply, Defendants are mistaken. This Court prefers to have things done promptly and completely. Therefore, this Court routinely permits parties to file replies before they seek leave to do so. This Court was perplexed by both sides' failure to address whether this Court should consider Defendants' deficient Fuller declaration, and thus, this Court afforded both sides a chance to address this Court's concerns. This served to benefit Defendants, as evidenced by Defendants' apparent recognition of the deficiencies in their original filing and subsequent attempt to correct those mistakes by filing a second, unauthorized declaration by Fuller (the "Second Fuller Declaration").

filed a corrected declaration in support of their opposition to Plaintiffs' motion and argued, *for the first time*, that the "core issue" for determining whether Plaintiffs are prevailing parties is "whether the Court's injunction was the impetus for the October 2022 revisions." ECF No. 127 at 12–13. In turn, Plaintiffs asserted, in relevant part, that (1) this Court need not consider Defendants' subjective motivations for the latest revisions, (2) the Fuller Declarations do not create any relevant factual disputes, and (3) this Court can decide the motion without an evidentiary hearing. As Plaintiffs' motion is now fully briefed and both sides have responded to this Court's request for further briefing, this Court now turns to the merits of Plaintiffs' motion.

II

A

To start, this Court agrees with Plaintiffs' well-reasoned arguments and rejects Defendants' attempt to relitigate this Court's conclusions with respect to the justiciability of Plaintiffs' claims and this Court's jurisdiction to hear them. This Court incorporates by reference its earlier reasoning with respect to Plaintiffs' standing and the ripeness or mootness of Plaintiffs' claims. *See* ECF No. 47 at 4–17; ECF No. 65 at 25–37; *see also* ECF No. 111 at 1–2 ("[I]t is mystifying to this Court that Defendants continue to argue that the earlier rule change mooted this controversy. This Court has rejected that same argument on the merits and notes that the November 2021 'revisions' amounted to something akin to viewpoint

discrimination on steroids.").

For the same reasons this Court previously explained at length, *see* ECF No. 47 at 4–17 and ECF No. 65 at 25–37, this Court concludes that Plaintiffs had standing and that their claims were ripe, both at the time they filed their action and when this Court entered its preliminary injunction. As this Court noted in its Order enjoining Defendants from enforcing their viewpoint-discriminatory conflict-of-interest policy, Defendants' "revised" policy continued to permit viewpoint discrimination in determining their choice of interests that could overcome the toothless viewpoint-neutral "presumption" applied to outside activity requests. *See* ECF No. 65 at 54 ("[T]he policy permits UF to base a denial on the proposed testimony's viewpoint if UF decides in its unlimited discretion that the testimony contravenes UF's interests."); *see also id.* at 50–51 ("UF has had ample opportunity to limit its discretion to salvage its constitutionally infirm policy . . . . Indeed, Defendants have shown that they are fully capable of such explicit clarification because they have done just that with their *amicus* brief policy. But Defendants have made no attempt to clarify that they will not consider political considerations or viewpoint in applying UF's conflict-of-interest policy to expert witness testimony and legal consulting in litigation involving the State."). In short, for the reasons this Court has set out at length in its prior Orders, neither Defendants' approval of Plaintiffs' prior requests nor Defendants' asserted policy change in November 2021

mooted this case.

B

This Court now turns to whether Plaintiffs are "prevailing parties" for purposes of entitling them to attorneys' fees under 42 U.S.C. § 1988. "For private actions brought under 42 U.S.C. § 1983 . . . Congress enacted 42 U.S.C. § 1988, which authorizes federal district courts, in their discretion, to allow the prevailing party a reasonable attorney's fee as part of the costs." *Common Cause Ga. v. Georgia*, 17 F.4th 102, 107 (11th Cir. 2021) (cleaned up). "A plaintiff qualifies as a prevailing party entitled to attorneys' fees under 42 U.S.C. § 1988 if there is a material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Id.* The Eleventh Circuit has "interpreted this language to require either (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties." *Id.* (citations omitted). Specifically, under the Eleventh Circuit's precedent, "a preliminary injunction on the merits entitles one to prevailing party status and an award of attorney's fees." *Id.* (quoting *Common Cause/Ga. v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009)).

Further, even when an injunction has been entered in the plaintiff's favor but the case is later mooted by the defendant's conduct, the plaintiff is entitled to "prevailing party" status for purposes of determining entitlement to attorneys' fees.

8

*See Beta Upsilon Chi Upsilon Chap. at Univ. of Fla. v. Machen*, 446 F. App'x 192, 192–93 (11th Cir. 2011) ("Although we ultimately dismissed the appeal on the ground that appellees' conduct in affording appellants relief they sought rendered moot the controversy and thus the appeal, we noted that an administrative panel of this court had granted, in the form of an injunction pending appeal, the relief the district court had denied them . . . . Appellants are prevailing parties under § 1988 and, thus, are entitled to a reasonable attorney's fee."); *see also Kansas Jud. Watch v. Stout*, 653 F.3d 1230, 1240 (10th Cir. 2011) (holding that the fact that a preliminary injunction was later vacated when the case became moot did not deprive plaintiffs of their status as "prevailing parties," because neither the Tenth Circuit nor the district court had "ever issued an order undermining the district court's assessment of the merits of" their claims or legal entitlement to relief); *Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 453 (1st Cir. 2009) (distinguishing between reversal on the merits and vacatur of a moot case and holding that "[w]hen plaintiffs clearly succeeded in obtaining the relief sought before the district court and an intervening event rendered the case moot on appeal, plaintiffs are still 'prevailing parties' for the purposes of attorney's fees for the district court litigation"); *Dearmore v. City of Garland*, 519 F.3d 517, 524 (5th Cir. 2008) ("*Buckhannon* does not stand for the proposition that a defendant should be allowed to moot an action to avoid the payment of the plaintiff's attorney's fees when a district court grants a preliminary

injunction based upon an unambiguous indication of probable success on the merits. Instead, we agree . . . that this preliminary injunction, coupled with the City's subsequent mooting of the case, is sufficient to establish prevailing party status.").

Defendants, in opposition, argue that (1) "the change in policy occurred irrespective of this Court's preliminary injunction," and (2) Plaintiffs "received no enduring relief from this Court." ECF No. 122 at 19, 24. This Court addresses both points in turn.

1

As to their first point, Defendants assert this Court's preliminary injunction did not cause Defendants to change their policy because they had changed the policy *before* this Court entered a preliminary injunction. ECF No. 122 at 23 ("UF's voluntary changes occurred well *before* any court order in this case. Put differently, there was no 'judicially sanctioned change' that affected UF's conduct." (emphasis added)). In so doing, Defendants again ignore this Court's determination that the November 2021 "policy change" to which they appear to refer was no meaningful change at all. And, as this Court has noted elsewhere, the 2021 "revisions" in fact amounted to "viewpoint discrimination on steroids." ECF No. 111 at 2. Specifically, although the 2021 revisions implemented a viewpoint-neutral "presumption" that professors would be permitted to testify as experts in litigation against the State of Florida, the University's asserted interests that could overcome this presumption

10

were entirely up to UF's discretion—including considering the viewpoint of the testimony and its importance to the State. Moreover, as Plaintiffs point out, it was only months *after* this Court granted a preliminary injunction that Defendants finally changed their conflicts policy to prevent the very viewpoint discrimination Plaintiffs challenged in this case. *See* ECF No. 119 at 9 n.1 (link to updated policy, last revised October 13, 2022).

Defendants have now switched gears and attempt to inject an issue as to the subjective motivation for revising the policy in October 2022. Defendants suggest that to the extent *this* change mooted the case, Defendants chose to revise their policy irrespective of this Court's preliminary injunction. In support of this argument, Defendants filed the Original Fuller Declaration, ECF No. 122-1, which sets out his conclusory assertions that the October 2022 revisions happened "organically," without providing any explanation for the basis of his knowledge. Mr. Fuller's original declaration is not competent evidence. *See Bazemore v. Jerfferson Capital Systems, LLC*, 827 F.3d 1325, 1327 (11th Cir. 2016) (holding that declaration in which declarant made conclusory statements and failed to assert was based upon personal knowledge was not competent evidence to support motion to compel arbitration). More importantly, Defendants' focus on the subjective motivation to revise their policy after this Court ordered relief on the merits is of no significance.

Defendants' attempt to create a factual dispute about Defendants' motive for

revising the policy in October 2022 appears to be based on Defendants' argument as

to how this Court should determine whether Plaintiffs are prevailing parties.

Specifically, Defendants assert this Court is required "to determine whether the

preliminary injunction *caused* the October 2022 revisions." ECF No. 127 at 5

(emphasis added). Not so. Indeed, Defendants' argument directly contradicts the

position the States of Florida, Georgia, and Alabama joined in an amicus brief before

the United States Supreme Court regarding a pending petition for writ of certiorari

on this very issue.[2] *See* Brief for Georgia, et al. as Amici Curiae Supporting

Petitioners, at 20, *Hargett v. Tenn. St. Conf. of NAACP*, No. 22-773 (U.S. Docketed

Feb. 21, 2023) (arguing that Fifth Circuit's purported test for fee eligibility conflicts

with Supreme Court precedent as it "appears to have revived the circuits' old catalyst

---

[2] Defendants point out that this cert petition is now pending before the Supreme Court for a Sixth Circuit case concerning whether a preliminary injunction, without a subsequent ruling on the merits, is ever sufficient to confer "prevailing party" status. ECF No. 122 at 25. The parties in that dispute disagree as to whether there is even any circuit split with respect to the question presented. *See* Pet. for Cert., *Hargett v. Tenn. St. Conf. of NAACP*, No. 22-773 (U.S. Docketed Feb. 16, 2023). But even the petitioners—who argue that there is a circuit split—assert the Eleventh Circuit's analysis *does not consider causation* for purposes of determining whether a party has made the necessary showing for entitlement to fees. *See* Reply of petitioners Tre Hargett, et al., at 7, *Hargett v. Tenn. St. Conf. of NAACP*, No. 22-773 (U.S. Docketed May 9, 2023) ("Other courts, too, analyze the relief requirement without considering causation. For example, in *Common Cause/Georgia v. Billups*, the Eleventh Circuit noted that the 'injunction remained effective until Georgia repealed the law at issue,' without asking *why* the law was repealed." (emphasis added)). In other words, according to petitioners, the Eleventh Circuit *does not* require a showing that a preliminary injunction *caused* a subsequent, voluntary change to the challenged provision for a party to be entitled to "prevailing party" status. Moreover, in their amicus brief, Florida, Georgia, and Alabama point to only the Fifth Circuit as requiring any "causation" analysis and certainly do not suggest that the Eleventh Circuit requires a similar determination. Defendants' suggestion that the core issue before this Court is determining what caused their revisions in October 2022 appears to be contrary to what the Attorney Generals for the States of Florida, Georgia, and Alabama claim elsewhere to be binding precedent in this Circuit.

theory by declaring a party eligible for a fee award if it wins a preliminary injunction 'that *causes the defendant* to moot the action' by giving the plaintiffs the relief they sought in the lawsuit" (emphasis in original)).

More importantly, Defendants' argument that this Court must determine what caused Defendants' revision in October 2022 contradicts binding law in this Circuit. The law in the Eleventh Circuit requires that this Court determine whether Plaintiffs achieved "a 'judicially sanctioned change in the legal relationship of the parties.' " *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1319 (11th Cir. 2002) (quoting *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)). As this Court noted above, the Eleventh Circuit holds that a preliminary injunction on the merits—like the one this Court granted in *this* case—entitles Plaintiffs to prevailing party status and an award of attorney's fees. *Common Cause*, 17 F.4th at 107. This is true even when the case is later mooted on appeal based on the voluntary actions of the enjoined party. *Beta Upsilon Chi*, 446 F. App'x at 192–93.

Defendants' suggestion that their October 2022 revisions must have been directly motivated by this Court's preliminary injunction to entitle Plaintiffs to attorney's fees misconstrues the applicable law. Defendants seek to transform this case into one where a defendant voluntarily changed its policy or behavior *before* any judicially sanctioned change in the relationship between the parties. *See* ECF

No. 122 at 22–23. But Plaintiffs' motion for entitlement to attorney's fees does not rely on some defunct catalyst theory in violation of *Buckhannon*. Instead, Plaintiffs obtained a judicially sanctioned change in their relationship with Defendants when this Court reached the merits of their claims and granted a preliminary injunction prohibiting Defendants from enforcing their unconstitutional conflict-of-interest policy.

Defendants try to revive the catalyst theory by urging this Court to determine whether the preliminary injunction was the catalyst for Defendants' subsequent revisions to their own policy.[3] But, just as Plaintiffs are not permitted to wield the catalyst theory as a sword to prove entitlement to fees, Defendants are not permitted to use it as a shield to protect them from Plaintiffs' entitlement to fees. In short, the catalyst theory is dead.

The law in this Circuit is clear, and so is Plaintiffs' entitlement to fees as

---

[3] As noted above, this position is at odds with Florida, Georgia, and Alabama's arguments in support of the cert petition in *Hargett*. *See* Brief for Georgia, et al. as Amici Curiae Supporting Petitioners, at 13, *Hargett v. Tenn. St. Conf. of NAACP*, No. 22-773 (U.S. Docketed Feb. 21, 2023) (noting "the Fifth Circuit has added into its test the knotty question whether the preliminary injunction also 'caused the defendant to moot the action,'" which "pushes courts not only to assess motives and mental states of government officials, but also to make a subjective judgment about just how strong the causative link between the injunction and the mooting action has to be"); *id.* at 20 (suggesting Fifth Circuit precedent is at odds with Supreme Court precedent, because "[t]he Fifth Circuit even appears to have revived the circuits' old catalyst theory by declaring a party eligible for a fee award if it wins a preliminary injunction 'that causes the defendant to moot the action' by giving the plaintiffs the relief they sought in the lawsuit."). But the Eleventh Circuit has not adopted a test that requires this Court to determine whether its preliminary injunction *caused* Defendants to later change their policy and moot the case. To the extent Defendants invite this Court to err by applying this unnecessary test, this Court declines the invitation.

"prevailing parties" under section 1988. Plaintiffs are not seeking fees based on an impermissible catalyst theory. Next this Court turns to Defendants' second argument—namely, whether Plaintiffs' received "enduring relief" from this Court.

2

As to Defendants' second point, this Court disagrees that this Court's now-vacated preliminary injunction afforded Plaintiffs no "enduring" relief. Instead, the preliminary injunction constitutes relief on the merits, which prohibited Defendants from taking any steps to enforce their unconstitutional conflict-of-interest policy with respect to requests to engage as expert witnesses or provide legal consulting in litigation involving the State of Florida. ECF No. 65 at 74. This Court made an enduring change in the legal relationship between the parties by ordering Defendants not to enforce the unconstitutional policy. *See Roberts v. Neace*, 65 F.4th 280, 286 (6th Cir. 2023) (affirming fee award in case that was ultimately dismissed as moot and noting that preliminary injunctions limited Kentucky Governor from enforcing orders limiting certain interstate travel and mass gatherings during COVID-19 pandemic "in ways that he could not ignore," because "he could not continue to do what he had done before or prosecute the congregants for what they had already done"). This Court's injunction remained in effect from January 21, 2022, until March 23, 2023. *Id.* (noting that "longevity of relief" that district court's preliminary injunction afforded—lasting over a year before the case was mooted—qualified as

enduring).

Here, Defendants "did not secure an eventual ruling on the merits and the preliminary injunction was not superseded by a later ruling unfavorable to the Plaintiff." *See Joyce v. Potter*, 2007 WL 2050955, at *5 (M.D. Fla. Jul. 16, 2007) (Hodges, J.). Instead, Defendants finally amended their policy in October 2022— nearly nine months after the preliminary injunction went into effect—to prohibit *any* consideration of viewpoint or content of a UF employee's speech when determining whether a conflict of interest exists, thus permanently providing Plaintiffs the very relief they sought from the outset of this case. The fact that Plaintiffs obtained this favorable outcome that mooted their claims while Defendants' appeal was pending does not undo Plaintiffs' victory. *See id.*; *see also Beta Upsilon Chi*, 446 F. App'x at 192–93.

### III

This Court finds that Plaintiffs are "prevailing parties" for purposes of entitlement to reasonable attorneys' fees under 42 U.S.C. § 1988. Accordingly, Plaintiffs' motion, ECF No. 119, is **GRANTED**. Pursuant to Local Rule 54.1(E), Plaintiffs shall file their motion to determine the amount of fees and supporting materials **on or before Friday, June 23, 2023**. Pursuant to Local Rule 54.1(F), Defendants' filing in opposition is due **no later than 30 days after Plaintiffs file their motion**—or Monday, July 24, 2023, if Plaintiffs do not file a motion until the

deadline set by this Order.[4]

      **SO ORDERED on May 24, 2023.**

**s/Mark E. Walker**

**Chief United States District Judge**

---

    [4] Pursuant to the Local Rules, the parties must confer in good faith to resolve any dispute as to Plaintiffs' claimed fee amount. *See* N.D. Fla. Loc. R. 54.1(A) and (G). In so stating, this Court is not requiring the parties to agree as to Plaintiffs' entitlement to fees. Obviously, the parties disagree, and Defendants do not waive their arguments with respect to entitlement by conferring in good faith with respect to Plaintiffs' claimed *amount* of fees.

Query   Reports   Utilities   Help

CLOSED,APPEAL,MEDIATION

# U.S. District Court
# Northern District of Florida (Gainesville)
# CIVIL DOCKET FOR CASE #: 1:21-cv-00184-MW-HTC

AUSTIN et al v. UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES et al
Assigned to: CHIEF JUDGE MARK E WALKER
Referred to: MAGISTRATE JUDGE HOPE T
CANNON
Case in other court: USCA Atlanta GA,
           22-10448-G
Cause: 42:1983 Civil Rights Act

Date Filed: 11/05/2021
Date Terminated: 11/09/2023
Jury Demand: Plaintiff
Nature of Suit: 440 Civil
Rights: Other
Jurisdiction: Federal Question

## Plaintiff

**SHARON WRIGHT AUSTIN**      represented by   **LAURA ANN GROSS**
DONNELLY & GROSS PA -
GAINESVILLE FL
2421 NW 41ST ST
STE A-1
GAINESVILLE, FL 32605
352-374-4001
Fax: 352-374-4046
Email:
laura@donnellygross.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ALEXANDRA P SWAIN**
DEBEVOISE & PLIMPTON LLP
- NEW YORK NY
66 HUDSON BOULEVARD
NEW YORK, NY 10001
415-738-5700
Email:
apswain@debevoise.com
*TERMINATED: 09/05/2023*

**DAVID ANDREW O'NEIL**
DEBEVOISE & PLIMPTON LLP
- WASHINGTON DC
801 PENNSYLVANIA AVENUE
NW
SUITE 500
WASHINGTON, DC 20004
202-383-8000
Email: daoneil@debevoise.com
*ATTORNEY TO BE NOTICED*

**JAIME MICHELLE
FREILICH-FRIED**
DEBEVOISE & PLIMPTON LLP
- NEW YORK NY
66 HUDSON BOULEVARD
NEW YORK, NY 10001
212-909-6000
Email: jmfried@debevoise.com
*ATTORNEY TO BE NOTICED*

**KATHARINE MCGRATH
WITTEMAN**
DEBEVOISE & PLIMPTON LLP
- NEW YORK NY
66 HUDSON BOULEVARD
NEW YORK, NY 10001
212-909-6000
Email:
kwitteman@debevoise.com
*TERMINATED: 01/26/2023*

**MORGAN AMANDA DAVIS**
DEBEVOISE & PLIMPTON LLP
- NEW YORK NY
66 HUDSON BOULEVARD
NEW YORK, NY 10001
212-909-6000
Email: mdavis@debevoise.com
*ATTORNEY TO BE NOTICED*

**SAMUEL JACK ROSH**
DEBEVOISE & PLIMPTON LLP

- NEW YORK NY
66 HUDSON BOULEVARD
NEW YORK, NY 10001
212-909-6000
Email: sjrosh@debevoise.com
*TERMINATED: 06/07/2023*

**SOREN OWEN SCHWAB**
DEBEVOISE & PLIMPTON LLP
- NEW YORK NY
66 HUDSON BOULEVARD
NEW YORK, NY 10001
212-909-6000
Email:
sschwab@debevoise.com
*ATTORNEY TO BE NOTICED*

**PAUL ANDREW DONNELLY**
DONNELLY & GROSS PA -
GAINESVILLE FL
2421 NW 41ST ST
STE A-1
GAINESVILLE, FL 32605
352-374-4001
Fax: 352-374-4046
Email:
paul@donnellygross.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**MICHAEL MCDONALD**          represented by **LAURA ANN GROSS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ALEXANDRA P SWAIN**
(See above for address)
*TERMINATED: 09/05/2023*

**DAVID ANDREW O'NEIL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JAIME MICHELLE
FREILICH-FRIED**
(See above for address)
*ATTORNEY TO BE NOTICED*

**KATHARINE MCGRATH
WITTEMAN**
(See above for address)
*TERMINATED: 01/26/2023*

**MORGAN AMANDA DAVIS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**SAMUEL JACK ROSH**
(See above for address)
*TERMINATED: 06/07/2023*

**SOREN OWEN SCHWAB**
(See above for address)
*ATTORNEY TO BE NOTICED*

**PAUL ANDREW DONNELLY**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DANIEL A SMITH**          represented by   **LAURA ANN GROSS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ALEXANDRA P SWAIN**
(See above for address)
*TERMINATED: 09/05/2023*

**DAVID ANDREW O'NEIL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JAIME MICHELLE
FREILICH-FRIED**
(See above for address)

*ATTORNEY TO BE NOTICED*

**KATHARINE MCGRATH WITTEMAN**
(See above for address)
*TERMINATED: 01/26/2023*

**MORGAN AMANDA DAVIS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**SAMUEL JACK ROSH**
(See above for address)
*TERMINATED: 06/07/2023*

**SOREN OWEN SCHWAB**
(See above for address)
*ATTORNEY TO BE NOTICED*

**PAUL ANDREW DONNELLY**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JEFFREY GOLDHAGEN**          represented by **DAVID ANDREW O'NEIL**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JAIME MICHELLE FREILICH-FRIED**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KATHARINE MCGRATH WITTEMAN**
(See above for address)
*TERMINATED: 01/26/2023*
*LEAD ATTORNEY*

**LAURA ANN GROSS**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MORGAN AMANDA DAVIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PAUL ANDREW DONNELLY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SAMUEL JACK ROSH**
(See above for address)
*TERMINATED: 06/07/2023*
*LEAD ATTORNEY*

**SOREN OWEN SCHWAB**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ALEXANDRA P SWAIN**
(See above for address)
*TERMINATED: 09/05/2023*

**Plaintiff**

**TERESA J REID**                    represented by   **DAVID ANDREW O'NEIL**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JAIME MICHELLE
FREILICH-FRIED**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KATHARINE MCGRATH
WITTEMAN**
(See above for address)
*TERMINATED: 01/26/2023*

*LEAD ATTORNEY*

**LAURA ANN GROSS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MORGAN AMANDA DAVIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PAUL ANDREW DONNELLY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SAMUEL JACK ROSH**
(See above for address)
*TERMINATED: 06/07/2023*
*LEAD ATTORNEY*

**SOREN OWEN SCHWAB**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ALEXANDRA P SWAIN**
(See above for address)
*TERMINATED: 09/05/2023*

**Plaintiff**

**KENNETH B NUNN**            represented by   **DAVID ANDREW O'NEIL**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JAIME MICHELLE
FREILICH-FRIED**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KATHARINE MCGRATH
WITTEMAN**
(See above for address)
*TERMINATED: 01/26/2023*
*LEAD ATTORNEY*

**LAURA ANN GROSS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MORGAN AMANDA DAVIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PAUL ANDREW DONNELLY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SAMUEL JACK ROSH**
(See above for address)
*TERMINATED: 06/07/2023*
*LEAD ATTORNEY*

**SOREN OWEN SCHWAB**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ALEXANDRA P SWAIN**
(See above for address)
*TERMINATED: 09/05/2023*

V.

**<u>Defendant</u>**

| **UNIVERSITY OF FLORIDA BOARD OF TRUSTEES** *THE PUBLIC BODY CORPORATE ACTING FOR AND ON BEHALF OF THE* | represented by | **BRIAN J FIELD** SCHAERR JAFFE LLP - WASHINGTON DC 1717 K STREET NW SUITE 900 |
|---|---|---|

*UNIVERSITY OF FLORIDA*

WASHINGTON, DC 20006
202-787-1060
Email: bfield@schaerr-jaffe.com
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
SCHAERR JAFFE LLP - WASHINGTON DC
1717 K STREET NW
SUITE 900
WASHINGTON, DC 20006
202-787-1060
Fax: 202-776-0136
Email: cbartolomucci@schaerr-jaffe.com
*ATTORNEY TO BE NOTICED*

**KENNETH ALAN KLUKOWSKI**
SCHAERR JAFFE LLP - WASHINGTON DC
1717 K STREET NW
SUITE 900
WASHINGTON, DC 20006
202-787-1060
Fax: 202-776-0136
Email: kklukowski@schaerr-jaffe.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**W KENT FUCHS**
*IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF FLORIDA*

represented by **BRIAN J FIELD**
(See above for address)
*ATTORNEY TO BE NOTICED*

**H CHRISTOPHER BARTOLOMUCCI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**KENNETH ALAN**

KLUKOWSKI
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOSEPH GLOVER**          represented by   **BRIAN J FIELD**
*IN HIS OFFICIAL CAPACITY*                 (See above for address)
*AS PROVOST OF THE*                         *ATTORNEY TO BE NOTICED*
*UNIVERISTY OF FLORIDA*

                                           **H CHRISTOPHER**
                                           **BARTOLOMUCCI**
                                           (See above for address)
                                           *ATTORNEY TO BE NOTICED*

                                           **KENNETH ALAN**
                                           **KLUKOWSKI**
                                           (See above for address)
                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**LAURA ROSENBURY**        represented by   **BRIAN J FIELD**
*IN HER OFFICIAL CAPACITY*                  (See above for address)
*AS DEAN OF THE FREDRIC G*                  *ATTORNEY TO BE NOTICED*
*LEVIN COLLEGE OF LAW*

                                           **H CHRISTOPHER**
                                           **BARTOLOMUCCI**
                                           (See above for address)
                                           *ATTORNEY TO BE NOTICED*

                                           **KENNETH ALAN**
                                           **KLUKOWSKI**
                                           (See above for address)
                                           *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/05/2021 | 1 | COMPLAINT against All Plaintiffs ( Filing fee $ 402 receipt number AFLNDC-6532595.), filed by Sharon Wright Austin, Daniel A. Smith, Michael McDonald. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Summons, # 3 Notice of Related Case) (DONNELLY, PAUL) (Entered: 11/05/2021) |

| | | |
|---|---|---|
| 11/08/2021 | 2 | CIVIL COVER SHEET. (kdm) (Entered: 11/08/2021) |
| 11/08/2021 | 3 | Summons Issued as to UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. (kdm) (Entered: 11/08/2021) |
| 11/08/2021 | 4 | NOTICE *of Filing Summonses* by SHARON WRIGHT AUSTIN, MICHAEL MCDONALD, DANIEL A SMITH (Attachments: # 1 Summons - Fuchs, # 2 Summons - Glover) (DONNELLY, PAUL) (Entered: 11/08/2021) |
| 11/08/2021 | 5 | NOTICE *of Related Case* by SHARON WRIGHT AUSTIN, MICHAEL MCDONALD, DANIEL A SMITH (DONNELLY, PAUL) (Entered: 11/08/2021) |
| 11/08/2021 | 6 | Summons Issued as to JOSEPH GLOVER and W KENT FUCHS (attachment 1) (kdm) Modified on 11/12/2021 (tss) (Entered: 11/08/2021) |
| 11/12/2021 | 7 | MOTION to Appear Pro Hac Vice by David ONeil.( Filing fee $ 208 receipt number AFLNDC-6542133.) by SHARON WRIGHT AUSTIN, MICHAEL MCDONALD, DANIEL A SMITH. (Attachments: # 1 Certificate of Good Standing) (O'NEIL, DAVID) (Entered: 11/12/2021) |
| 11/12/2021 | 8 | MOTION to Appear Pro Hac Vice by Soren Schwab.( Filing fee $ 208 receipt number AFLNDC-6542162.) by SHARON WRIGHT AUSTIN, MICHAEL MCDONALD, DANIEL A SMITH. (Attachments: # 1 Certificate of Good Standing) (SCHWAB, SOREN) (Entered: 11/12/2021) |
| 11/12/2021 | 9 | ORDER ADMITTING DAVID A O'NEIL PRO HAC VICE re 7 MOTION to Appear Pro Hac Vice by David O'Neil signed by CHIEF JUDGE MARK E WALKER on 1/12/21. (bkp) (Entered: 11/12/2021) |
| 11/12/2021 | 10 | MOTION to Appear Pro Hac Vice by Jaime Freilich-Fried.( Filing fee $ 208 receipt number AFLNDC-6542207.) by SHARON WRIGHT AUSTIN, MICHAEL MCDONALD, DANIEL A SMITH. (Attachments: # 1 Certificate of Good Standing) (FREILICH-FRIED, JAIME) (Entered: 11/12/2021) |
| 11/12/2021 | 11 | MOTION to Appear Pro Hac Vice by Katharine Witteman.( Filing fee $ 208 receipt number AFLNDC-6542291.) by SHARON WRIGHT AUSTIN, MICHAEL MCDONALD, DANIEL A SMITH. (Attachments: # 1 Certificate of Good Standing) (WITTEMAN, KATHARINE) (Entered: |

11/12/2021)

| 11/12/2021 | 12 | MOTION to Appear Pro Hac Vice by Samuel Rosh.( Filing fee $ 208 receipt number AFLNDC-6542390.) by SHARON WRIGHT AUSTIN, MICHAEL MCDONALD, DANIEL A SMITH. (Attachments: # 1 Certificate of Good Standing) (ROSH, SAMUEL) (Entered: 11/12/2021) |
| 11/12/2021 | 13 | ORDER ADMITTING JAIME FREILICH-FRIED PRO HAC VICE re 10 MOTION to Appear Pro Hac Vice by Jaime Freilich-Fried Signed by CHIEF JUDGE MARK E WALKER on 11/12/21. (bkp) (Entered: 11/12/2021) |
| 11/12/2021 | 14 | ORDER ADMITTING SAMUEL ROSH PRO HAC VICE re 12 MOTION to Appear Pro Hac Vice by Samuel Rosh signed by CHIEF JUDGE MARK E WALKER on 11/12/21. (bkp) (Entered: 11/12/2021) |
| 11/12/2021 | 15 | ORDER ADMITTING SOREN SCHWAB PRO HAC VICE re 8 MOTION to Appear Pro Hac Vice by Soren Schwab signed by CHIEF JUDGE MARK E WALKER on 11/12/21. (bkp) (Entered: 11/12/2021) |
| 11/12/2021 | 16 | MOTION to Appear Pro Hac Vice by Morgan Davis.( Filing fee $ 208 receipt number AFLNDC-6542573.) by SHARON WRIGHT AUSTIN, MICHAEL MCDONALD, DANIEL A SMITH. (Attachments: # 1 Certificate of Good Standing) (DAVIS, MORGAN) (Entered: 11/12/2021) |
| 11/12/2021 | 17 | ORDER ADMITTING KATHARINE WITTEMAN PRO HAC VICE re 11 MOTION to Appear Pro Hac Vice by Katharine Witteman signed by CHIEF JUDGE MARK E WALKER on 11/12/21. (bkp) (Entered: 11/12/2021) |
| 11/12/2021 | 18 | ORDER ADMITTING MORGAN DAVIS PRO HAC VICE; granting 16 Motion to Appear Pro Hac Vice. (Appointed MORGAN AMANDA DAVIS for SHARON WRIGHT AUSTIN, MICHAEL, DANIEL A SMITH). Signed by CHIEF JUDGE MARK E WALKER on 11/12/2021. (kdm) (Entered: 11/15/2021) |
| 11/15/2021 | 19 | AMENDED COMPLAINT *to include new Plaintiffs Jeffrey Goldhagen, Teresa J. Reid, and Kenneth B. Nunn and include new Defendant Laura Rosenbury, in her official capacity as Dean of the Fredric G. Levin College of Law* against W KENT FUCHS, JOSEPH GLOVER, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, filed by SHARON |

WRIGHT AUSTIN, DANIEL A SMITH, MICHAEL MCDONALD. (O'NEIL, DAVID) (Entered: 11/15/2021)

| 11/17/2021 | 20 | NOTICE *OF SUMMONS TO LAURA ROSENBURY* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH re 19 Amended Complaint, (O'NEIL, DAVID) (Entered: 11/17/2021) |
| --- | --- | --- |
| 11/17/2021 | 21 | Summons Issued as to LAURA ROSENBURY. (kdm) (Entered: 11/17/2021) |
| 12/01/2021 | 22 | NOTICE of Appearance by H CHRISTOPHER BARTOLOMUCCI on behalf of All Defendants (BARTOLOMUCCI, H) (Entered: 12/01/2021) |
| 12/01/2021 | 23 | MOTION to Dismiss for Lack of Jurisdiction ( (Internal deadline for referral to judge if response not filed earlier: **12/15/2021)**.), MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. (Attachments: # 1 Affidavit of Ryan Fuller with Supporting Exhibits) (BARTOLOMUCCI, H) (Entered: 12/01/2021) |
| 12/01/2021 | 24 | MOTION to Appear Pro Hac Vice by Alexandra P. Swain.( Filing fee $ 208 receipt number AFLNDC-6569145.) by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (SWAIN, ALEXANDRA) (Entered: 12/01/2021) |
| 12/02/2021 | 25 | INITIAL SCHEDULING ORDER. Signed by CHIEF JUDGE MARK E WALKER on 12/2/2021. Status Report due by **1/2/2022** and every 30 days thereafter. Rule 26 Meeting Report due by **1/18/2022**. Discovery due by **4/1/2022**. (kdm) (Entered: 12/02/2021) |
| 12/02/2021 | 26 | ORDER ADMITTING ALEXANDRA P. SWAIN PRO HAC VICE; granting 24 Motion to Appear Pro Hac Vice (Appointed ALEXANDRA P SWAIN for SHARON WRIGHT AUSTIN,JEFFREY GOLDHAGEN, MICHAEL MCDONALD,KENNETH B NUNN,TERESA J REID, LAURA ROSENBURY,DANIEL A SMITH). Signed by CHIEF JUDGE MARK E WALKER on 12/2/2021. (kdm) (Entered: 12/02/2021) |

| | | |
|---|---|---|
| 12/03/2021 | <u>27</u> | SUMMONS Returned Executed by DANIEL A SMITH, MICHAEL MCDONALD, JEFFREY GOLDHAGEN, SHARON WRIGHT AUSTIN, TERESA J REID, KENNETH B NUNN. W KENT FUCHS served on 11/16/2021, answer due 12/7/2021. (O'NEIL, DAVID) (Entered: 12/03/2021) |
| 12/03/2021 | <u>28</u> | SUMMONS Returned Executed by DANIEL A SMITH, MICHAEL MCDONALD, JEFFREY GOLDHAGEN, SHARON WRIGHT AUSTIN, TERESA J REID, KENNETH B NUNN. JOSEPH GLOVER served on 11/16/2021, answer due 12/7/2021. (O'NEIL, DAVID) (Entered: 12/03/2021) |
| 12/03/2021 | <u>29</u> | SUMMONS Returned Executed by DANIEL A SMITH, MICHAEL MCDONALD, JEFFREY GOLDHAGEN, SHARON WRIGHT AUSTIN, TERESA J REID, KENNETH B NUNN. UNIVERSITY OF FLORIDA BOARD OF TRUSTEES served on 11/16/2021, answer due 12/7/2021. (O'NEIL, DAVID) (Entered: 12/03/2021) |
| 12/03/2021 | <u>30</u> | MOTION for Preliminary Injunction by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (Attachments: # <u>1</u> Declaration of Kenneth B. Nunn, # <u>2</u> Declaration of Teresa J. Reid, # <u>3</u> Declaration of Jeffrey Goldhagen, # <u>4</u> Declaration of Sharon Wright Austin, # <u>5</u> Declaration of Michael McDonald, # <u>6</u> Declaration of Daniel A. Smith) (O'NEIL, DAVID) (Entered: 12/03/2021) |
| 12/03/2021 | <u>31</u> | AFFIDAVIT in Support re <u>30</u> MOTION for Preliminary Injunction filed by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (Attachments: # <u>1</u> Exhibit 1 2.10 Rosenbury Email to Faculty, # <u>2</u> Exhibit 2 7.1 UF Conflicts Policy, # <u>3</u> Exhibit 3 7.1 Prof Nunn Email to Colleagues, # <u>4</u> Exhibit 4 7.10 Email Exchange between Rosenbury and Faculty, # <u>5</u> Exhibit 5 7.12 Prof Reid UFOLIO Notification, # <u>6</u> Exhibit 6 7.14 Prof Nunn UFOLIO Disclosure, # <u>7</u> Exhibit 7 7.14 Prof Nunn UFOLIO Notification, # <u>8</u> Exhibit 8 8.11 Amicus Brief, # <u>9</u> Exhibit 9 6.4 Prof Smith UFOLIO Disclosure, # <u>10</u> Exhibit 10 7.7 Prof Smith UFOLIO Notification, # <u>11</u> Exhibit 11 8.12 Prof Goldhagen UFOLIO Disclosure, # <u>12</u> Exhibit 12 10.4 Prof Smith UFOLIO Notification, # <u>13</u> Exhibit 13 10.11 Prof Smith UFOLIO Notification, # <u>14</u> Exhibit 14 10.13 Prof McDonald UFOLIO Notification, # <u>15</u> Exhibit 15 10.15 Prof |

Austin UFOLIO Notification, # 16 Exhibit 16 10.30 UF Statement, # 17 Exhibit 17 11.1 UF Statement, # 18 Exhibit 18 11.1 OGC Email, # 19 Exhibit 19 11.3 Quinn Email to Colleagues, # 20 Exhibit 20 11.5 Prof McDonald UFOLIO Disclosure and Notification, # 21 Exhibit 21 11.5 UF Statement, # 22 Exhibit 22 11.5 Prof Smith June UFOLIO Notification, # 23 Exhibit 23 11.5 Prof Smith October UFOLIO Notification, # 24 Exhibit 24 8.12 Prof Smith Annual Evaluation, # 25 Exhibit 25 7.13 Prof Nunn Email to Colleagues, # 26 Exhibit 26 11.5 Prof Goldhagen UFOLIO Disclosure and Notification, # 27 Exhibit 27 11.8 Email Exchange between Prof Nunn and Quinn, # 28 Exhibit 28 11.16 Miami Herald Article, # 29 Exhibit 29 11.22 Task Force Final Report, # 30 Exhibit 30 11.23 UF Statement, # 31 Exhibit 31 11.23 SACSOC Special Report, # 32 Exhibit 32 11.23 Gainesville Sun Article, # 33 Exhibit 33 UF Mission Statement, # 34 Exhibit 34 11.2 FL Congressional Delegation Letter, # 35 Exhibit 35 11.29 WCJB Article, # 36 Exhibit 36 10.12 Richardson Email to Prof Smith) (DAVIS, MORGAN) (Entered: 12/03/2021)

| | | |
|---|---|---|
| 12/03/2021 | | Set Deadlines as to 30 MOTION for Preliminary Injunction. (Internal deadline for referral to judge if response not filed earlier: **12/17/2021**). (bkp) (Entered: 12/06/2021) |
| 12/06/2021 | 32 | ORDER SETTING CONFERENCE SCHEDULE - The attorneys for both parties must confer prior to the TELEPHONIC scheduling conference. The Clerk shall set this matter for an expedited telephonic scheduling conference on Friday, December 10, 2021, at 12:30 p.m. (ET) signed by CHIEF JUDGE MARK E WALKER on 12/6/21.( Telephonic Status Conference set for **12/10/2021 12:30 PM** in U.S. Courthouse Gainesville before CHIEF JUDGE MARK E WALKER.) (bkp) (Entered: 12/06/2021) |
| 12/06/2021 | 33 | NOTICE OF TELEPHONIC HEARING: Telephonic Scheduling Conference set for **12/10/2021 12:30 PM** before CHIEF JUDGE MARK E WALKER. |

ALL PARTIES are directed to call the AT&T Conference Line (see below)

Conference Call Information

You may dial into the conference call up to five minutes before start time. Call in number: **888-684-8852** When prompted for an access code, enter: **3853136#** If you are asked to join as the host, just ignore and wait until you are asked for a security code. When asked for a security code, enter: **4565#** Say your name, when prompted. You are now in the conference call. Remember to mute your phone when you are not speaking. **The Court asks that counsel NOT use cell phones or speaker phones** during the call as the quality of the audio connection is comprised by these devices.

s/ Victoria Milton McGee
Courtroom Deputy Clerk (vkm) (Entered: 12/06/2021)

| | | |
|---|---|---|
| 12/09/2021 | 34 | MOTION to Appear Pro Hac Vice by Brian J. Field.( Filing fee $ 208 receipt number AFLNDC-6579597.) by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. (Attachments: # 1 Exhibit Certificate of Good Standing) (FIELD, BRIAN) (Entered: 12/09/2021) |
| 12/09/2021 | 35 | ORDER ADMITTING BRIAN J. FIELD PRO HAC VICE; granting 34 Motion to Appear Pro Hac Vice (Appointed BRIAN J FIELD for W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES). Signed by CHIEF JUDGE MARK E WALKER on 12/9/2021. (kdm) (Entered: 12/09/2021) |
| 12/09/2021 | 36 | NOTICE OF RESCHEDULED TELEPHONIC HEARING: Telephonic Scheduling Conference reset for **12/13/2021 02:30 PM** before CHIEF JUDGE MARK E WALKER.<br><br>ALL PARTIES are directed to call the AT&T Conference Line (see below)<br><br>Conference Call Information<br><br>You may dial into the conference call up to five minutes before start time. Call in number: **888-684-8852** When prompted for an access code, enter: **3853136#** If you are asked to join as the host, just ignore and wait until you are asked for a security code. When asked for a security code, enter: **4565#** Say your name, when prompted. You are now in the conference call. Remember to mute your phone |

when you are not speaking. **The Court asks that counsel NOT use cell phones or speaker phones** during the call as the quality of the audio connection is comprised by these devices.

s/ Victoria Milton McGee
Courtroom Deputy Clerk (vkm) (Entered: 12/09/2021)

| | | |
|---|---|---|
| 12/10/2021 | 37 | Joint MOTION to Extend Time by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (Attachments: # 1 Text of Proposed Order) (O'NEIL, DAVID) (Entered: 12/10/2021) |
| 12/10/2021 | 38 | ORDER ACKNOWLEDGING ECF NO. 37 AND SETTING DEADLINES. (Plaintiffs' deadline to file their response in opposition to Defendants' motion to dismiss is extended to on or before Friday **12/17/2021**)., Defendants must file their response in opposition to Plaintiffs' motion for preliminary injunction on or before Friday **12/17/2021**). Signed by CHIEF JUDGE MARK E WALKER on 12/10/2021. (kdm) (Entered: 12/13/2021) |
| 12/13/2021 | 39 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Telephonic Scheduling Conference held on 12/13/2021. Parties discuss case status, briefing and hearing schedule for 30 Motion for Preliminary Injunction. Ruling by Court: 30 Motion for Preliminary Injunction and 24 Motion to Dismiss to have same briefing schedule: Responses due by **12/17/2021**. Replies due by **5:30 pm on 1/5/2022**. Oral argument re: 30 Motion for Preliminary Injunction set for 1/7/22 at 9:30 am. (Court Reporter Megan Hague). (vkm) (Entered: 12/14/2021) |
| 12/13/2021 | 40 | NOTICE OF HEARING RE: 30 MOTION for Preliminary Injunction: Oral Argument set for **1/7/2022 09:30 AM** before CHIEF JUDGE MARK E WALKER. United States Courthouse, **Courtroom 5 West,** 111 North Adams St., Tallahassee, Florida 32301.

Per Administrative Order, to protect the health and safety of all occupants, **all persons who enter any courthouse within the Northern District of Florida are required to wear face masks or other face coverings that cover the person's nose and mouth while in any public or** |

**common area within the facility.**

**Face masks are required in Courtroom 5 West.**

NOTE: If you or any party, witness or attorney in this matter has a disability that requires special accommodation, such as, a hearing impairment that requires a sign language interpreter or a wheelchair restriction that requires ramp access, please contact Victoria Milton McGee at 850-521-3510 in the Clerk's Office at least one week prior to the hearing (or as soon as possible) so arrangements can be made.

<u>s/ Victoria Milton McGee</u>
Courtroom Deputy Clerk (vkm) (Entered: 12/14/2021)

| | | |
|---|---|---|
| 12/17/2021 | <u>41</u> | SUMMONS Returned Executed by DANIEL A SMITH, MICHAEL MCDONALD, JEFFREY GOLDHAGEN, SHARON WRIGHT AUSTIN, TERESA J REID, KENNETH B NUNN. LAURA ROSENBURY served on 11/30/2021, answer due 12/21/2021. (O'NEIL, DAVID) (Entered: 12/17/2021) |
| 12/17/2021 | <u>42</u> | MEMORANDUM in Opposition re <u>23</u> MOTION to Dismiss for Lack of Jurisdiction MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM / *Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss* filed by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 12/17/2021) |
| 12/17/2021 | <u>43</u> | MEMORANDUM in Opposition re <u>30</u> MOTION for Preliminary Injunction filed by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. (BARTOLOMUCCI, H) (Entered: 12/17/2021) |
| 12/17/2021 | <u>44</u> | AFFIDAVIT in Opposition re <u>30</u> MOTION for Preliminary Injunction filed by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. (Attachments: # <u>1</u> Exhibit 1:UF Conflicts of Interest Policy, # <u>2</u> Exhibit 2: Emails, # <u>3</u> Exhibit 3: UFOLIO Nunn approval notice, # <u>4</u> Exhibit 4: UFOLIO Reid approval notice, # <u>5</u> Exhibit 5:Appellees' Br. Hoover v. Morales) (BARTOLOMUCCI, H) (Entered: 12/17/2021) |

| 12/17/2021 | 45 | AFFIDAVIT in Opposition re 23 MOTION to Dismiss for Lack of Jurisdiction MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM / *Declaration of Morgan A. Davis in Opposition to Defendants' Motion to Dismiss* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (Attachments: # 1 Exhibit A - 4.22 UFOLIO Review Guidance, # 2 Exhibit B - 11.2 Chronicle Article, # 3 Exhibit C - 12.3 Chronicle Article, # 4 Exhibit D - 12.3 BOT Chairman Remarks, # 5 Exhibit E - 12.6 UF Faculty Senate Report, # 6 Exhibit F - 11.15 Miami Herald Article, # 7 Exhibit G - 12.9 Tampa Bay Article, # 8 Exhibit H - UFOLIO Review Process Flowchart, # 9 Exhibit I - 12.16 UFOLIO Review Process Flowchart Addendum) (DAVIS, MORGAN) (Entered: 12/17/2021) |
|---|---|---|
| 01/03/2022 | 46 | ORDER DENYING 23 MOTION TO DISMISS. Signed by CHIEF JUDGE MARK E WALKER on 1/3/2022. (kdm) (Entered: 01/03/2022) |
| 01/03/2022 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of CHIEF JUDGE MARK E WALKER notified that action is needed Re: 25 INITIAL Scheduling Order - Status Report due by 1/2/2022. (***None filed to date.***) (kdm) (Entered: 01/03/2022) |
| 01/03/2022 | | RESet Deadline per 25 INITIAL SCHEDULING ORDER: Joint Status Report due by **2/2/2022**. (kdm) (Entered: 01/03/2022) |
| 01/03/2022 | 47 | AMENDED ORDER DENYING 23 MOTION TO DISMISS. Signed by CHIEF JUDGE MARK E WALKER on 1/3/2022. (kdm) (Entered: 01/03/2022) |
| 01/03/2022 | 48 | STATUS REPORT /*JOINT STATUS REPORT* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 01/03/2022) |
| 01/03/2022 | 49 | NOTICE OF TELEPHONIC HEARING RE: 30 MOTION for Preliminary Injunction: Telephonic Oral Argument set for **1/7/2022 09:30 AM** before CHIEF JUDGE MARK E WALKER.<br><br>ALL PARTIES are directed to call the AT&T Conference Line (see below) |

Conference Call Information

You may dial into the conference call up to five minutes before start time. Call in number: **888-684-8852** When prompted for an access code, enter: **3853136#** If you are asked to join as the host, just ignore and wait until you are asked for a security code. When asked for a security code, enter: **4565#** Say your name, when prompted. You are now in the conference call. Remember to mute your phone when you are not speaking. **The Court asks that counsel NOT use cell phones or speaker phones** during the call as the quality of the audio connection is comprised by these devices.

s/ Victoria Milton McGee
Courtroom Deputy Clerk (vkm) (Entered: 01/03/2022)

| 01/05/2022 | 50 | ORDER REQUIRING SUPPLEMENTAL NOTICE re 44 Affidavit in Opposition. (By the close of business tomorrow **1/6/2022** Defendants are ordered to file a supplemental notice accompanied by record evidence setting out the specific subject matter on which Plaintiff McDonald is consulting). Signed by CHIEF JUDGE MARK E WALKER on 1/5/2022. (kdm) (Entered: 01/05/2022) |
| --- | --- | --- |
| 01/05/2022 | 51 | REPLY to Response to Motion re 30 MOTION for Preliminary Injunction filed by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 01/05/2022) |
| 01/06/2022 | 52 | NOTICE *Supplemental per Court Order* by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES re 50 Order,, Set Deadlines/Hearings, (Attachments: # 1 Exhibit A:McDonald UFOLIO) (BARTOLOMUCCI, H) (Entered: 01/06/2022) |
| 01/07/2022 | 53 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Telephonic Oral Argument held on 1/7/2022 re 30 MOTION for Preliminary Injunction. Defendants to file supplemental brief on or before **1/12/2022**. Plaintiffs to file response on or before **1/13/2022**. Telephonic oral argument resumes on 1/14/2022 at 2:00 p.m. (Court Reporter Megan Hague). |

(vkm) (Entered: 01/07/2022)

01/07/2022   54   NOTICE OF TELEPHONIC HEARING RE: <u>30</u> MOTION for
Preliminary Injunction: Telephonic Oral Argument resumes
**1/14/2022 at 02:00 PM** before CHIEF JUDGE MARK E
WALKER.

ALL PARTIES are directed to call the AT&T Conference
Line (see below)

Conference Call Information

You may dial into the conference call up to five minutes
before start time. Call in number: **888-684-8852** When
prompted for an access code, enter: **3853136#** If you are
asked to join as the host, just ignore and wait until you are
asked for a security code. When asked for a security code,
enter: **4565#** Say your name, when prompted. You are
now in the conference call. Remember to mute your phone
when you are not speaking. **The Court asks that counsel
NOT use cell phones or speaker phones** during the call
as the quality of the audio connection is comprised by
these devices.

<u>s/ Victoria Milton McGee</u>
Courtroom Deputy Clerk (vkm) (Entered: 01/07/2022)

01/08/2022   <u>55</u>   NOTICE OF FILING OF OFFICIAL TRANSCRIPT of
Telephonic Preliminary Injunction Motion Proceedings held
on 1/7/2022, before Judge Mark E. Walker. Court
Reporter/Transcriber Megan A. Hague, Telephone number
850-443-9797.

>   *Transcript may be viewed at the court public*
>   *terminal or purchased through the Court*
>   *Reporter/Transcriber before the deadline for*
>   *Release of Transcript Restriction. After that date*
>   *it may be obtained through PACER.*

Redaction Request due **1/18/2022**. Release of Transcript
Restriction set for **4/15/2022**. (mah) (Entered:
01/08/2022)

01/11/2022   <u>56</u>   MOTION for Extension of Time to File Answer re <u>1</u>
Complaint, by W KENT FUCHS, JOSEPH GLOVER, LAURA
ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF

TRUSTEES. (Attachments: # 1 Text of Proposed Order) (BARTOLOMUCCI, H) (Entered: 01/11/2022)

| 01/12/2022 | 57 | ORDER GRANTING 56 EXTENSION. (Defendants must file their answer on or before **2/1/2022**). Signed by CHIEF JUDGE MARK E WALKER on 1/12/2022. (kdm) (Entered: 01/12/2022) |

| 01/12/2022 | 58 | RESPONSE in Opposition re 30 MOTION for Preliminary Injunction *Supplemental Brief per 1-7-22 Order* filed by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. (BARTOLOMUCCI, H) (Entered: 01/12/2022) |

| 01/12/2022 | 59 | NOTICE of Appearance by KENNETH ALAN KLUKOWSKI on behalf of All Defendants (KLUKOWSKI, KENNETH) (Entered: 01/12/2022) |

| 01/13/2022 | 60 | REPLY to Response to Motion re 30 MOTION for Preliminary Injunction */SUPPLEMENTAL*, MEMORANDUM in Support filed by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (Attachments: # 1 Affidavit /Second Declaration of Jeffrey Goldhagen) (O'NEIL, DAVID) (Entered: 01/13/2022) |

| 01/14/2022 | 61 | NOTICE *of Filing as per Order of 1-14-21* by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES re 30 MOTION for Preliminary Injunction (Attachments: # 1 Exhibit 1:Expert Report S Austin 9-1-21, # 2 Exhibit 2:Expert Report D Smith 9-1-21, # 3 Exhibit 3:Expert Decl M McDonald 10-13-21, # 4 Exhibit 4:Suppl & Rebuttal Expert Rep D Smith 10-13-21, # 5 Exhibit 5:Transcript of Deposition D Smith 10-25-21, # 6 Exhibit 6:Transcript of Deposition S Austin 10-27-21, # 7 Exhibit 7:Transcript of Deposition M McDonald 10-29-21) (BARTOLOMUCCI, H) (Entered: 01/14/2022) |

| 01/14/2022 | 64 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Telephonic Preliminary Injunction Oral Argument held on 1/14/2022. Argument continues regarding 30 Plaintiffs' Motion for Preliminary Injunction. Ruling by Court: Defendants to supplement the record, as directed by the Court, by **5:00 pm on 1/14/2022**, with expert reports and depositions. Order to follow (Court |

Reporter Judy Martin). (vkm) (Entered: 01/20/2022)

| 01/18/2022 | 62 | REPORT of Rule 26(f) Planning Meeting. (O'NEIL, DAVID) (Entered: 01/18/2022) |

01/19/2022 — ACTION REQUIRED BY DISTRICT JUDGE: Chambers of CHIEF JUDGE MARK E WALKER notified that action is needed Re: 62 Report of Rule 26(f) Planning Meeting. (kdm) (Entered: 01/19/2022)

01/19/2022 63 SCHEDULING AND MEDIATION ORDER Re: 62 Report of Rule 26(f) Planning Meeting. (Discovery due by **8/1/2022.**, Dispositive Motions to be filed by **8/22/2022.**, Mediation Report due by **9/12/2022**. Bench Trial set for **11/7/2022 08:30 AM** in U.S. Courthouse Gainesville before CHIEF JUDGE MARK E WALKER.) Case referred to mediation. Signed by CHIEF JUDGE MARK E WALKER on 1/19/2022. (kdm) (Entered: 01/19/2022)

01/21/2022 65 ***VACATED PER 117 ORDER VACATING 65 PRELIMINARY INJUNCTION AND SETTING DEADLINE TO FILE MOTION REGARDING ENTITLEMENT TO FEES*** --- PRELIMINARY INJUNCTION. Plaintiffs' motion for preliminary injunction, ECF No. 30 , is GRANTED in part and DENIED in part. Signed by CHIEF JUDGE MARK E WALKER on 1/21/2022. (kjw) Modified on 3/23/2023 to edit text (kdm). (Entered: 01/21/2022)

01/25/2022 66 RULE 26 Disclosures by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. (BARTOLOMUCCI, H) (Entered: 01/25/2022)

01/26/2022 67 ***DISREGARD ENTERED IN ERROR*** -- DISCOVERY ADVISORY: Re 66 Rule 26 Disclosures - Counsels attention is directed to Federal Rule of Civil Procedure 5(d), which prohibits the filing of discovery materials (including notices of deposition, deposition transcripts, interrogatories and interrogatory responses and notices thereof, production requests and responses and notices thereof, and admissions requests and responses and notices thereof) unless and until needed for consideration of pending motions by the court. This advisory serves as notice that no further discovery materials should be filed and all discovery posting options have been removed from CMECF. (kdm) Modified on 1/26/2022 to add text (kdm).

(Entered: 01/26/2022)

02/01/2022    68    ANSWER to 19 Amended Complaint, by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. (BARTOLOMUCCI, H) (Entered: 02/01/2022)

02/02/2022      ACTION REQUIRED BY DISTRICT JUDGE: Chambers of CHIEF JUDGE MARK E WALKER notified that action is needed Re: 25 INITIAL SCHEDULING ORDER: Joint Status Report due by 2/2/2022. (***None filed to date.***) (kdm) (Entered: 02/02/2022)

02/02/2022      RESet Deadline per 25 INITIAL SCHEDULING ORDER: Joint Status Report due by **3/2/2022**. (kdm) (Entered: 02/02/2022)

02/02/2022    69    STATUS REPORT /*Joint Status Report* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 02/02/2022)

02/08/2022    70    NOTICE OF APPEAL as to 65 Preliminary Injunction by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. ( (Filing fee $ 505.) (Attachments: # 1 Exhibit 1:Preliminary Injunction 1-21-22) (BARTOLOMUCCI, H) (Entered: 02/08/2022)

02/09/2022    71    USCA Appeal Fees received $ 505 receipt number 1-4314 re 70 Notice of Appeal, filed by JOSEPH GLOVER, LAURA ROSENBURY, W KENT FUCHS, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. (kdm) (Entered: 02/09/2022)

02/09/2022    72    Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 70 Notice of Appeal. (kdm) (Entered: 02/09/2022)

02/09/2022    73    Appeal Instructions re: 70 Notice of Appeal, : The Transcript Request Form is available on the Internet at http://www.flnd.uscourts.gov/forms/Attorney /ECCA_transcript_form_fillable.pdf
**PLEASE NOTE** Separate forms must be filed for each court reporter in both the district court and the appeals court. Transcript Order Form due by **2/23/2022**. (kdm) (Entered: 02/09/2022)

| 02/09/2022 | | Set Deadlines re 70 Notice of Appeal : Certificate of Readiness (FRAP 11) due by **4/9/2022.**, Clerk to check status of Appeal on **5/9/2022**. (kdm) (Entered: 02/09/2022) |
|---|---|---|
| 02/11/2022 | 74 | TRANSCRIPT REQUEST by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES for proceedings held on 01/07/2022 before Judge Mark Walker, Court Reporter:Megan Hague (BARTOLOMUCCI, H) (Entered: 02/11/2022) |
| 02/11/2022 | 75 | TRANSCRIPT REQUEST by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES for proceedings held on 01/14/2022 before Judge Mark Walker, Court Reporter:Kimberly Bartholomew (Phipps) (BARTOLOMUCCI, H) (Entered: 02/11/2022) |
| 02/15/2022 | 76 | USCA Case Number 22-10448-G for 70 NOTICE OF APPEAL as to 65 Preliminary Injunction. (kdm) (Entered: 02/16/2022) |
| 02/16/2022 | 77 | TRANSCRIPT Acknowledgment - Part II re 70 Notice of Appeal, Court Reporter:Kimberly Bartholomew (mah) (Entered: 02/16/2022) |
| 02/16/2022 | 78 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 01/14/2022, before Judge Chief Judge Mark Walker. Court Reporter/Transcriber Kimberly Bartholomew, Telephone number (888) 811-3408. *Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.* Redaction Request due **2/23/2022**. Release of Transcript Restriction set for **5/24/2022**. (mah) (Entered: 02/16/2022) |
| 02/18/2022 | 79 | NOTICE of Filing Transcript (Part III) by Court Reporter in District Court - re: 70 Notice of Appeal. Court Reporter: Kimberly Bartholomew (Phipps Reporting). (kjw) (Entered: 02/18/2022) |

03/02/2022    ACTION REQUIRED BY DISTRICT JUDGE: Chambers of CHIEF JUDGE MARK E WALKER notified that action is needed Re: <u>25</u> INITIAL Scheduling Order - Joint Status Report due by 3/2/2022. (***None filed to date.***) (kdm) (Entered: 03/02/2022)

03/02/2022    RESet Deadline per <u>25</u> INITIAL SCHEDULING ORDER: Joint Status Report due by **4/2/2022**. (kdm) (Entered: 03/02/2022)

03/02/2022  <u>80</u>  STATUS REPORT / *Joint Status Report on the progress of discovery* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 03/02/2022)

03/07/2022  <u>81</u>  ERWIN ROSENBERG'S MOTION For Permissive Intervention.. (kdm) (Entered: 03/08/2022)

03/09/2022  <u>82</u>  ORDER DENYING <u>81</u> PERMISSIVE INTERVENTION. Signed by CHIEF JUDGE MARK E WALKER on 3/9/2022. The motion to intervene is DENIED without prejudice to file a separate lawsuit. Mr. Rosenburg could potentially file his complaint as a stand-alone lawsuit, but he cannot file it in this case. (kdm) (Mailed to Mr. Rosenburg at the address on his envelope.) (Entered: 03/09/2022)

04/01/2022  <u>83</u>  STATUS REPORT / *Joint Status Report* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 04/01/2022)

04/28/2022  <u>84</u>  Joint MOTION for Protective Order by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (Attachments: # <u>1</u> Exhibit Stipulation and Proposed Order Governing the Protection and Exchange of Confidential Material) (O'NEIL, DAVID) (Entered: 04/28/2022)

04/29/2022  <u>85</u>  ORDER GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL re <u>84</u> Joint MOTION for Protective Order filed by JEFFREY GOLDHAGEN, MICHAEL MCDONALD, SHARON WRIGHT AUSTIN, KENNETH B NUNN, DANIEL A SMITH, TERESA J REID signed by CHIEF JUDGE MARK E WALKER on 4/29/22. (bkp) (Entered: 04/29/2022)

| 05/02/2022 | <u>86</u> | STATUS REPORT / *Joint Status Report on the progress of discovery* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 05/02/2022) |
| --- | --- | --- |
| 05/03/2022 | | RESet Deadline per <u>25</u> INITIAL SCHEDULING ORDER: Joint Status Report due by **6/2/2022**. (kdm) (Entered: 05/03/2022) |
| 05/10/2022 | | RESet Deadline re <u>70</u> Notice of Appeal. (Clerk to check status of Appeal on **8/10/2022**.), Appeal STATUS (5/9/2022) Deadline Terminated -- Appeal still pending. (kdm) (Entered: 05/10/2022) |
| 05/19/2022 | <u>87</u> | USCA FRAP 11 REQUEST, re <u>70</u> NOTICE OF APPEAL re: USCA #22-10448-GG. Please certify that the electronic record, including transcripts and exhibits, is complete for purposes of this appeal pursuant to 11th Cir. R. 11-2. (kdm) (Entered: 05/19/2022) |
| 05/19/2022 | 88 | DOCKET ANNOTATION BY COURT: Re <u>87</u> USCA FRAP 11 REQUEST -- ***Pending the filing of the hearing transcripts related to <u>64</u> Minute Entry for proceedings held. (kdm) (Entered: 05/19/2022) |
| 06/01/2022 | <u>89</u> | (Second) USCA FRAP 11 REQUEST, re <u>70</u> NOTICE OF APPEAL re: USCA #22-10448-GG. Please certify that the electronic record, including transcripts and exhibits, is complete for purposes of this appeal pursuant to 11th Cir. R. 11-2. (kdm) (Entered: 06/02/2022) |
| 06/02/2022 | 90 | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Northern District of Florida certifies that the record is complete for purposes of this appeal re: <u>70</u> Notice of Appeal,, Appeal No. 22-10448-GG. The entire record on appeal is available electronically. (kdm) (Entered: 06/02/2022) |
| 06/02/2022 | <u>91</u> | STATUS REPORT / *Joint Status Report on the progress of discovery* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 06/02/2022) |
| 06/03/2022 | | RESet Deadline per <u>25</u> INITIAL SCHEDULING ORDER: Joint Status Report due by **7/2/2022**. (kdm) (Entered: |

06/03/2022

07/01/2022    92    STATUS REPORT *[Joint Status Report on the progress of discovery* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 07/01/2022)

07/01/2022    RESet Deadline per 25 INITIAL SCHEDULING ORDER: Joint Status Report due by **8/2/2022**. (kdm) (Entered: 07/01/2022)

07/21/2022    93    ORDER REASSIGNING CASE. Case reassigned to MAGISTRATE JUDGE HOPE T CANNON for all further proceedings. MAGISTRATE JUDGE GARY R JONES no longer assigned to case. Signed by CHIEF JUDGE MARK E WALKER on 7/14/2022. (kjw) *Please use the new judge's initials for all future filings: 1:21cv184-MW/HTC.* (Entered: 07/21/2022)

07/25/2022    94    Joint MOTION for Extension of Time to Complete Discovery *to Facilitate Settlement Discussions* by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. (Attachments: # 1 Text of Proposed Order) (BARTOLOMUCCI, H) (Entered: 07/25/2022)

07/25/2022    95    ORDER GRANTING JOINT MOTION TO EXTEND DEADLINES Re: 94 Joint MOTION for Extension of Time to Complete Discovery *to Facilitate Settlement Discussions* signed by CHIEF JUDGE MARK E WALKER on 7/25/22.( Discovery due by **9/30/2022**., Dispositive Motions to be filed by **10/21/2022**., Bench Trial set for **3/13/2023 08:30 AM** in U.S. Courthouse Gainesville before CHIEF JUDGE MARK E WALKER.) (bkp) (Entered: 07/25/2022)

08/02/2022    96    STATUS REPORT / *Joint Status Report on the progress of discovery* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 08/02/2022)

08/02/2022    RESet Deadline: per 25 INITIAL SCHEDULING ORDER: Joint Status Report due by **9/2/2022**. (kdm) (Entered: 08/02/2022)

| | | |
|---|---|---|
| 08/11/2022 | | RESet Deadline re <u>70</u> Notice of Appeal. (Clerk to check status of Appeal on **11/10/2022**.), Appeal STATUS (8/10/2022) Deadlines Terminated -- Appeal still pending. (kdm) (Entered: 08/11/2022) |
| 09/02/2022 | <u>97</u> | STATUS REPORT / *Joint Status Report on the progress of discovery* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 09/02/2022) |
| 09/06/2022 | | RESet Deadline per <u>25</u> INITIAL SCHEDULING ORDER: Joint Status Report due by **10/2/2022**. (kdm) (Entered: 09/06/2022) |
| 09/14/2022 | <u>98</u> | Joint MOTION to Extend Time by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. (Attachments: # <u>1</u> Text of Proposed Order) (BARTOLOMUCCI, H) (Entered: 09/14/2022) |
| 09/14/2022 | <u>99</u> | ORDER GRANTING JOINT MOTION TO FURTHER EXTEND DEADLINS Re: <u>98</u> Joint MOTION to Extend Time :( Discovery due by **11/14/2022**., Dispositive Motions to be filed by **12/5/2022**., Bench Trial set for **7/10/2023 08:30 AM** in U.S. Courthouse Gainesville before CHIEF JUDGE MARK E WALKER.)signed by CHIEF JUDGE MARK E WALKER on 9/14/22. (bkp) (Entered: 09/14/2022) |
| 10/03/2022 | <u>100</u> | STATUS REPORT / *Joint Status Report on the progress of discovery* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 10/03/2022) |
| 10/04/2022 | | RESet Deadline per <u>25</u> INITIAL SCHEDULING ORDER: Joint Status Report due by **11/2/2022**. (kdm) (Entered: 10/04/2022) |
| 11/02/2022 | <u>101</u> | STATUS REPORT / *Joint Status Report on the progress of discovery* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 11/02/2022) |
| 11/03/2022 | | RESet Deadline per <u>25</u> INITIAL SCHEDULING ORDER: Joint Status Report due by **12/2/2022**. (kdm) (Entered: |

11/03/2022)

| | | |
|---|---|---|
| 11/10/2022 | 102 | Joint MOTION for Extension of Time to Complete Discovery by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (Attachments: # 1 Text of Proposed Order) (O'NEIL, DAVID) (Entered: 11/10/2022) |
| 11/14/2022 | 103 | ORDER GRANTING JOINT 102 MOTION TO FURTHER EXTEND DEADLINES. ( Discovery due by **12/14/2022.**, Deadline for filing summary judgment motions is extended to **1/4/2023**). Signed by CHIEF JUDGE MARK E WALKER on 11/14/2022. The bench trial in this case will be rescheduled to a later date if the parties notify this Court that they are unable to reach a settlement. (kdm) (Entered: 11/14/2022) |
| 11/15/2022 | | RESet Deadline re 70 Notice of Appeal. (Clerk to check status of Appeal on **2/15/2023**.), Appeal STATUS (11/10 /2022) Deadline Terminated -- Appeal still pending. (kdm) (Entered: 11/15/2022) |
| 12/02/2022 | 104 | STATUS REPORT / *Joint Status Report on the progress of discovery* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 12/02/2022) |
| 12/05/2022 | | RESet Deadline: per 25 INITIAL SCHEDULING ORDER: Joint Status Report due by **1/2/2023**. (kdm) (Entered: 12/05/2022) |
| 12/28/2022 | 105 | MOTION to Dismiss / *Plaintiffs' Motion for Voluntary Dismissal Without Prejudice* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (Internal deadline for referral to judge if response not filed earlier: **1/11/2023**). (Attachments: # 1 Exhibit 1 - UF Conflicts of Interest Policy (revised 10.13.22), # 2 Text of Proposed Order) (O'NEIL, DAVID) (Entered: 12/28/2022) |
| 01/03/2023 | 106 | ORDER FOR SUPPLEMENTAL BRIEFING re: 105 MOTION to Dismiss / Plaintiffs' Motion for Voluntary Dismissal signed by CHIEF JUDGE MARK E WALKER on 1/3/23. (Plaintiff's supplemental brief due by **1/9/2023** |

|  |  | Defendant's supplemental brief due by **1/23/2023**.) (bkp) (Entered: 01/03/2023) |
|---|---|---|
| 01/05/2023 |  | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of CHIEF JUDGE MARK E WALKER notified that action is needed Re: <u>25</u> INITIAL SCHEDULING ORDER - Joint Status Report due by 1/2/2023. (***None filed to date.***) (kdm) (Entered: 01/05/2023) |
| 01/05/2023 |  | RESet Deadline:per <u>25</u> INITIAL SCHEDULING ORDER: Joint Status Report due by **2/2/2023**. (kdm) (Entered: 01/05/2023) |
| 01/05/2023 | <u>107</u> | STATUS REPORT / *Joint Status Report on the progress of discovery* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 01/05/2023) |
| 01/09/2023 | <u>108</u> | RESPONSE by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH re <u>105</u> MOTION to Dismiss / *Plaintiffs' Motion for Voluntary Dismissal Without Prejudice,* <u>106</u> Order,, Set Deadlines, *Supplemental Memorandum of Law in Further Support of Motion for Voluntary Dismissal.* (O'NEIL, DAVID) (Entered: 01/09/2023) |
| 01/12/2023 | <u>109</u> | NOTICE of Change of Address by MORGAN AMANDA DAVIS (DAVIS, MORGAN) (Entered: 01/12/2023) |
| 01/23/2023 | <u>110</u> | RESPONSE to Motion re <u>105</u> MOTION to Dismiss / *Plaintiffs' Motion for Voluntary Dismissal Without Prejudice and Supplemental Brief per Order of 1/3/23 (Doc. 106)* filed by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. (Attachments: # <u>1</u> Exhibit A: Declaration of Ryan Fuller with Exhibits) (BARTOLOMUCCI, H) (Entered: 01/23/2023) |
| 01/24/2023 | <u>111</u> | ORDER DIRECTING CLERK TO TERMINATE <u>105</u> MOTION PENDING OUTCOME OF APPEAL. Signed by CHIEF JUDGE MARK E WALKER on 1/24/2023. The Clerk shall terminate ECF No. <u>105</u> and re-gavel the motion after the appeal is either dismissed or resolved. (kdm) (Entered: 01/24/2023) |

| | | |
|---|---|---|
| 01/24/2023 | | Set Deadline per <u>111</u> ORDER DIRECTING CLERK TO TERMINATE <u>105</u> MOTION PENDING OUTCOME OF APPEAL - Miscellaneous Deadline to check status of appeal - by **3/24/2023**. (kdm) (Entered: 01/24/2023) |
| 01/26/2023 | <u>112</u> | MOTION to Withdraw as Attorney by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (WITTEMAN, KATHARINE) (Entered: 01/26/2023) |
| 01/26/2023 | <u>113</u> | ORDER GRANTING <u>112</u> MOTION TO WITHDRAW AS COUNSEL. Attorney KATHARINE MCGRATH WITTEMAN terminated. Signed by CHIEF JUDGE MARK E WALKER on 1/26/2023. The Clerk shall disconnect Katharine M. Witteman from CM/ECF in this matter. (kdm) (Entered: 01/26/2023) |
| 02/10/2023 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of CHIEF JUDGE MARK E WALKER notified that action is needed Re: <u>25</u> Initial Scheduling Order - Joint Status Report due by 2/2/2023. (***None filed to date.***) (kdm) (Entered: 02/10/2023) |
| 02/10/2023 | | RESet Deadline: per <u>25</u> INITIAL SCHEDULING ORDER: Joint Status Report due by **3/2/2023**. (kdm) (Entered: 02/10/2023) |
| 02/10/2023 | <u>114</u> | STATUS REPORT /*Joint Status Report on the progress of discovery* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 02/10/2023) |
| 02/16/2023 | | RESet Deadline re <u>70</u> Notice of Appeal. (Clerk to check status of Appeal on **5/15/2023**.), Appeal STATUS (2/15/2023) Deadline Terminated -- Appeal still pending. (kdm) (Entered: 02/16/2023) |
| 03/02/2023 | <u>115</u> | STATUS REPORT /*Joint Status Report* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 03/02/2023) |
| 03/03/2023 | | RESet Deadline per <u>25</u> INITIAL SCHEDULING ORDER: Joint Status Report due by **4/2/2023**. (kdm) (Entered: 03/03/2023) |

| | | |
|---|---|---|
| 03/20/2023 | 116 | MANDATE of USCA as to 70 Notice of Appeal. Appeal Number: 22-10448-GG.Mandate: Appellees' "Motion to Dismiss Appeal" is GRANTED. The appeal is DISMISSED AS MOOT. The district court's January 21, 2022 preliminary injunction is VACATED. The district court is DIRECTED to dismiss the case below as moot. (kdm) (Entered: 03/22/2023) |
| 03/23/2023 | 117 | ORDER VACATING 65 PRELIMINARY INJUNCTION AND SETTING DEADLINE TO FILE MOTION REGARDING ENTITLEMENT TO FEES re 116 USCA Mandate. (Motion to determine entitlement to attorneys fees due on or before **4/6/2023**). Signed by CHIEF JUDGE MARK E WALKER on 3/23/2023. Pursuant to the directive of the Eleventh Circuit, this case is DISMISSED as moot. The Clerk shall enter judgment stating, "Plaintiffs' claims are DISMISSED as moot." The Clerk shall not close the file, however, until this Court resolves any claim for attorneys fees. If this Court determines Plaintiffs are entitled to any attorney's fees, this Court will set a separate briefing schedule as to amount at a later date. (kdm) (Entered: 03/23/2023) |
| 03/23/2023 | 118 | CLERK'S JUDGMENT re 117 ORDER VACATING 65 PRELIMINARY INJUNCTION AND SETTING DEADLINE TO FILE MOTION REGARDING ENTITLEMENT TO FEES. (kdm) (Entered: 03/23/2023) |
| 04/06/2023 | 119 | MOTION for Attorney Fees by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 04/06/2023) |
| 04/06/2023 | 120 | AFFIDAVIT in Support re 119 MOTION for Attorney Fees /DECLARATION in Support filed by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (Attachments: # 1 Exhibit A March 7, 2022 Notice of Telephone Mediation, # 2 Exhibit B May 9, 2022 Email between the Parties) (DAVIS, MORGAN) (Entered: 04/06/2023) |
| 04/06/2023 | 121 | BILL OF COSTS by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (Attachments: # 1 Exhibit Bill of Costs Documentation) (O'NEIL, DAVID) |

(Entered: 04/06/2023)

| 04/06/2023 | | Set Deadlines as to <u>119</u> MOTION for Attorney Fees . (Internal deadline for referral to judge if response not filed earlier: **4/20/2023**). (bkp) (Entered: 04/18/2023) |
|---|---|---|
| 04/20/2023 | <u>122</u> | RESPONSE in Opposition re <u>119</u> MOTION for Attorney Fees filed by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. (Attachments: # <u>1</u> Exhibit A: Declaration of Ryan Fuller with Exhibits, # <u>2</u> Exhibit B:Kinnard Mediation Ctr) (BARTOLOMUCCI, H) (Entered: 04/20/2023) |
| 04/21/2023 | <u>123</u> | ORDER GRANTING LEAVE TO FILE A REPLY re <u>122</u> RESPONSE in Opposition re <u>119</u> MOTION for Attorney Fees. (Plaintiffs are permitted to file a reply on or before **5/1/2023**). Signed by CHIEF JUDGE MARK E WALKER on 4/21/2023. (kdm) (Entered: 04/21/2023) |
| 05/01/2023 | <u>124</u> | REPLY to Response to Motion re <u>119</u> MOTION for Attorney Fees / *Reply in Support of Motion for Attorneys Fees and Costs* filed by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 05/01/2023) |
| 05/09/2023 | <u>125</u> | ORDER FOR SUPPLEMENTAL BRIEFING re <u>119</u> MOTION for Attorney Fees. ( Parties' supplemental briefs are due on or before **5/16/2023**). Signed by CHIEF JUDGE MARK E WALKER on 5/9/2023. (kdm) (Entered: 05/09/2023) |
| 05/16/2023 | <u>126</u> | MEMORANDUM in Support re <u>119</u> MOTION for Attorney Fees / *Plaintiffs' Supplemental Briefing in Support of Motion for Attorneys' Fees and Costs* filed by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 05/16/2023) |
| 05/16/2023 | <u>127</u> | RESPONSE to Motion re <u>119</u> MOTION for Attorney Fees *Supplemental Brief per Order of 5/9/23 (Doc. 125)* filed by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. (Attachments: # <u>1</u> Exhibit A: Declaration of Ryan Fuller) (BARTOLOMUCCI, H) (Entered: 05/16/2023) |
| 05/24/2023 | <u>128</u> | ORDER GRANTING <u>119</u> MOTION TO DETERMINE ENTITLEMENT TO ATTORNEYS FEES AND COSTS. |

(Plaintiffs shall file their motion to determine the amount of fees and supporting materials on or before Friday **6/23/2023**. Defendants' filing in opposition is due no later than 30 days after Plaintiffs file their motionor Monday **7/24/2023** if Plaintiffs do not file a motion until the deadline set by this Order ). Signed by CHIEF JUDGE MARK E WALKER on 5/24/2023. (kdm) (Entered: 05/24/2023)

| | | |
|---|---|---|
| 06/06/2023 | 129 | MOTION to Withdraw as Attorney by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (ROSH, SAMUEL) (Entered: 06/06/2023) |
| 06/07/2023 | 130 | ORDER GRANTING 129 MOTION TO WITHDRAW AS COUNSEL Attorney SAMUEL JACK ROSH terminated. Signed by CHIEF JUDGE MARK E WALKER on 6/7/2023. The Clerk shall disconnect Samuel Rosh from CM/ECF in this matter. (kdm) (Entered: 06/07/2023) |
| 06/23/2023 | 131 | MOTION for Attorney Fees *with memorandum of law* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (Attachments: # 1 Affidavit Declaration of David A. O'Neil, # 2 Exhibit A Debevoise Timesheet, # 3 Affidavit /Declaration of Archiblad Thomas) (O'NEIL, DAVID) (Entered: 06/23/2023) |
| 06/23/2023 | 132 | AFFIDAVIT in Support re 131 MOTION for Attorney Fees *with memorandum of law /Declaration of Paul A. Donnelly* filed by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (Attachments: # 1 Exhibit A Donnelly Timesheet, # 2 Exhibit B Litigation Expenses) (DONNELLY, PAUL) (Entered: 06/23/2023) |
| 07/24/2023 | 133 | RESPONSE in Opposition re 131 MOTION for Attorney Fees *with memorandum of law* filed by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. (BARTOLOMUCCI, H) (Entered: 07/24/2023) |
| 07/27/2023 | 134 | ORDER GRANTING LEAVE TO FILE A REPLY re 131 MOTION for Attorney Fees. Although Plaintiffs are not required to file a reply, this Court grants leave for them to do so by **8/4/2023**. Signed by CHIEF JUDGE MARK E |

WALKER on 7/27/2023. (atm) (Entered: 07/27/2023)

| 08/04/2023 | 135 | REPLY to Response to Motion re 131 MOTION for Attorney Fees *with memorandum of law* filed by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (O'NEIL, DAVID) (Entered: 08/04/2023) |
|---|---|---|
| 08/07/2023 | 136 | NOTICE *Pursuant to N.D. Fla. Local Rule 54.1(G)* by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH re 131 MOTION for Attorney Fees *with memorandum of law* (O'NEIL, DAVID) (Entered: 08/07/2023) |
| 09/05/2023 | 137 | MOTION to Withdraw as Attorney by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (SWAIN, ALEXANDRA) (Entered: 09/05/2023) |
| 09/05/2023 | 138 | ORDER GRANTING 137 MOTION TO WITHDRAW. Attorney ALEXANDRA P SWAIN terminated. Signed by CHIEF JUDGE MARK E WALKER on 9/5/2023. The Clerk shall disconnect Ms. Swain from EM/ECF in this matter. (kdm) (Entered: 09/05/2023) |
| 09/22/2023 | 139 | ORDER FOR UPDATED TIME RECORDS re 135 Reply. (Plaintiffs must file their updated time records with this Court on or before Monday, **10/2/2023**). Signed by CHIEF JUDGE MARK E WALKER on 9/22/2023. (kdm) (Entered: 09/22/2023) |
| 10/02/2023 | 140 | ATTORNEY TIME RECORDS by SHARON WRIGHT AUSTIN, JEFFREY GOLDHAGEN, MICHAEL MCDONALD, KENNETH B NUNN, TERESA J REID, DANIEL A SMITH. (Attachments: # 1 Exhibit A Revised Debevoise Time Sheet, # 2 Exhibit B Revised Donnelly Time Sheet, # 3 Exhibit C Debevoise Previous Time Sheet Highlighted, # 4 Exhibit D Donnelly Previous Time Sheet Highlighted) (O'NEIL, DAVID) (Entered: 10/02/2023) |
| 11/09/2023 | 141 | ORDER ON PLAINTIFFS' 131 MOTION TO DETERMINE THE AMOUNT OF ATTORNEYS' FEES AND EXPENSES granting in part and denying in part 131 Motion - Plaintiffs' request for $286.54 in litigation expenses is DENIED. The Clerk shall enter a fee and cost judgment stating, |

"Plaintiffs are entitled to judgment against Defendants in the amount of $372,219.75 in attorneys' fees and $1,575.45 in costs, for a total judgment amount of $373,795.20, for which sum let execution issue." The Clerk shall close the file. Signed by CHIEF JUDGE MARK E WALKER on 11/9/2023. (vkm) (Entered: 11/09/2023)

11/09/2023    142    CLERK'S JUDGMENT re 141 ORDER ON PLAINTIFFS' 131 MOTION TO DETERMINE THE AMOUNT OF ATTORNEYS' FEES AND EXPENSES (vkm) (Entered: 11/09/2023)

11/14/2023    143    NOTICE OF APPEAL as to 142 Clerk's Judgment, 141 Order on Motion for Attorney Fees,, 128 Order,,, Set Deadlines/Hearings,, by W KENT FUCHS, JOSEPH GLOVER, LAURA ROSENBURY, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES. ( (Filing fee $ 505.) (BARTOLOMUCCI, H) (Entered: 11/14/2023)